# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT MENENDEZ,<br>NADINE MENENDEZ,<br>   a/k/a "Nadine Arslanian,"<br>WAEL HANA,<br>   a/k/a "Will Hana,"<br>JOSE URIBE, and<br>FRED DAIBES,<br><br>                  *Defendants.* | Protective Order<br><br>23 Cr. 490 (SHS) |

Upon the application of the United States of America, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is

08.02.2023

not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Protected Material.** Certain of the Government's Disclosure Material, referred to herein as "Protected Material," contains information that (i) affects the privacy and confidentiality of third parties, (ii) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, (iii) may reveal trade secrets or other information that may cause financial loss or other harm to a business entity, (iv) could jeopardize the Government's ongoing criminal investigation, or (v) otherwise implicates the privacy of other individuals and/or non-public federal, state, or local governmental matters.  Disclosure Material that includes a Bates or otherwise is identified on the document or any accompanying discovery index or other written communication by the Government as "Protected Material" or "Protected" shall be deemed "Protected Material."

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a substantial risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations.  Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Protected Material.  Material may be designated "Attorney's Possession Only" or "APO" only upon a good faith belief by the

Government that designation as Protected Material provides insufficient protection to such material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case are of such a highly sensitive nature that they present a risk of seriously affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Protected Material.  Materials may be designated "Attorney's Eyes Only" or "AEO" only upon a good faith belief by the Government that designation as Protected Material or Attorney's Possession Only provides insufficient protection to such material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Protected Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post or cause to be posted any Protected Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Protected Material to the media.

3

08.02.2023

6. Protected Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant they represent;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

7. With leave of the Court, and subject also to the restrictions under Paragraph 15, defense counsel may disclose Protected Material to other persons not specified in Paragraph 6 whose access to the Protected Material defense counsel in good faith determines is necessary in order for defense counsel to defend this action. The defense may make such application *ex parte*, for good cause shown, but in such application must identify with specificity the Protected Material to be disclosed and the person to whom it needs to be disclosed by name along with the person's current employer (if any), nationality, and current or prior affiliation, official or unofficial, with any foreign government or instrumentality thereof. Absent express authorization supported by a specific showing of good cause, any such disclosure authorized by the Court will provide that the material shall not be possessed by any person who would not otherwise have authority to possess it under the terms of this order. Any authorization under this paragraph shall not change the designation of the Protected Material under this order.

8. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendant's counsel and

any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

9. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

## Other Provisions

10. This Order does not prevent the disclosure of any Protected Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

11. The Government's designation of material will be controlling absent contrary order of the Court.  The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court, at which time the Government must establish good cause for the designation.  Defense counsel may, however, in the good faith exercise of his or her judgment, apply to the Court for *ex parte* relief from the provisions of this Order if he or she determines that notice to the Government of the relief being sought may unfairly prejudice his or her client's defense in this action.  The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Protected Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. Protected Material, except for Protected Material that has been made part of the record of this case, shall be returned to the Government or securely destroyed or deleted, including any ESI, within 30 days of the End of the Case; subject to defense counsel's professional obligations For purposes of this paragraph, "End of the Case" shall mean the last of (i) the dates on which the time periods for filing any appeal, petition for certiorari, or motion for relief under Section 2255 have expired and (ii) the dates on which any such appeal, petition for certiorari or motion for relief has been resolved. If Protected Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials at the End of the Case.

14. **Defendant's Material.** This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to or was in the lawful possession, custody, or control of any defendant.

15. **Foreign Disclosure.** The defense shall not provide any ~~Protected~~ APO or AEO Material to any foreign persons or entities (*i.e.*, any individual or entity that is not a United States citizen, a permanent resident alien, or an entity organized under the laws of the United States or any jurisdiction within the United States), except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis. The defense may make such application *ex parte*, for good cause shown, but in such

application must identify with specificity the ~~Protected~~ APO or AEO Material to be disclosed and the person to whom it needs to be disclosed by name along with the person's current employer (if any), nationality, and current or prior affiliation, official or unofficial, with any foreign government or instrumentality thereof. Absent express authorization supported by a specific showing of good cause, any such disclosure authorized by the Court will provide that the material shall not be possessed by any foreign person other than a person for whose conduct defense counsel is responsible. Any authorization under this paragraph shall not change the designation of the ~~Protected~~ APO or AEO Material under this order.

### **Retention of Jurisdiction**

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
       October __, 2023

                                              _____
                                              THE HONORABLE SIDNEY H. STEIN
                                              UNITED STATES DISTRICT JUDGE