

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2023

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Robert Menendez, et. al**,*
               **23 Cr. 490 (SHS)**

Dear Judge Stein:

The Government respectfully writes in response to the defendants' letter of yesterday, October 5, 2023, in the above-captioned matter (Dkt. No. 47 ("Defs. Ltr.")), requesting multiple revisions to the proposed protective order submitted by the Government on October 4, 2023 (Dkt. No. 45-1). The defendants' proposed revisions go beyond standard orders in this district, are problematic in multiple ways given the nature of this case, and would substantially slow down the Government's production of discovery and/or lead to additional, unnecessary litigation. The proposed revisions should be rejected and the Government's proposed order should be entered.

      **I.**      **The Defendants' Proposed Revisions to Paragraph 11**

The defendants propose two additions to paragraph 11, although their letter appears only to note and argue for the first such proposed addition. The Government responds to each of these two proposed additions to paragraph 11 in turn.

            A.    The Proposed Revision Regarding The Government's Burden

The defendants propose the following addition to the second sentence of paragraph 11, with proposed addition in italics: "The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court, *at which time the Government must establish good cause for the designation*." The Court should decline to accept this proposed addition. As the defendants appear to acknowledge, while language similar

Honorable Sidney H. Stein
October 6, 2023
Page 2

to the foregoing has appeared in certain prior orders in this district, it has not appeared in all, and it is not in the standard protective order used by the Government and entered into by multiple courts. This is for good reasons, which have particular force here.

As an initial matter, while the Government agrees that it has the burden to establish that a protective order is warranted, the Government does not agree that it always has the burden to establish good cause on a document-by-document basis. Such a requirement is not practicable, meaningful, or fair in this case, given, among other things, the volume and nature of materials at issue, and that "good cause" with respect to a particular document may require weighing arguments proffered by the defendants, including, as contemplated by the proposed protective order—and at the defendants' request—arguments made *ex parte*. *See United States v. Ramirez*, No. 21 Cr. 41 (AJN), 2021 WL 914457, at *1 (S.D.N.Y. Mar. 10, 2021) (stating "[t]he Government has shown good cause for its proposed protective order," without a document-by-document analysis) (cited at Defs. Ltr. 2); *see also, e.g.*, *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) ("Protective orders come in all shapes and sizes, from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need." (internal quotation marks omitted)); *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) ("In cases of unusual scope and complexity . . . broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause.").

To be sure, the Government does not dispute that the pertinent *standard* is good cause, but who bears the *burden* when a particular document—designated in good faith under an appropriate protective order—is later challenged is a different question. And as a general matter, the law is that a movant bears the burden when seeking relief from a court. This makes eminent sense, particularly when the challenge rests on an assertion about the movant's desire to use sensitive material provided by another party in a particular way in litigation.

Second, and in any event, the defendant's proposed sentence is at least ambiguous as to whether the Government is required to establish good cause in a public document and/or open proceeding. Federal Rule of Criminal Procedure 16(d)(1) permits the Government to proceed *ex parte* and under seal where appropriate. Given the nature of the allegations and materials in this case, which involve, among other things, interactions with a foreign government, non-U.S. persons, and intelligence and/or military matters, it is essential that the Government be permitted to proceed *ex parte* and under seal where appropriate.

Third, the Government intends to produce in discovery a substantial volume of materials not required to be produced under Rule 16 or otherwise at this time in order to go above and beyond its discovery obligations. Yet under the defendants' proposal, the Government, having produced more than is required, nevertheless has the burden to demonstrate, on a document-by-document basis, that such materials should be protected against broad or public dissemination. Such a requirement is neither necessary nor appropriate, and it would also likely lead to repeated and time-consuming litigation.

Honorable Sidney H. Stein
October 6, 2023
Page 3

For all of these reasons, the Court should decline to accept the defendants' first proposed addition.

### B. The Proposed Revision Regarding The Defense Proceeding *Ex Parte*

Without explaining why the Court should accept their second proposal, the defendants also propose that the Court add the following new sentence to paragraph 11: "Defense counsel may, however, in the good faith exercise of his or her judgment, apply to the Court for *ex parte* relief from the provisions of this Order if he or she determines that notice to the Government of the relief being sought may unfairly prejudice his or her client's defense in this action." To the extent that this new proposed sentence is intended to permit the defendants to apply for authorization, on an *ex parte* basis, to disclose otherwise-protected material to particular persons outside of the categories of persons to whom it is permitted under paragraph 6 (such as prospective witnesses and individuals for which defense counsel is responsible), it is unnecessary. Paragraph 7, which was specifically added by the Government in response to the defendants' expressed concerns during discussions, already provides a procedure for seeking such authorization for individuals not included in paragraph 6. However, unlike paragraph 7, the defendants' proposed new sentence does not require the defendants to provide particular information, does not limit how the material may be used, and, it appears, could lead to wholesale de-designation of materials, without the Government knowing there has been a de-designation. This would appear to result in materials being provided not just to particular persons for particular reasons at a particular time (as permitted by paragraph 7), but to anyone for any purpose, or even to the public, without limitations or further order of the Court. The defendants' letter does not explain the purpose, much less necessity, of this new proposed sentence, which goes far beyond the structured and balanced process to which the parties agreed in paragraph 7. It should be rejected.

### II.     The Defendants' Proposed Revision to Paragraph 15

The defendants also propose to substantially narrow paragraph 15, which governs the disclosure of materials to foreign persons for which defense counsel is not responsible.[1] This narrowing is particularly problematic in this case. The defendants assert that there is no need for a broader restriction, because the Government can designate materials as Attorney's Possession Only ("APO") or Attorney's Eyes Only ("AEO"), in which case the provisions of paragraph 15, as revised by the defendants, would still apply. Defs. Ltr. 3. This assertion ignores that while there are materials that are so sensitive that they properly belong in one of these categories, there are a host of other materials that may be possessed by the defendants, but still should not be disclosed to foreign persons for which defense counsel is not responsible. This is particularly true as to foreign persons who may be affiliated with a foreign government, on foreign soil, or are otherwise outside of the jurisdiction of this Court or immune from legal process.

Indeed, if this proposal were adopted, the only way for the Government to protect against the serious national security or other significant risks attendant to such disclosure to foreign

---

[1] To the extent defense counsel is responsible for any foreign persons, paragraph 15 is not applicable, and the regular terms of the protective order apply to disclosure to those people.

Honorable Sidney H. Stein
October 6, 2023
Page 4

persons would be to designate more materials as APO or AEO. However, that would invariably lead to divisive and time-consuming litigation—because the Government otherwise would have no objection to the materials being in the defendants' possession, but could not authorize that without necessarily agreeing to far greater dissemination of the same materials to foreign persons.

Nor is the defendants' proposal necessary to ensure that, where warranted, they can disclose materials to foreign persons covered by paragraph 15, because, as described above, paragraph 7 permits them to seek authorization from the Court, including *ex parte*, if the parties cannot agree to a disclosure. The defendants do not explain why this is not more than sufficient to protect their rights.

Finally, although the defendants' proposal can and should be denied for the foregoing reasons, it bears noting that, as the Government explained when conferring with defense counsel, the practical effect of such a revision would be to delay discovery substantially. If the defendants' proposal were accepted, the Government would likely have to reprocess and restamp a production numbering in the millions of pages that is already being prepared by the Government's discovery vendor. The Government would likely also have to confer further with multiple agencies that are not part of the prosecution team regarding the risks of producing materials to foreign persons. While a delay in the production of discovery or the Government being required to do extra work are not alone reasons not to include a provision in a protective order that is necessary, here—where this nonstandard proposal is not necessary to accommodate any legitimate interest of the defendants—the delay and burden this proposed revision would cause weighs heavily against accepting it.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:   s/ Daniel C. Richenthal
    Eli J. Mark
    Paul M. Monteleoni
    Daniel C. Richenthal
    Lara Pomerantz
    Assistant United States Attorneys
    (212) 637-2431/2219/2109/2243

cc:   (by ECF)

    Counsel of Record