

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 26, 2023

**BY ECF AND EMAIL**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et. al*,
                S1 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in response to the defendants' joint motion for an adjournment of trial and for the scheduling of a second round of pretrial motions on an extended schedule. (Dkt. 105). For the reasons set forth below, this relief is unwarranted.[1]

      The well-considered schedule set by the Court at the October 2, 2023 initial conference, to which no party objected, was appropriate and should be adhered to. At the initial conference, the Court heard the Government's estimate that discovery would be voluminous (Tr., Oct. 2, 2023, at 5-9), heard defense arguments that more time to prepare for trial would be preferable (Tr., Oct. 2, 2023, at 13-16), and set a May 6, 2024 trial date and commensurate pretrial deadlines (Tr., Oct. 2, 2023, at 21-23). Although the schedule ordered by the Court provided all parties less time than they would have preferred—for example, the Government's scheduled time to substantially complete discovery was just over half of the amount of time the Government had requested (Tr., Oct. 2, 2023, at 7, 21)—the schedule was and remains reasonable, and in accord with the strong public interest in a speedy trial.

      Nothing in the defendants' request for an adjournment, made more than two months after the schedule was set, justifies a material deviation from this considered schedule. Of course, the

---

[1] The defendants' motion also requested a one-week adjournment of the pretrial motion deadline, which the Government did not oppose and which the Court granted, along with a commensurate extension to the Government's response deadline.

discovery that has been produced is voluminous, but it is also entirely consistent with the Government's estimates provided at the initial conference (Tr., Oct. 2, 2023, at 5-9) and does not provide a reason to deviate from the schedule set then and upon which the parties have, until now, relied.[2]

The defendants' complaints about the mode and timing of the Government's productions of discovery are similarly ill-founded. Discovery was substantially complete by December 4, 2023, the deadline set by the Court. Going forward, as is common in almost every prosecution in this district, the Government expects there will be some additional comparatively small productions, for a variety of reasons, including because certain material the Government has requires extra steps, such as obtaining authorization from the Court or from other government bodies, to produce, and because this investigation is ongoing and the Government is gathering additional information.

Contrary to the defendants' suggestion, the Government has taken great pains to organize the discovery and to assist counsel's review of it. In particular, the Government has:

- produced the discovery in database load-ready format when practicable (Tr., Oct. 2, 2023, at 5-6);

- produced a detailed, text-searchable index identifying the material by control number range with reasonable specificity, including indicating where search warrant affidavits are located and where Section 2703(d) applications are located, and to what particular accounts or property these or other legal process pertain (attached hereto as Exhibit A);[3]

- as discussed at the initial conference and again at the arraignment on the S1 superseding indictment, prioritized the prompt production of search warrant affidavits and included them in the initial production that was made the same day the protective order was signed (Tr., Oct. 2, 2023, at 5; Tr., Oct. 18, 2023, at 5; Ex. A at 2-3, 2023.10.06 Production 1 lines 53-70, 80-82);[4]

---

[2] As the defendants acknowledge in their letter of yesterday (Dkt. 110), the initial 735-terabyte figure they provided for the volume of discovery was erroneous, although as noted above the correct figure is still substantial.

[3] Because the index is itself Protected under the protective order entered in this case, it is filed under seal pursuant to Paragraph 6 of that order. (*See* Dkt. 55 ¶ 6).

[4] The search warrant affidavits, of course, are not only relevant to potential suppression motions but also identify material the Government considered sufficiently relevant at the time to cite in support of probable cause. Moreover, the Government in this case included in these affidavits a broad range of information, beyond that legally required, including that which could be argued to be in tension with or qualifying certain inferences to be drawn from the evidence cited, and that is accordingly likely of further assistance to the defense.

- identified at the arraignment on the S1 superseding indictment the Government's third production as containing particularly significant materials for the defendants to review (Tr., Oct. 18, 2023, at 6);

- at the defense's request, provided a redacted search warrant affidavit with a lower Protective Order designation to facilitate defense counsel's discussion of its contents with the defendants (*see* Ex. A at 4, 2023.10.20 Production 4 line 1);

- provided a glossary of certain individuals, entities, and locations referenced in the S1 superseding indictment (*see* Ex. A at 4, 2023.10.20 Production 4 line 2);

- repeatedly offered to answer any questions the defense may have concerning where to find materials in discovery; and

- promptly responded to inquiries from defense counsel's discovery vendor regarding the technical operability of various files produced in discovery.

In sum, far from being deficient, the timing, mode, and organization of the Government's discovery production has reflected the Government's extensive good-faith efforts to facilitate the defense's efficient review of the materials provided.

The defendants also claim that the Government has not made a "single *Brady* disclosure" in this case (Dkt. 105 at 2), but this claim appears to rest entirely on the proposition that the Government has an affirmative obligation to itemize information within its discovery productions that a defendant might find helpful. That is not the law. *See, e.g.*, *United States v. Shea*, No. 20 Cr. 412 (AT), 2022 WL 1443918, at *2 (S.D.N.Y. May 6, 2022); *United States v. Pham*, No. 12 Cr. 423 (AJN), 2022 WL 993119, at *14 (S.D.N.Y. Apr. 1, 2022); *United States v. Faux*, No. 14 Cr. 28 (SRU), 2015 WL 1190105, at *7 (D. Conn. Mar. 15, 2015); *United States v. Ohle*, No. S3 08 Cr. 1109 (JSR), 2011 WL 651849, at *4 & n.3 (S.D.N.Y. Feb. 7, 2011), *aff'd*, 441 F. App'x 798 (2d Cir. 2011). Rather, "[a]s a general matter, in our adversarial system, it is incumbent on the defense to review the discovery for itself to determine its significance; it is not the role of the government to tell the defense everything that is important and why." *United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 3168250, at *9 (S.D.N.Y. July 27, 2021); *see also*, *e.g.*, *United States v. Healey*, 860 F. Supp. 2d 262, 269 (S.D.N.Y. 2012) ("In the *Brady* context, the Government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence, even when that larger mass is enormous[.]"); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 825 F. Supp. 2d 451, 457 (S.D.N.Y. 2011) ("The government is under no general obligation to identify or sort *Brady* material within even an extremely voluminous disclosure[.]").

To the extent that the defendants may be complaining that the Government has not yet disclosed the substance of any potential witness statements, such disclosure is not required this far in advance of trial, *see* 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2). As the Government informed counsel for one of the defendants recently in response to an inquiry, however, the Government is, as a courtesy in order to assist counsel in the preparation of their defenses, assembling additional

information concerning certain witness statements and/or related information, and expects to produce that information this month.[5]

The defendants' other assertions regarding the amount of time they allegedly need—such as their desire to take unspecified investigative steps, their plan to file a challenge to the sufficiency of the indictment, their desire to mount a constitutional challenge to a federal criminal statute, and their plan to file suppression motions—are not unique to this case and do not justify a multiple-month adjournment. Moreover, these assertions appear to be mooted, at least in large part, by the Court's granting of the defendants' requested extension of time to file motions. And the defendants' desire to take unspecified investigative steps certainly can be accommodated within a schedule where the Government's production of discovery materials was substantially completed over six months before trial.

The defendants also suggest that an adjournment of trial is necessary in light of expected litigation and/or discovery under the Classified Information Procedures Act ("CIPA"). But the expectation of such litigation and/or discovery was previously discussed with the Court and the defendants, and for the reasons previously described, including at the CIPA Section 2 conference, the schedule set by the Court need not be adjusted to account for CIPA litigation.

Finally, irrespective of whether the Court grants the defendants' request for an adjournment of the trial, the defendants' request for a bifurcated motion schedule should be denied. As an initial matter, such a schedule, while styled by the defendants as a separate request, would all but necessitate an adjournment of trial. In any event, the defendants' proposed schedule adding an extra round of briefing would be highly inefficient and is unwarranted on the record of this case. By the time of the now-extended motion deadline, on January 15, 2024, the defendants will have had: (a) the search warrants and affidavits for well over three months (since October 6) (Ex. A at 2-3, 2023.10.06 Production 1 lines 53-70, 80-82); (b) a specially selected warrant affidavit redesignated under the Protective Order based on the defense's request for almost three months (since October 20) (*see* Ex. A at 4, 2023.10.20 Production 4 line 1); (c) a particularly significant production, so identified by the Government at a conference, of responsive material from the search warrants for almost three months (since October 17) (*see* Ex. A at 3-4, 2023.10.17 Production 3 lines 1-25); and (d) a substantially complete discovery production for over a month (since December 4) (*see* Ex. A).

In short, if there were a right to have multiple months to digest discovery prior to filing motions, as the defendants appear to suggest, practice in this district would look quite different. The current schedule set by the Court is expedited, but reasonable. The defendants should be required to proceed on that schedule, as the Government has, to vindicate the public's interest in a speedy trial of this matter. To be sure, there may come times when one or another party has a

---

[5] Even to the extent any of this information to be disclosed could be deemed to be required to be produced prior to the production of material covered by Section 3500, the information is small in volume, especially compared to the productions of discovery to date.

Honorable Sidney H. Stein
December 26, 2023
Page 5

specific basis for a particular deadline to be adjusted, but there is no satisfactory justification for the wholesale shift and elongated schedule that the defendants now seek.

      For the foregoing reasons, the outstanding portion of the defendants' request for an adjournment should be denied.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By:   s/ Paul M. Monteleoni
      Eli J. Mark
      Paul M. Monteleoni
      Daniel C. Richenthal
      Lara Pomerantz
      Assistant United States Attorneys
      (212) 637-2431/2219/2109/2243

Enclosure

cc:   (by ECF)

      Counsel of Record