

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 6, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Robert Menendez, et. al*,
             S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in response to defendant Robert Menendez's March 5, 2024 letter motion (Dkt. 236 ("Def. Ltr. Mot.")), joined by co-defendants Nadine Menendez, Wael Hana, and Fred Daibes, in which he asks for a conference to discuss a schedule for pretrial disclosures. While the Government is available at the Court's convenience for a conference if the Court wishes to hold one, the Government believes that discussions among the parties are likely to be more productive, and a schedule most efficiently reached, if the Court first resolves the principal dispute between the defendant and the Government, which has put the parties at an impasse. Specifically, the parties disagree about whether the Government should be required to make substantial pretrial disclosures, and all parties be required to submit voluminous motions *in limine*, in advance of the Court's ruling on Menendez's motions based on the Speech or Debate Clause and the separation of powers, and a likely interlocutory appeal therefrom. Accordingly, the Government requests that the Court order that certain disclosures and filings, set forth below, be due on the later of (i) a date certain to be negotiated by the parties, or (ii) 15 days after the Court's decision resolving Menendez's motions based on the Speech or Debate Clause and the separation of powers.[1]

---

[1] Earlier this evening, defendant Wael Hana filed a separate letter motion seeking a conference (Dkt. 240 ("Hana Ltr. Mot.")). The Government is still reviewing that letter, and will respond separately to the extent warranted, but briefly notes that it appears to rest on multiple misstatements or mischaracterizations regarding the record, particularly with respect to discovery. For example, the letter suggests that Government delay resulted in "a classified protective order [being] only entered yesterday" (Hana Ltr. Mot. 1 n.1), when, in fact, the Government provided the proposed protective order to the defendants on February 9, none responded in any way, and the Government then provided the proposed protective order to the Court on February 26 (Dkt. 208), at which point Menendez asked for the Court to delay entry of

Honorable Sidney H. Stein
March 6, 2024
Page 2

I.    **The Government's Position**

As an initial matter, the defendant does not accurately describe the Government's position. As the Government has repeatedly stated, including in writing (Dkt. 196), and during a recent telephone call with defense counsel on March 4, 2024, while the Government's proposed schedule is reasonable and in line with that set in comparable cases, the Government remains amenable to discussing alternative proposals. (*Cf.* Def. Ltr. 2 ("the government's position is that it should be permitted to withhold 3500 Material and its witness and exhibit lists until two weeks before trial").) Indeed, in response to the parties conferring to date, the Government adjusted its proposed schedule to include earlier dates for certain Government disclosures. The defendants' changes to their position, by contrast, have been mixed. They are still seeking an extremely early production for 3500 material that would call for it to be produced tomorrow. And their second proposal has accelerated, by several weeks, their demand for Government exhibits as compared to their first proposal. Notwithstanding this approach by the defendants, the Government stands ready to confer further.

However, as the Government has also stated repeatedly, any schedule should involve *mutual* disclosures. Yet the defendants, who have not produced reciprocal discovery, now appear to propose that they receive all 3500 material, all *Giglio* material, and all Government exhibits tomorrow—but not produce any of their own exhibits, or any witness list or witness statements, until substantially later, and likely after an interlocutory appeal, thus in essence to an unknown date. (*See* Def. Ltr. 1-2.)[2] *See generally Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.").

Of particular importance to the Government—in the interest of both fairness and efficiency—is avoiding a situation where extensive pretrial disclosures, time-consuming briefing, and other pretrial filings become due prior to the seeking of an interlocutory appeal. Any such appeal is likely to substantially affect the trial date (even on an expedited schedule, were the Second Circuit to grant one) and, depending on its resolution on the merits, also affect the contours of the case and potentially necessitate another round of pretrial filings and motions. Accordingly, the Government proposed that (a) its production of exhibit and witness lists, and materials under 18 U.S.C. § 3500, (b) all parties' motions *in limine*, and (c) all parties' proposed requests to charge and filings related to *voir dire*, each be due at the later of (i) a specific date depending on the deadline, or (ii) 15 days after a ruling by this Court resolving Menendez's Speech or Debate claims.

---

the order until the following week. The letter also states that "multiple counsel are still awaiting conclusion of their background checks" (*id.*), but omits that, as reflected in the order, at least one counsel for every defendant has clearance. Moreover, with respect to those counsel of Hana who do not yet have clearance, the Government understands from the Classified Information Security Officer that these counsel did not initially submit complete applications for a security clearance, and did not complete them for multiple months.

[2] While not described in his letter, the defendant has proposed to the Government that defense exhibits sought to be introduced in the Government's case-in-chief be due on April 29, or one week before the start of trial (and more than seven weeks after the date he has demanded Government exhibits, witness list, and Section 3500 material be due, which is tomorrow), and defense witness lists, Rule 26.2 disclosures, and defense exhibits to be used in the defense case, if any, be due 7 days before the beginning of the anticipated defense case, *i.e.*, during trial.

Honorable Sidney H. Stein
March 6, 2024
Page 3

Notably, the Government proposed this structure only for certain pretrial deadlines that would cause significant inequity or inefficiency if they fell before an appeal. By contrast, the Government proposed to the defendants that expert disclosures, Rule 404(b) notices, and notices of certain defenses be due at earlier dates and regardless of the timing of the Court's disposition of any motion.

The Government's proposed structure responds to the core reality that, unlike in many cases, the prospect that a party may seek an interlocutory appeal from the Court's resolution of the Speech or Debate claims (and related issues regarding the separation of powers) is quite real.[3] And although any interlocutory appeal may theoretically be expedited, and there is a possibility that other aspects of the case could proceed during its pendency, the likely effect of an interlocutory appeal would be to substantially delay the trial. If the defendant's position were accepted, such a delay would result in pretrial disclosures and filings that are made inefficiently, and inequitably, far in advance of trial. And, in the event that no appeal is taken, the Government expects that parties still will be able to make pretrial disclosures and file motions *in limine*, requests to charge, and proposed *voir dire* sufficiently in advance of the scheduled May 6 trial date.

The defendant, joined by the co-defendants on his motion, has expressed an unwillingness to agree to such a structure, or anything akin to such a structure, leading the parties to an impasse.

The Government therefore requests that the Court order that (a) the Government's production of exhibit and witness lists, (b) all parties' motions *in limine*, and (c) all parties' proposed requests to charge and filings related to *voir dire*, each be due at the later of (i) dates agreed to by the parties, or (ii) 15 days after a ruling by the Court resolving Menendez's claims under the Speech or Debate Clause and the separation of powers. Should the Court order this proposal, the Government would treat 3500 material, which the Court lacks the authority to order early, in the same manner. If the Court enters such an order, further discussions with the defendants are more likely to be fruitful and to result in fewer, if any, additional disputes on pretrial deadlines for the Court to resolve.

## II.     The Defendant's Position

To the extent that the Court reaches the merits of the defendant's requests at this time, rather than enter an order along the lines described above, it should deny the defendant's requests. With respect to his request for substantially early production of 3500 materials, the Court lacks authority to grant such a request. *See, e.g.*, *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (The "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); *In re United States*, 834 F.2d 283, 286-87 (2d Cir. 1987) (granting mandamus and vacating order to produce early witness statements); *United States v. Hossain*, No. 19 Cr. 606

---

[3] Although the Government cannot in the abstract opine definitively upon whether any given resolution of the claims would give grounds for a potential interlocutory appeal, the prospect of such an appeal is, at a minimum, much more likely than in many cases. *See, e.g.*, *United States v. Myers*, 635 F.2d 932, 935-37 (2d Cir. 1980) (recognizing interlocutory appeal of denial of motion to dismiss indictment on grounds of Speech or Debate Clause and separation of powers). Indeed, counsel for Menendez has repeatedly indicated his intention to seek one. (*See, e.g.*, Dkt. 105 at 3; Dkt. 187 at 7.) Menendez also filed an interlocutory appeal after his Speech or Debate claims were rejected in the district court in connection with his prior criminal case.

(SHS), 2020 WL 6874910, at *5 (S.D.N.Y. Nov. 23, 2020) ("courts lack power to compel pretrial production of Jencks Act material" (internal quotation marks omitted)); *United States v. Dupigny*, No. 18 Cr. 528 (JMF), 2019 WL 2327697, at *4 (S.D.N.Y. May 30, 2019) ("to the extent these motions seek early disclosure of the Government's trial materials, including the statements of witnesses and victims, the motions are denied as frivolous"); *see also* 18 U.S.C. § 3500. [4]

With respect to the defendant's remaining requests, if granted, they would result in extraordinarily early disclosure by the Government—and none by the defendants. As the Government previously explained, consistent with Rule 16(b), courts in this district regularly require disclosure of defense exhibits meaningfully in advance of trial, including over a defendant's objection. *See, e.g.*, *United States v. Shah*, No. 19 Cr. 833 (SHS), Dkt. 583, at 7-8 (S.D.N.Y. July 5, 2022) (11 days before trial over objection); *United States v. Melzer*, No. 20 Cr. 314 (GHW), Dkt. 131 (S.D.N.Y. June 16, 2022) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC), Dkt. 177 (S.D.N.Y. Feb. 28, 2022) (12 days before trial over objection); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Dkt. 213 (S.D.N.Y. Jan. 7, 2022) (approximately two weeks before trial over objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. 297 (S.D.N.Y. June 2, 2021) (three weeks before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT), Dkt. 206 (S.D.N.Y. May 4, 2022) (14 days before trial over objection); *see also United States v. Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction.").

Moreover, 3500 material, *Giglio* material, and exhibits are rarely produced in advance of motions *in limine* in this district. The defendant does not cogently explain why a different approach should be taken here, particularly given the extraordinarily detailed superseding indictment; numerous lengthy search warrant affidavits; well-organized discovery; and motion practice to date, which make plain that the defendant, and his co-defendants, well understand both the charges and the evidence. Nor does the defendant engage with the critical fact that any ruling by this Court on the Speech or Debate Clause, or at least certain other pending motions, may materially change the contours of this case, and thus materially change the content of motions *in limine* (and also the content of other pretrial submissions and disclosures). In short, the defendant's proposal, if adopted, is likely to result in significant inefficiencies for both the parties and the Court—involving multiple rounds of briefing and revised disclosures.

For all of these reasons, the defendant's proposal should be rejected even if he had not stated that he intends to seek an interlocutory appeal with respect to any denial of his Speech or Debate claims. But he has so stated, repeatedly. (*See, e.g.*, Dkt. 187 at 7.) It appears, in short,

---

[4] While immaterial for present purposes, the defendant offers no basis for his conclusory statement that he expects "3500 and *Giglio* disclosures to include tens of thousands of pages of materials" (Def. Ltr. 2). Although the Government is not presently in a position to confidently estimate the page count of materials it expects to disclose related to witness statements, and the Government anticipates making broad disclosures—beyond those required, and including with respect to individuals whom the Government does not expect to call as witnesses—to help the defendants prepare for trial, the Government does not expect to make productions amounting to the defendant's asserted estimate, particularly as to actual case-in-chief witnesses.

Honorable Sidney H. Stein
March 6, 2024
Page 5

that as he did previously (Dkt. 192), Menendez—joined by his co-defendants—seeks the tactical advantage of obtaining 3500 material and exhibits from the Government before filing an appeal, while not making any defense productions until after the appeal.  The defendant offers no basis for such a one-sided schedule, and it is not reasonable, equitable, or in the public interest.  The defendant's assertion that a party "may" seek an "expedited review" in such an appeal (Def. Ltr. 3) does not change this fundamental flaw in what he seeks.  Nor does it change the fact that an interlocutory appeal is likely not just to delay the trial, but also to do so substantially.  In sum, the Government seeks a reasonable—and mutual—schedule that does not result in the bulk of the disclosures occurring, or motions *in limine* being briefed, prior to this Court rendering pertinent decisions and a potential appeal being taken.  The defendant's proposal is not such a schedule.

### III.     Conclusion

For the foregoing reasons, the Court should deny the defendant's request, and order that (a) the Government's production of exhibit and witness lists, (b) all parties' motions *in limine*, and (c) all parties' proposed requests to charge and filings related to *voir dire*, each be due at the later of (i)  dates agreed to by the parties, or (ii) 15 days after a ruling by the Court resolving Menendez's claims under the Speech or Debate Clause and the separation of powers.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Daniel C. Richenthal
Eli J. Mark
Paul M. Monteleoni
Lara Pomerantz
Daniel C. Richenthal
Assistant United States Attorneys
(212) 637-2431/2219/2343/2109

cc:     (by ECF)

Counsel of Record