

30 Rockefeller Plaza
New York, NY 10112

23-cr-490(SHS)

The Honorable Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**NBCUniversal**

March 28, 2024

Re: United States v. Menendez, No. 23-cr-490-SHS

Dear Judge Stein:

NBC New York ("WNBC") respectfully writes in opposition to the pending request of defendant Senator Menendez to maintain under seal key portions of his brief in support of his pending severance motion (ECF Nos. 136, 251), and to seek an order unsealing those records. This is a corruption case of enormous public interest and touches upon public oversight of the legislative, judicial and executive branches of government. Disclosure should be the rule, not the exception. Indeed, the Court has already recognized and enforced the strong presumption in favor of public access to the judicial documents in this case, with limited exceptions for material pertaining to grand jury proceedings, ongoing investigations by the government, or that must be redacted to protect private information, none of which are relevant here. (ECF Orders 169, 170.)

Senator Menendez seeks to maintain under seal the Redacted Sentences, arguing they "reveal defense trial strategy which, if made public, threatens to bias the jury pool" and "needlessly complicate voir dire." This is not sufficient reason to keep court documents from public view and the cases cited by defense counsel do not support a different outcome. See, e.g., U.S. v. Poindexter, 732 F. Supp. 170, 172 (D.D.C. 1990) (recognizing that "even the risk of an adverse effect on the rights of defendant from the ensuing publicity would have to be endured" if the alternative was a "news blackout"). Nor do United States v. Akhavan, No. 20-CR-188-2(JSR), 2021 WL 1251893, at *2 (S.D.N.Y. Apr. 2, 2021) or United States v. Weissman, No. 01 CR 529 (BSJ), 2002 WL 1467845, at *1 (S.D.N.Y. July 8, 2002), permitting ex parte submissions, require redaction in this case. The prosecution is well aware of the defense strategy in question and in fact opposes the redaction (ECF 251 at 2). It is only the public being kept in the dark.

While we recognize there are limited circumstances where other concerns might outweigh the strong presumption of access, we do not believe this is one of those times. The Court has alternate measures to ensure an impartial jury can be selected without sealing records, of which voir dire is one. We respectfully ask the Court continue to consider the public interest and rights of access considerations at play in this case and unseal all documents related to defense letter dated March 10, 2024 (ECF No. 251).

Thank you very much for your time and prompt consideration.

Sincerely,

Jonathan Dienst
Chief Investigative Reporter, WNBC