**PAUL HASTINGS**

April 2, 2024

<u>*VIA ECF*</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

The government wants Senator Menendez to disclose – over a month *before* trial – details of how he intends to contest the government's proof that he acted as "foreign agent" required to register under FARA. No court, anywhere, has ever granted that relief, let alone granted such significant relief on the rushed timeline the government demands here. This Court should not be first. The government's motion should be denied for several reasons.

<u>*First*</u>, the government's request is truly unprecedented. No court has ever held that a *criminal* defendant must disclose, pretrial, whether he intends to argue that he is covered under one or more of the exemptions to FARA's registration requirements. And that is for good reason: Section 219 only applies to "public official[s]" who are "*required to register*" under FARA. *See* 18 U.S.C. § 219(c) (emphasis added). That is, the requirement to register is an *element* of liability under FARA on which the government bears the burden of proof. *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998). The government's claim that somehow Senator Menendez is the party with the burden to show that he was *not* required to register (*i.e.*, that the application of an exemption to FARA's registration requirements is an "affirmative defense") is exactly backwards, and unconstitutionally places the burden on Senator Menendez to prove his innocence.

The cases the government cites are all inapposite. Many concern a requirement to disclose an advice-of-counsel defense.[1] But reliance on an advice of counsel defense permits special pre-

---

[1] *See United States v. Fishbein*, No. S1 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018), *aff'd* 820 F. App'x 23 (2d Cir. 2020); *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018); *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL183522, at *13



Hon. Sidney H. Stein
April 2, 2024
Page 2

trial discovery regarding the advice at issue that was never previously disclosed to the government and thus necessarily results in a waiver of privilege. *See Fishbein*, 2023 WL 2734428, at *4. The government does not (and cannot) plausibly argue that similar pre-trial discovery would flow from the Senator's reliance on a FARA exception. The government's throwaway assertion to the contrary – that it may need to seek additional discovery from the Senate Foreign Relations Committee ("SFRC") (Letter at 6) – is nonsense; the government has already subpoenaed the SFRC (while well aware of its intent to pursue FARA charges), and the SFRC responded with a production spanning roughly 7,000 pages.

And, in any case, courts are not even uniform on whether requiring a defendant to disclose an advice of counsel defense before trial is appropriate. In *United States v. Ray*, for example, Judge Liman declined to order a defendant to disclose an advice-of-counsel defense before trial, ruling that requiring such disclosure when "no jury has been impaneled and the government has not opened, much less offered evidence that would support a jury verdict in its favor and require the defense to answer its allegations" would "impermissibly burden the attorney-client privilege." *United States v. Ray*, 2021 WL 5493839, at *6 (S.D.N.Y. Nov. 22, 2021). This reasonable caution about requiring disclosure of an advice-of-counsel defense (which requires additional discovery) counsels strongly against requiring pre-trial disclosure of FARA defenses (which do not require additional discovery).

The government's other authorities are even further afield. For instance, they cite a CFR provision providing guidance for how the attorney general should interpret FARA in assessing registration requirements (28 CFR § 5.300) and *civil* cases holding generally that a *civil* litigant hoping to take advantage of a statutory exception must prove that the exception applies.[2] None of this says anything about requiring a *criminal* defendant to disclose his defense strategy well before trial. Nor are the cases interpreting a wholly different, non-FARA[3] statute – 18 U.S.C. §

---

(E.D.N.Y. Jan. 8, 2010); *see also United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y. Nov. 15, 2021) (Dkt. 105); *United States v. Percoco*, No. 16 Cr. 776 (VEC) (S.D.N.Y. Nov. 2, 2017) (Dkt. 351).

[2] *Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 255 (S.D.N.Y. 1981); *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91-92 (2008); *Schaffer v. Weast*, 546 U.S. 49, 57-58 (2005).

[3] *See* Department of Justice, Office of the Inspector General, *Audit of the National Security Division's Enforcement and Administration of the Foreign Agents Registration Act*, September 2016, available at: https://oig.justice.gov/reports/2016/a1624.pdf ("a true FARA case can only be brought pursuant 22 U.S.C. § 611").



Hon. Sidney H. Stein
April 2, 2024
Page 3

951 – helpful to the government.[4]  Not even the government seriously argues that decisions construing section 951, which largely regulates businesses (and their principals) with foreign affiliations, has any real bearing on the interpretation of FARA as applied to a U.S. Senator. *See North Haven Bd. of Ed. v. Bell,* 456 U.S. 512, 529-30 (1982) ("The meaning and applicability of [a statute] are useful guides in construing [a similar statute] only to the extent that the language and history [] do not suggest a contrary interpretation").

Simply put, the government has not cited any authority, from any court, actually granting the relief it seeks.  To grant this novel relief would therefore be a significant and unwarranted departure from practice in this Circuit (and around the country) that would create serious appellate risk.

*Second*, as a practical matter, Senator Menendez is in no position to make an early determination as to whether he intends to rely on one or more of the FARA exceptions.  That is because Senator Menendez has no idea what alleged conduct the government will claim constitutes a FARA violation.  Indeed, the entirety of the government's pleading on the FARA charges is limited to boilerplate language asserting in generic terms that Senator Menendez was "required to register under FARA," because he supposedly "acted as an agent of the Government of Egypt and Egyptian officials . . . through political activities, acting as a political consultant, and representing the interests of the Government of Egypt and Egyptian officials before agencies and officials of the Government of the United States."  S4 Indict. ¶¶ 109, 112.  As to which conduct the government is relying on to support the Section 219 charges, the government incorporated by reference all 46 pages of Paragraphs 1-73 of the Indictment.  S4 Indict. ¶¶ 108, 11.  This pleading gives no guidance whatsoever as to what particular conduct the government will argue that Senator Menendez undertook as an "agent" of Egypt.

Thus, even if he wanted to, there is no way that Senator Menendez could predict what defenses he will raise in response to the government's FARA allegations before he has actually learned of the theory and supporting evidence the government lands on at trial.  Requiring Senator Menendez to announce his plan to contest that as-yet unknown evidence is as impracticable as it is legally baseless.

*Third*, the government's argument that Senator Menendez's assertion of an affirmative defense will somehow result in a partial waiver of his Speech and Debate privilege is a purely tactical argument without support in the law or logic.

---

[4] *United States v. Rafiekian*, 991 F.3d 529, 544 (4th Cir. 2021); *United States v. Duran*, No. 07 Cr. 20999, 2008 WL 11333989, at *2 (S.D. Fla. Oct. 10, 2008).



Hon. Sidney H. Stein
April 2, 2024
Page 4

    The specific example which the government cites – that the Senator may seek to argue that certain of his activities were "not serving predominantly a foreign interest" (22 U.S.C. § 613(d)) – proves no such waiver of Speech and Debate would necessarily result from the exception. Indeed, the only "activities" to which the Senator would need to address to prove the exception would be those that the government tries to prove he took as an agent of a foreign principal. That is to say, if the government claims that certain non-Speech and Debate activities violated Section 219, then the Senator may rebut that allegation with proof that the same activities did not predominantly serve a foreign interest.  It is thus the government's decision as to which activities—legislative or not—it seeks to put at issue.  For those activities that the Court has already held to be "legislative" (*i.e.*, actions regarding foreign military financing and sales), the government is barred from introducing evidence that the Senator engaged in those activities in the first place and the Senator need to prove that those activities did not serve predominantly a foreign interest.  *See* ECF No. 252 at 7.

    Put another way, waiver of Speech or Debate Clause protections is not necessarily tied, logically or legally, to any specific affirmative defense.  Any decision the Senator makes regarding whether to introduce evidence of his legislative acts in a manner that waives his Speech or Debate rights necessarily must depend in the first instance on the evidence presented by the government at trial.  That decision will have nothing to do with any affirmative defense. As is routine, the Court and the parties can surely manage the particular evidentiary judgments that will need to be made at trial as a result of the decisions made by prosecutors and defense lawyers.  There is no reason why the government should be entitled to the benefit of its novel—but totally fictional—attempt to concoct a "special" rule requiring early disclosure of arguments responding to government evidence not yet heard by the defense.

    Indeed, the government's choice to raise this issue (a potential Speech and Debate privilege waiver) in this letter underscores the reasons we filed a motion to dismiss on Speech and Debate grounds in the first place.  As we stated in our motion to dismiss, the government cannot prove its case against Senator Menendez without relying upon protected legislative activity and thereby invading the Senator's Speech and Debate privilege.  *See* ECF 120 at 18-37.  And the government knows it.  This Court rejected the government's contention that foreign military aid is not protected legislative acts, ruling that the Speech and Debate privilege "broadly captures Congress's ability to weigh in on foreign aid."  ECF No. 252 at 7.  Now, the government is taking another run at invading the Speech and Debate privilege, hoping to instigate a blanket waiver through a demand for pre-trial disclosure of defense strategy.  This second bite at the Speech-and-Debate apple fails because, as noted above, a decision on a waiver (and the scope thereof) can and should await the presentation of testimony at trial.



Hon. Sidney H. Stein
April 2, 2024
Page 5

*Finally*, the Court should further view this application with skepticism given the government's gamesmanship in delaying this request until the eleventh hour.  The government first charged Senator Menendez with conspiring to violate FARA almost *six months* prior to making this motion.  *See* ECF No. 65 (S2 Indictment).  If the requirement for the Senator to make a pretrial disclosure of his plans regarding the FARA exceptions is really as urgent and significant as the government now insists, why did the government not raise this issue at any time between filing the S2 Indictment in October 2023 and now?  Why wait until the absolute last minute, demand an order within only a few days, and effectively force the Court to require the defense to respond on a potentially dispositive issue within 24 hours?  The reason is simple: the government is desperate to overcome the Court's Speech and Debate pretrial rulings by leading it down a reversible path of pretrial waiver. The Court should reject that approach.

Nor should any amount of hand-waving by the government—that there may be "multiple rounds of litigation" and a "substantial risk of delay or disruption of the trial" absent pretrial notice of any FARA exceptions—change the Court's analysis.  Letter at 1.  Senator Menendez wholly supports the Court's effort to proceed efficiently to trial.  But the fiction that notice of an exception at trial might result in delay is not a Sword of Damocles to hang over the head of the Court and the defense.

In short, the government's motion seeks to flip the burden of proof on the government's most inflammatory charges – that Senator Menendez acted as a foreign agent (or conspired to do so) – by making Senator Menendez first disclose (and then prove) his arguments contesting the element that he was required to register as a foreign "agent" under the applicable statute.  And it does so while transparently aiming to deprive the defense of sufficient time to respond.  The government does all this for purely tactical reasons, hoping to force a waiver that would undermine the import of the Court's ruling on Senator Menendez's first motion to dismiss.

It is ironic that the government ends its letter with the oft-cited quotation from *Williams* observing that our adversarial system is "not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."  Letter at 6 (citing *Williams v. Florida*, 399 U.S. 78, 82 (1970)).  But in filing its motion yesterday, the government seeks to stack the deck in its favor, by making a legally unsupported, truly unprecedented, and constitutionally perilous request at the very last moment.

For the reasons stated herein, the Court should deny this motion.

Respectfully,

/s/ *Adam Fee*



Hon. Sidney H. Stein
April 2, 2024
Page 6

                                              Adam Fee
                                              Avi Weitzman

                                              *Attorneys for Defendant Robert Menendez*