UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                   :

UNITED STATES OF AMERICA         :

                                   :

           -*v.*-                  :      S4 23 Cr. 490 (SHS)

                                   :

ROBERT MENENDEZ,             :
NADINE MENENDEZ,            :
      a/k/a "Nadine Arslanian,"     :
WAEL HANA,                   :
      a/k/a "Will Hana," and      :
FRED DAIBES,                :

                                   :

                    Defendants.     :

                                   :
------------------------------------------------------------x

# THE GOVERNMENT'S MOTIONS *IN LIMINE*

 

DAMIAN WILLIAMS
United States Attorney

Eli J. Mark
Daniel C. Richenthal
Paul M. Monteleoni
Lara Pomerantz
Catherine Ghosh
Assistant United States Attorneys
- Of Counsel -

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................. 2

I.    EVIDENCE OR ARGUMENT CONCERNING ANY ALLEGATION THAT THE CHARGES AGAINST THE DEFENDANTS ARE VINDICTIVE, SELECTIVE, POLITICALLY MOTIVATED, OR OTHERWISE BROUGHT FOR IMPROPER REASONS, OR ARE NOVEL, SHOULD BE PRECLUDED ........................................ 2

II.   EVIDENCE OR ARGUMENT CONCERNING WHETHER THE CONDUCT OF MENENDEZ SHOULD HAVE BEEN HANDLED OTHER THAN THROUGH A CRIMINAL PROSECUTION OR THAT THE PROSECUTION HAS HAD OR WILL HAVE NEGATIVE CONSEQUENCES SHOULD BE PRECLUDED ........................... 6

III.  EVIDENCE OR ARGUMENT CONCERNING THE PUNISHMENT OR CONSEQUENCES THE DEFENDANTS HAVE FACED OR WILL FACE IF CONVICTED SHOULD BE PRECLUDED .................................................................... 8

IV.   EVIDENCE OR ARGUMENT CONCERNING ROBERT MENENDEZ'S PRIOR FEDERAL CRIMINAL CASE SHOULD BE PRECLUDED .......................................... 9

V.    EVIDENCE OR ARGUMENT CONCERNING WHETHER THE GOVERNMENT HAS COMPLIED WITH ITS DISCOVERY AND DISCLOSURE OBLIGATIONS OR OTHERWISE TREATED THE DEFENDANTS UNFAIRLY SHOULD BE PRECLUDED ............................................................................................................. 11

VI.   EVIDENCE OR ARGUMENT CONCERNING WHETHER THE GOVERNMENT HAS BROUGHT UNRELATED CASES SUCCESSFULLY OR UNSUCCESSFULLY SHOULD BE PRECLUDED ............................................................................................ 14

VII.  EVIDENCE OR ARGUMENT CONCERNING WHETHER THE CHARGES AGAINST THE DEFENDANTS ARE UNCONSTITUTIONALLY VAGUE SHOULD BE PRECLUDED ............................................................................................................. 14

VIII. EVIDENCE OR ARGUMENT CONCERNING WHETHER OTHERS ENGAGED IN SIMILAR CONDUCT, ABSENT A SUFFICIENT CONNECTION TO THE DEFENDANTS' RELEVANT CONTEMPORANEOUS KNOWLEDGE OR INTENT, SHOULD BE PRECLUDED ............................................................................................ 15

IX.   EVIDENCE OR ARGUMENT CONCERNING WHETHER THE CHARGED ACTS WERE GOOD FOR THE PUBLIC OR SHOULD HAVE BEEN UNDERTAKEN, ABSENT A SUFFICIENT CONNECTION TO THE DEFENDANTS' CONTEMPORANEOUS KNOWLEDGE OR INTENT, SHOULD BE PRECLUDED 16

X.    EVIDENCE OR ARGUMENT CONCERNING THE DEFENDANTS' PRIOR COMMISSION OF GOOD ACTS OR LACK OF PRIOR BAD ACTS SHOULD BE PRECLUDED ............................................................................................................. 17

XI.     EVIDENCE OR ARGUMENT CONCERNING THE DEFENDANTS' FAMILY, BACKGROUND, AGE, HEALTH, OR OTHER PERSONAL CHARACTERISTICS SHOULD BE PRECLUDED, ABSENT A SHOWING THAT SUCH PERSONAL MATTERS BEAR ON GUILT ....................................................................................... 20

CONCLUSION......................................................................................................................... 21

The Government respectfully seeks rulings *in limine* on several issues in advance of trial. Specifically, the Government seeks to preclude certain evidence or argument that is wholly irrelevant to the questions for the jury at trial, and/or for which any conceivable probative value is substantially outweighed by the risk of juror confusion, distraction from the evidence, unnecessary lengthening of the trial, and/or unfair prejudice to the Government.  Specifically, the Government moves to preclude evidence or argument concerning:

- any allegation that the charges against the defendants are vindictive, selective, political, discriminatory, or otherwise brought for improper reasons, or are novel;

- whether the conduct of Robert Menendez ("Menendez") should have been handled within the legislative branch, an election, or a non-public warning rather than through a criminal prosecution and any alleged negative consequences the case has caused or may cause for our system of government;

- the potential punishment or other consequences that the defendants have faced or will face;

- Menendez's prior federal criminal case;

- any allegation that the Government has not complied with its discovery or disclosure obligations, or otherwise unfairly treated the defendants;

- whether the Government has brought unrelated cases unsuccessfully or improperly;

- whether the charges against the defendants are unconstitutionally vague;

- whether others engaged in similar conduct, absent a sufficient connection to the defendants' relevant contemporaneous knowledge or intent;

- whether the charged acts were good for the public or should have been undertaken, absent a sufficient connection to the defendants' relevant contemporaneous knowledge or intent;

- the defendants' prior commission of good acts and/or failure to commit other bad acts; and

- the defendants' family, background, age, health, or other personal characteristics, absent a showing that such personal matters bear on guilt.

## ARGUMENT

**I.  EVIDENCE OR ARGUMENT CONCERNING ANY ALLEGATION THAT THE CHARGES AGAINST THE DEFENDANTS ARE VINDICTIVE, SELECTIVE, POLITICALLY MOTIVATED, OR OTHERWISE BROUGHT FOR IMPROPER REASONS, OR ARE NOVEL, SHOULD BE PRECLUDED**

Menendez has repeatedly asserted that the charges against him are vindictive, selective, and/or politically motivated.  (*See, e.g.*, Dkt. 120 at 1, 5, 40, 41; Dkt. 137 at 1, 2, 3, 6, 7; Dkt. 187 at 1, 2, 3.)  Among other things, Menendez has claimed that this case is a "political libel[]" brought by a "competing branch[] of government" (Dkt. 120 at 41), and accused the Government of going on "a media blitz" (Dkt. 137 at 1) in aid of the "despicable tactic" of "Swiftboating" him through "political corruption charges" (*id.* at 2) that were purportedly brought because it "was deeply embarrassing" for the "DOJ" that Menendez was not convicted in his prior federal criminal case (*id.* at 3).  These inflammatory accusations are baseless.  Tellingly, Menendez has not brought an actual selective or vindictive prosecution claim, which would require him to support his accusations and have them tested in court.

Similarly, Menendez has publicly suggested that this case is discriminatory.  *See, e.g.*, *Sen. Bob Menendez repeatedly suggests he is being targeted because he is Latino*, Los Angeles Times, Sept. 25, 2023 ("'Those behind this campaign simply cannot accept that a first-generation Latino American from humble beginnings could rise to be a U.S. senator and serve with honor and distinction,' Menendez, who is Cuban American, said in a statement shortly after the indictments were made public."), *at* https://www.latimes.com/delos/story/2023-09-25/bob-menendez-latino-corruption-resignation#:~:text=Bob%20Menendez%20repeatedly%20suggests%20he%20is%20being%20targeted%20because%20he%20is%20Latino&text=13%20PM%20PT-

,Sen.,targeted%20because%20of%20his%20heritage (last visited Apr. 5. 2024); *Latino leaders dismiss Sen. Menendez's claim of persecution over ethnicity*, Wash. Post, Sept. 27, 2023, *at* https://www.washingtonpost.com/politics/2023/09/27/latino-leaders-dismiss-menendez-claims-racial-targeting/ (last visited Apr. 5, 2024).   Tellingly, again, he has not actually raised a discrimination claim in any motion.

Whatever the intent behind making sweeping, and facially serious, accusations without raising legal claims based on or offering support for those accusations, such accusations are not for the jury in weighing the defendant's guilt or the guilt of any co-defendant.  Offering supposed evidence or argument on such matters would serve no purpose other than to seek to distract the jury from the evidence of the defendants' guilt or to encourage jury nullification notwithstanding their guilt.  Such evidence and argument should therefore be precluded, in any form, including in opening statements.  *See United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (a "selective prosecution defense is an issue for the court rather than the jury"); *United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (prosecuting authority's motives or views underlying its "charging decisions are not proper subjects for cross-examination and argument"); *United States v. Reese*, 933 F. Supp. 2d 579, 583 (S.D.N.Y. 2013) (precluding defendant from advancing arguments aimed at jury nullification and the overall propriety of the government's investigation); *United States v. Demosthene*, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004) (defendant "may not argue before the jury issues relating to the overall propriety of the Government's investigation in this case"), *aff'd*, 173 F. App'x 899 (2d Cir. 2006); *United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (granting motion to preclude defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and

indicting [the defendant], as opposed to other individuals who may also have committed the crimes charged or similar crimes"); *see also* Fed. R. Crim. P. 12(b)(3)(A)(iv); *United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983).

The basis for this settled rule is fundamental. A claim of improper prosecutorial motive or purpose, whatever its grounds, "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Such a claim is self-evidently "unrelated to factual innocence of the crime[s] charged," which is the sole issue to be decided by the jury, and, as a result, the Court alone must resolve it to the extent raised (which here it has not been). *Regan*, 103 F.3d at 1082.

Nor should Menendez, or any other defendant, be permitted to advance arguments or to seek to introduce evidence in aid of substantially the same alleged points—even if they do not expressly argue that he has been selectively, vindictively, politically, or discriminatorily prosecuted—because the *reasons* for the prosecution of the defendants, no matter what they are, have no bearing whatsoever on the jury's proper function. No defendant, for example, should be permitted to offer evidence or argument that others have purportedly engaged in similar conduct without being prosecuted, as Menendez appears to suggest (*see* Dkt. 120 at 39; Dkt. 187 at 32), or that this prosecution, in whole or in part, is "novel," as he has repeatedly stated (Dkt. 120 at 3; Dkt. 187 at 8), or is "unprecedented" (Dkt. 120 at 34, 36, 37; Dkt. 187 at 39).

Any argument or evidence along these lines or in aid of such arguments is wholly irrelevant. *Cf., e.g.*, *Stewart*, 2004 WL 113506, at *2 ("Any characterization of the securities fraud charge in Count Nine as 'novel' is irrelevant to the jury's consideration of the indictment in this

case.  The defense may not argue or present evidence to the jury that tends to show that this count is an unusual or unprecedented application of the securities laws.").  Any argument or evidence along these lines also is wholly improper because it would cause juror confusion and invite nullification, which is patently inappropriate.  *See United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (Jury nullification is "by no means a right or something that a judge should encourage or permit if it is within his authority to prevent."); *id.* at 614 ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *see also Sparf & Hanson v. United States*, 156 U.S. 51, 101 (1895) ("Public and private safety alike would be in peril if the principle be established that juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves."); *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) (per curiam) ("A jury has no more '*right*' to find a 'guilty' defendant 'not guilty' than it has to find a 'not guilty' defendant 'guilty,' and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power." (emphasis in original)).

In short, any argument or attempt to elicit evidence that is intended to place the Government's charging decisions at issue or to suggest to the jury that the defendants should be acquitted because the case was brought for improper reasons or is novel or unlike other cases is irrelevant to the issues properly before the jury, would create a time-consuming and contentious distraction, and would encourage the jury to make or decline to make a decision on an improper basis.  It should thus be precluded, in its entirety.

II.    **EVIDENCE OR ARGUMENT CONCERNING WHETHER THE CONDUCT OF MENENDEZ SHOULD HAVE BEEN HANDLED OTHER THAN THROUGH A CRIMINAL PROSECUTION OR THAT THE PROSECUTION HAS HAD OR WILL HAVE NEGATIVE CONSEQUENCES SHOULD BE PRECLUDED**

In addition to accusing the Government of allegedly bringing novel charges for improper reasons, Menendez has repeatedly asserted that (a) the conduct with which he has been charged should be weighed, if at all, within the legislative branch or through an election, and (b) this case has had or will have negative consequences for our system of government. (*See, e.g.*, Dkt. 120 at 5 (The charges "must be adjudicated by the democratic process, not the legal process."); *id.* at 37 ("One branch cannot superintend another, let alone its advocacy, without posing serious dangers to the proper functioning of our democracy." (emphasis omitted)); *id.* at 41 (The charges "must be resolved between the Senator and his constituents through the democratic process, not between him and competing branches of government through litigation."); Dkt. 187 at 3 (a foreign agent charge "uniquely undermines legislative autonomy; it is not at all like the application of ordinary criminal laws or mere disclosure requirements"); *id.* at 39 (permitting such a charge, "if taken to its logical conclusion, would allow for prosecution of the House Speaker for advocating a standalone aid-to-Israel bill at the request of Prime Minister Netanyahu, or of the Senate Majority Leader for supporting Ukraine military aid at the request of President Zelenskyy.").) To the extent that these arguments were made in furtherance of Menendez's motion to dismiss the charges against him under the Speech or Debate Clause or the separation of powers, the Court has rejected them. *See United States v. Menendez*, No. 23 Cr. 490 (SHS), 2024 WL 1120182 (S.D.N.Y. Mar. 14, 2024). But even if the Court had not done so, these types of arguments have no place before the jury, because they have nothing whatsoever to do with the defendants' guilt. And even if they did have some theoretical relevance, introducing such matters into the trial would be highly

6

confusing and distracting.  Any supposed evidence or argument along the foregoing lines should

accordingly be precluded.  *Cf., e.g.*, *United States v. Rosado*, 728 F.2d 89, 93, 95 (2d Cir. 1984)

(criticizing admission of evidence about the propriety of a prosecution "for turning the trial away

from a determination of whether the elements of the offense charged had been proved beyond a

reasonable doubt into a wide-ranging inquiry into matters far beyond the scope of legitimate issues

in a criminal trial").

      Similarly, in making a discovery request of the Government, Menendez suggested that he

may seek to introduce evidence or argument that, in lieu of bringing criminal charges, the

Government or one of its law enforcement partners should have warned him off of his conduct, or

somehow intervened and cut short the scheme rather than investigating and prosecuting it.

Menendez did not elaborate, but any supposed evidence or argument along these lines should be

precluded, because it also has nothing do with the defendants' guilt.  Introducing such a subject

into the trial would also likely require a trial within a trial on the Government's investigative and

charging policies and practices—matters far beyond the proper scope of a criminal trial.  *See, e.g.*,

*United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that "the government

is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*,

204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the

evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in

light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that

the defendant was guilty of the crimes with which he was charged.").  Accordingly, this too should

be precluded.

### III. EVIDENCE OR ARGUMENT CONCERNING THE PUNISHMENT OR CONSEQUENCES THE DEFENDANTS HAVE FACED OR WILL FACE IF CONVICTED SHOULD BE PRECLUDED

Where the jury has no role at sentencing—such as in this case—it "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)).  This is so for good reason: argument concerning punishment "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*  There is no proper basis for the defendants to put these issues before the jury in any form, and the defendants should not be permitted to offer evidence or argument inviting the jury to consider them, whether directly or indirectly.  *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Dkt. 288) (Tr. 9-10) ("anything that adverts to possible punishments, including possibility of incarceration, however obliquely, is improper and will not be permitted," including, for example, a statement in opening or closing arguments that the defendant's "liberty is at stake," which would be "a not-so-thinly-veiled reference to the prospect of incarceration, which is altogether improper").

For the same reasons, the defendants should be precluded from offering evidence or argument about consequences they allegedly have *already* faced from the charges brought.  (*See, e.g.*, Dkt. 137 at 3 ("when the government gets it wrong, lives are ruined"); Dkt. 187 at 1 (this case was "calculated to destroy the career of a U.S. Senator after 50 years of public service"); *id.* at 3 ("the mere filing of these unproved charges, in itself, has caused immense harm to the Senator and his reputation in the middle of an active election cycle").)  No proper purpose would be served by offering supposed evidence or argument that one or more of the defendants had suffered consequences, whether personal or professional, through being charged with crimes.  And even if

8

there were a theoretical proper purpose—and there is none—to a defendant making such an argument, to rebut such an argument and place it in context, the Government would again have to present to the jury its charging policies and practices, matters far beyond the scope of a criminal trial. *See, e.g.*, *Knox*, 687 F. App'x at 54-55; *Saldarriaga*, 204 F.3d at 52. Any evidence or argument concerning such consequences should accordingly be precluded.

## IV. EVIDENCE OR ARGUMENT CONCERNING ROBERT MENENDEZ'S PRIOR FEDERAL CRIMINAL CASE SHOULD BE PRECLUDED

In advancing the arguments described above, Menendez has repeatedly invoked his prior federal criminal case, and suggested that this case is somehow a result of the fact that he was not convicted in that case. (*See, e.g.*, Dkt. 137 at 3.) To the extent that Menendez has made this utterly false argument in aid of the allegation that this case is a selective or vindictive prosecution, that argument, and any supposed evidence in support of it, should be precluded for the reasons set forth above. But Menendez has also invoked his prior case for what appears to be a different reason, namely, suggesting that he has suffered unfairly at the hands of the Department of Justice. (*See id.* ("[T]his is not the first time that Senator Menendez has faced false allegations of bribery. Senator Menendez was previously charged by New Jersey federal prosecutors, but those charges were dismissed in late 2017 after a New Jersey jury hung, with at least 10 jurors voting to acquit.").) Any such argument, or evidence offered in support of it, should be precluded because it could serve no purpose but to seek to invite sympathy or jury nullification. *See, e.g.*, *Thomas*, 116 F.3d at 615.

Nor should Menendez be permitted to present evidence of his prior federal criminal case in the guise of challenging the evidence of venue in this case. (*See, e.g.*, Dkt. 137 at 6 ("In its zeal to prosecute Senator Menendez in this District, the government stretches the Constitution's venue

requirements beyond their breaking point."); *id.* at 7 (The Government is "hoping to avoid New Jersey at all costs.  Why?  Surely, it has nothing to do with the fact that the New Jersey jury empaneled in that case saw through the government's false narrative, with at least 10 jurors voting to acquit the Senator on the government's hyped-up corruption charges.").)  These types of arguments are not a challenge to the Government's *evidence*; they are a challenge to the Government's *decision* as to where to file charges, and a challenge that suggests that decision was not merely erroneous, but improper.  Any such arguments, or similar argument focused on the Government's decision where to bring this case, rather than the evidence, have no place at trial. *See Saldarriaga*, 204 F.3d at 52.

Nor has Menendez offered any other basis to seek to introduce evidence or argument concerning his prior criminal case, which involved, among other things, different allegations, a different co-defendant, a different time period, a different prosecution team from a different district, and different facts.  *See, e.g.*, *United States v. Brooks*, No. 08 Cr. 35 (PKL), 2008 WL 2332371, at *1 (S.D.N.Y. June 4, 2008) ("As the proponent of the proposed testimony, defendant has the burden of establishing admissibility by a preponderance of the evidence."); *United States v. Sabir*, No. S4 05 Cr. 673 (LAP), 2007 WL 1373184, at *6 (S.D.N.Y. May 10, 2007) (the "burden of showing that proffered testimony is offered to negate the *mens rea* element of a crime and not in support of some improper defense theory falls squarely on the defendant" (internal quotation marks omitted)); *United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) ("defendants as proponents of the evidence bear the burden of [admissibility]").

To be sure, if Menendez were to choose to testify, or otherwise opened the door, it might be proper for the Government to cross-examine him or to introduce appropriately limited evidence

concerning Menendez's prior federal criminal case.  But the Government does not intend to offer evidence or argument concerning that case in its case-in-chief, and before Menendez does so he should proffer—outside of the presence of the jury—on what basis he believes such evidence or argument is proper, not intended to elicit sympathy or jury nullification, and would not turn this trial into the re-trial of an unrelated case.  Unless and until he does so, all such evidence or argument should be precluded.

## V.     EVIDENCE OR ARGUMENT CONCERNING WHETHER THE GOVERNMENT HAS COMPLIED WITH ITS DISCOVERY AND DISCLOSURE OBLIGATIONS OR OTHERWISE TREATED THE DEFENDANTS UNFAIRLY SHOULD BE PRECLUDED

In addition to baselessly attacking the Government's motives and the alleged negative consequences caused by this case, Menendez has repeatedly attacked the Government generally, and the prosecutors on this case in particular, in a variety of ways, principally involving discovery and transparency.  (*See, e.g.*, Dkt. 120 at 1 (referring to the supposedly "overzealous prosecutors" who brought "outrageously false" allegations that "distort reality"); *id.* at 3 ("the government has distorted reality and hidden key exculpatory evidence from the public's and the Court's view"); *id.* at 5 (the Government "shockingly fails to disclose" a supposedly "exculpatory fact"); *id.* at 10 (the S2 Indictment has a "shocking omission"); Dkt. 137 at 1 ("The government has buried evidence proving Senator Menendez's innocence, including evidence that directly undercuts the allegations in the Indictment.  And the defense is prohibited from disclosing any of it to the public . . . ."); Dkt. 229 at 3 (the Government "refuses to even gather or produce the materials cited in the very Indictment outlining those charges").)  Menendez has also suggested in making discovery requests of the Government that he believes the Government may not have properly searched the

files of one or more agencies that are not part of the prosecution team, or should not have filed a motion *ex parte* pursuant to the Classified Information Procedures Act ("CIPA").

None of these allegations is correct. Nor, again, has Menendez brought legal claims based on all such allegations, which would require him to provide support for his contentions and have them tested. But even if he were correct in every allegation he has made, they are not for the jury at trial, because none concerns *the quantum or quality of the evidence* the jury will weigh in determining the defendants' guilt, but instead *pretrial procedures. See, e.g.*, *Knox*, 687 F. App'x at 54-55; *Saldarriaga*, 204 F.3d at 52. They are thus irrelevant to the jury's task, and even if conceivably relevant, would require a mini-trial on discovery rules and procedures, and the handling of classified information. Accordingly, any supposed evidence or argument concerning the Government's alleged failure to comply with discovery and disclosure rules, CIPA, or the alleged unfairness of the Government's actions or applicable procedures, should be precluded.[1]

Menendez should similarly be precluded from arguing that any decisions of this Court were—or that the Government's introduction or presentation of evidence pursuant to such decisions is—improper or unfair. In his prior federal criminal trial, his counsel appeared to argue, among other things, that the Government unfairly, improperly, without sufficient notice, and/or excessively called and recalled a witness to read portions of documents in evidence, notwithstanding that the court had permitted this testimony. (*See* Tr. 32-33, *United States v. Menendez*, No. 15 Cr. 155 (WHW) (D.N.J. Nov. 6, 2017) ("Let me ask you this, how would you like it in a case about you or someone in your family or a close friend where the prosecutors put

---

[1] Indeed, the Government is unaware of any proper basis for a defendant to mention CIPA or the existence of classified information (irrespective of its content) to the jury, in any form.

their team member on four times, their own case agent, a person who spent years trying to make the case against you. You wouldn't like it and that's for a good reason, that is because it's not what proof beyond a reasonable doubt requires. And you would be right to be mad. Be mad now."); *id.* at 28 (referring to summary witness, "But then they did something I did not tell you they would do in opening because I never guessed that they would. They invented a witness."); *cf.* United States's Trial Brief, *United States v. Menendez*, 15 Cr. 155 (WHW) (Aug. 30, 2017) (ECF No. 204 at 14-17) (government moving for permission to call and recall summary witness).) No such argument, or anything like it, in this trial should be permitted. The jury should not be invited to weigh the fairness or alleged unfairness of either pretrial or trial procedures.

For substantially the same reasons, the defendants should be precluded from suggesting that the Government or an individual prosecutor "knows" what really occurred, as Menendez has repeatedly said. (Dkt, 137 at 1; *see also id.* at 7 (the "prosecutors" have improperly filed this case where they "believe they might find a more favorable judge or jury"); Dkt. 120 at 4 ("As the government knows from its own investigation . . . ."); Dkt. 187 at 9 (the Government "knows how weak" its case is).) No defendant should be permitted to suggest the existence or non-existence of evidence outside of what has been admitted into evidence, or to ask the jury to infer or speculate what an advocate "knows" or "believe[s]" or thinks. *See, e.g.*, *United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998) (attorney "vouching" is improper because it suggests "the existence of extraneous proof" (internal quotation marks omitted)); *Saldarriaga*, 204 F.3d at 52 (proper to charge "the jury to base its decision on the evidence or lack of evidence that had been presented at trial"); *Knox*, 687 F. App'x at 54-55 (instructing jury that the "government is not on trial" is

"appropriate" (internal quotation marks omitted)).  Accordingly, any such argument should be precluded.

## VI.    EVIDENCE OR ARGUMENT CONCERNING WHETHER THE GOVERNMENT HAS BROUGHT UNRELATED CASES SUCCESSFULLY OR UNSUCCESSFULLY SHOULD BE PRECLUDED

The jury should base its decision as to whether to convict or acquit the defendants solely on review of the evidence admitted at trial.  *See, e.g.*, *Saldarriaga*, 204 F.3d at 52.  Accordingly, whatever the purpose of Menendez describing at some length, and making accusations concerning, other corruption cases brought by the Department of Justice generally or the U.S. Attorney's Office for the Southern District of New York in particular (*see* Dkt. 137 at 2-3), any evidence or argument concerning such cases should be precluded at trial.  Nor should Menendez or any other defendant be permitted to try to make the same or a similar point without identifying particular cases.  (*See id.* at 2 ("Time and again, the Justice Department has brought overly aggressive, baseless political corruption charges that have ruined lives.").)

## VII.   EVIDENCE OR ARGUMENT CONCERNING WHETHER THE CHARGES AGAINST THE DEFENDANTS ARE UNCONSTITUTIONALLY VAGUE SHOULD BE PRECLUDED

Wael Hana has argued that the conspiracy to violate 18 U.S.C. § 219 charge against him is unconstitutionally vague.  (Dkt. 143 at 55-59.)  Whatever the merits of this claim—and it is devoid of merit—it is not for the jury.  Nor should any other defendant be permitted to argue that the charges in this case are unconstitutionally vague.  A vagueness challenge rests on the Due Process Clause, and accordingly is for the Court.  *See, e.g.*, *United States v. Morrison*, 686 F.3d 94, 103 (2d Cir. 2012).

14

**VIII.    EVIDENCE OR ARGUMENT CONCERNING WHETHER OTHERS ENGAGED IN SIMILAR CONDUCT, ABSENT A SUFFICIENT CONNECTION TO THE DEFENDANTS' RELEVANT CONTEMPORANEOUS KNOWLEDGE OR INTENT, SHOULD BE PRECLUDED**

As noted above, Menendez has appeared to suggest that others engaged in similar conduct and were not prosecuted.  (*See* Dkt. 120 at 39; Dkt. 187 at 32.)  To the extent that Menendez has made this suggestion in aid of the allegation that this case is a selective or vindictive prosecution, that argument, and any supposed evidence in support of it, should be precluded for the reasons set forth above.  But Menendez and his co-defendants should also be precluded from offering evidence or argument concerning the conduct of others generally, unless there is a sufficient connection to a defendant's relevant contemporaneous knowledge or intent.  *See, e.g.*, *United States v. Gatto*, 986 F.3d 104, 129 (2d Cir. 2021) ("[T]hat others are engaging in improper behavior does not make it lawful."); *United States v. Kaplan*, 490 F.3d 110, 121-22 (2d Cir. 2007) (holding district court erred in admitting evidence of one person's knowledge to show defendant's knowledge without evidence that defendant was aware of the same information, expressing doubt that evidence was relevant, and explaining that, in any event, it should have been precluded under Rule 403 because it "required [the jury] to draw a series of inferences, unsupported by other evidence," yet was offered on "the ultimate issue in the case"); *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (affirming preclusion of evidence in embezzlement case as to how persons other than the defendant used funds because "only [the defendant's] actions and state of mind were material to her guilt"); *United States v. Berg*, 710 F. Supp. 438, 445 (E.D.N.Y. 1989) (testimony concerning the "custom of other arms dealers in complying with arms export laws" precluded on the ground that such evidence was irrelevant to the state of mind of the defendants), *aff'd in part, rev'd in part on other grounds sub nom. United States v. Schwartz*, 924 F.2d 410 (2d Cir. 1991).

Among other things, no defendant should be permitted to offer evidence that other Senators have engaged in certain conduct, or other individuals have worked with foreign governments, in aid of an argument that because that is so, the conduct or work alleged in this case must be deemed proper or lawful. The defendants alone are on trial, and their conduct, and their contemporaneous knowledge and intent, alone, matter. In short, the conduct, knowledge, or intent of others is only relevant to the extent it bears on the defendants' conduct, knowledge, or intent—*at the time they acted*. Evidence of the conduct of others without such a connection, and argument concerning the same, should be precluded.

Moreover, even were such evidence and argument theoretically relevant, it should be barred under Federal Rule of Evidence 403. Evidence and argument about the conduct of others without a direct and contemporaneous connection to the defendants would necessarily lead to a trial within a trial as to whether the conduct of others to which the defendants point was or was not analogous to that of the defendants, and would be very likely both to confuse and distract the jury and unduly and materially lengthen the trial. Indeed, were the defendants to offer evidence or argument suggesting that others engaged in similar conduct, the Government would expect to offer evidence regarding, among other things, whether others committed fraud or bribery, and whether others hid what they received, all of which would lengthen the trial, require additional documentary and likely testimonial evidence, and distract from the relevant issues.

IX. **EVIDENCE OR ARGUMENT CONCERNING WHETHER THE CHARGED ACTS WERE GOOD FOR THE PUBLIC OR SHOULD HAVE BEEN UNDERTAKEN, ABSENT A SUFFICIENT CONNECTION TO THE DEFENDANTS' CONTEMPORANEOUS KNOWLEDGE OR INTENT, SHOULD BE PRECLUDED**

Just as the defendants should not be permitted to offer evidence or argument that their actions were lawful or proper because others purportedly did similar things, so too should the

16

defendants be precluded from offering evidence or argument that they should be acquitted merely because their actions were allegedly good for the public, or would or should have been undertaken even if no bribes were given or received.  To be sure, the Government has no objection to a defendant presenting admissible evidence, if any exists and to the extent directed at an element of a charged offense, that he or she did not contemporaneously have the requisite mental state for that offense.  However, a defendant cannot, in the guise of such an argument, present evidence that, *in hindsight*, what he or she did was good, or suggest that even if he or she is guilty, the jury should acquit him or her because the charged conduct did not hurt anyone or was somehow beneficial. *See, e.g.*, *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) (a defendant may be "guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Skelos*, No. S1 15 Cr. 317 (KMW), 2016 WL 1532253, at *6 (S.D.N.Y. Apr. 14, 2016) (not a defense to bribery that charged actions allegedly "were consistent with 'the best interest of [defendant's] constituency and the citizens of New York State'"), *vacated on other grounds*, 707 F. App'x 733 (2d Cir. 2017).

## X.   EVIDENCE OR ARGUMENT CONCERNING THE DEFENDANTS' PRIOR COMMISSION OF GOOD ACTS OR LACK OF PRIOR BAD ACTS SHOULD BE PRECLUDED

To the extent that a defendant may seek to present evidence or argument concerning his or her prior commission of alleged "good acts," including Menendez's work as a public official or legislator, or to offer evidence of his or her non-criminal activities to seek to disprove guilt on the ground that he or she is a good person, has done good things, or is committed to good works, he or she should be precluded from doing so.  Specific-act propensity evidence is no more admissible to refute a criminal charge than it is to establish one.  (*Cf., e.g.*, Dkt. 137 at 1 (Menendez "was always committed to public service, and even before he graduated from College, he was elected to

17

the Union City Board of Education. He followed this up with 50 years of dedicated public service, first in the New Jersey General Assembly, then the New Jersey Senate, followed by the House of Representatives, and since 2006, the United States Senate. Senator Menendez's unbroken record of standing up to powerful interests on behalf of the underrepresented has earned him a well-deserved reputation as a fighter who does not back down in the face of injustice.").)

It is settled law that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). Similarly, while a defendant may offer general testimony from a character witness about his or her reputation for a "pertinent trait" of character, or the witness's opinion of the defendant as regards that trait, *see* Fed. R. Evid. 404(a)(2)(A) & 405(a), a defendant can neither testify nor offer other proof to establish specific acts in conformity with that trait that are not an element of the offense. *See, e.g.*, *United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (evidence of defendant's specific acts improperly admitted because "character evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts"); *United States v. Rivera*, No. 13 Cr. 149, 2015 WL 1725991 (KAM), at *2 (E.D.N.Y. Apr. 15, 2015) (precluding evidence of charitable giving); *United States v. Fazio*, No. S2 11 Cr. 873 (KBF), 2012 WL 1203943, at *5 (S.D.N.Y. Apr. 11, 2012), ("[A] defendant may not affirmatively try to prove his innocence by reference to specific instances of good conduct; character is to be proven by reputation or opinion evidence."), *aff'd*, 770 F.3d 160 (2d Cir. 2014). The defendants should accordingly be expressly precluded from offering evidence or argument, including in their opening statements, concerning any charity, philanthropy, *pro bono* representations, civic or political activism, public service, or any other specific instance or

18

instances of prior alleged good or public-oriented acts, or the lack of commission of other bad acts, or lack of criminal history.

Nor should a defendant be permitted to suggest that any prior achievements or accomplishments make it less likely that he or she committed the charged crimes. To be sure, a defendant may seek to offer admissible evidence, if any exists, that he or she experienced financial success during the time period relevant to the charged conduct or had substantial means and thus had less of a financial motive to commit the crimes with which he or she is charged, just as the Government may offer evidence of the opposite. *See, e.g.*, *United States v. Bergstein*, 788 F. App'x 742, 745 (2d Cir. 2019) ("The evidence of [the defendant's] casino debts plainly reflects his motive to misuse [a victim's] money in efforts to repay [others] after misusing their investments to satisfy those debts."); *United States v. Li*, 133 F.3d 908, 1997 WL 796149, at *1 (2d Cir. 1997) ("evidence of [defendant's] debt . . . was properly admissible as evidence of motive"); *United States v. Reed*, 639 F.2d 896, 907 (2d Cir. 1981) ("[A] defendant's belief that he is in financial difficulty is admissible to show motive, and not unduly prejudicial."); *United States v. Hernandez*, 588 F.2d 346, 349 (2d Cir. 1978) ("[the Second Circuit] has long recognized the admissibility of [financial condition evidence] to establish motive in money-related offenses"); *United States v. Shyne*, No. S4 05 Cr. 1067 (KMK), 2007 WL 1075035, at *34 (S.D.N.Y. Apr. 5, 2007) ("Details of a defendant's financial history are often relevant to the motive of a defendant to commit a crime, especially if that crime involves pecuniary gain."); *see generally United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012); Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-18. But such evidence is very different from that offered to show an alleged propensity not to commit crimes, which is no more admissible than the reverse.

19

XI.    **EVIDENCE OR ARGUMENT CONCERNING THE DEFENDANTS' FAMILY, BACKGROUND, AGE, HEALTH, OR OTHER PERSONAL CHARACTERISTICS SHOULD BE PRECLUDED, ABSENT A SHOWING THAT SUCH PERSONAL MATTERS BEAR ON GUILT**

Finally, the Government is unaware of any lawful basis for any defendant to offer evidence or argument concerning his or her family background, ethnicity, marital status, ancestry, health, age, or any other similar factors.  (*Cf. e.g.*, Dkt. 137 at 1 ("Senator Robert Menendez is an American patriot, with a quintessential American success story. The son of Cuban emigres, Senator Menendez grew up in a tenement in Union City, New Jersey, [and] was educated in the public school system . . . .").)  Each defendant should be expressly precluded from doing so, and from mentioning such subjects in his or her opening statements, absent a showing, outside of the presence of the jury, that such a factor bears on his or her guilt and is not precluded under Rule 403.  *See, e.g.*, *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming preclusion of evidence that defendant had son with cerebral palsy whom defendant had devoted his life to care for); *United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (affirming preclusion of evidence designed "mainly to cast [the defendant] in the sympathetic light of a dedicated family man"); *United States v. Battaglia*, No. S9 05 Cr. 774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (precluding "evidence of Defendant's family and personal status" as not "relevant to the issue of whether Defendant committed the crimes charged"); *United States v. St. Rose*, No. 11 Cr. 349 (SJ), 2012 WL 1107659, at *1 (E.D.N.Y. Apr. 2, 2012) (precluding evidence of the defendant's immigration status because it does "not bear on the Defendant's innocence or guilt").

***

20

The Government respectfully reserves the right to file supplemental motions *in limine*, including after receiving disclosures from the defendants and notice of defense experts.[2]

## <u>CONCLUSION</u>

For the foregoing reasons, the Government's motions *in limine* should be granted.

Dated:  New York, New York
        April 5, 2024

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney

        By:     <u>s/ Daniel C. Richenthal</u>
                Eli J. Mark
                Daniel C. Richenthal
                Paul M. Monteleoni
                Lara Pomerantz
                Catherine Ghosh
                Assistant United States Attorneys
                (212) 637-2431/2109/2219/2343/1114

---

[2] Recently, Menendez advised the Government that by April 16, 2024 (the date the parties agreed that the defendants would provide expert notice), he intends to provide notice of an expert concerning his alleged reason(s) for keeping cash in his home.  Based on the limited information the Government has received to date about this alleged expert, the Government expects to move to preclude this potential witness and/or for a *Daubert* hearing.

21