# Exhibit A



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 29, 2024

**BY EMAIL**

Avi Weitzman, Esq. (aviweitzman@paulhastings.com)
Adam Fee, Esq. (adamfee@paulhastings.com)
David Schertler, Esq. (dschertler@schertlerlaw.com)
Danny C. Onorato, Esq. (donorato@schertlerlaw.com)
Lawrence S. Lustberg, Esq. (llustberg@gibbonslaw.com)
Anne M. Collart, Esq. (acollart@gibbonslaw.com)
Ricardo Solano, Jr. (rsolano@gibbonslaw.com)
Cesar de Castro, Esq. (cdecastro@cdecastrolaw.com)

  Re: *United States v. Robert Menendez, et al.*,
     S4 23 Cr. 490 (SHS)

Dear Counsel:

  Based on your request and the Court's recent scheduling order, the Government herein provides notice of certain evidence that it may seek to introduce in its case-in-chief at trial in the above-captioned matter, including potentially pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)").[1]

  <u>As to Robert Menendez</u>

  Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Robert Menendez's financial needs and desires, and those of his girlfriend and then-wife, co-defendant Nadine Menendez, prior to and during the time of the charged offenses, including communications with co-defendants and other conspirators regarding the same, as evidence of motive and/or evidence that is inextricably intertwined with evidence regarding the charged offenses. This evidence includes: (1) Robert Menendez's preference for expensive, luxury items, such as Bombay Sapphire Gin, cigars, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction; (2) Robert Menendez's

---

[1] The Government does not herein list evidence described in the S4 Indictment except to the extent it is intertwined with other evidence. The Government reserves the right to introduce in its case-in-chief all of the evidence described in the S4 Indictment. The Government also reserves the right to supplement this notice, including after receiving reciprocal discovery (which we have not received from any defendant), and defense exhibits and Rule 26.2 material, and to offer or use additional evidence in connection with the testimony of a defendant, should one testify, or in a rebuttal case, if any.

limited salary; (3) Nadine Menendez's preference for expensive, luxury items, such as handbags, jewelry, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction; (4) Nadine Menendez's lack of consistent remunerative work or other forms of meaningful income; (5) Nadine Menendez's desire for a new car, and in particular, a Mercedes-Benz; and (6) Nadine Menendez's residential mortgage being in arrears and her residence accordingly being subject to at least potential foreclosure.  *See, e.g.*, *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (evidence does not fall under Rule 404(b) "if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial"); *United States v. Li*, 133 F.3d 908, 1997 WL 76149, at *1 (2d Cir. 1997) ("evidence of [defendant's] debt . . . was properly admissible as evidence of motive"); *United States v. Reed*, 639 F.2d 896, 907 (2d Cir. 1981) ("[A] defendant's belief that he is in financial difficulty is admissible to show motive, and not unduly prejudicial."); *United States v. Hernandez*, 588 F.2d 346, 349 (2d Cir. 1978) ("[the Second Circuit] has long recognized the admissibility of [financial condition evidence] to establish motive in money-related offenses"); *United States v. Shyne*, No. S4 05 Cr. 1067 (KMK), 2007 WL 1075035, at *34 (S.D.N.Y. Apr. 5, 2007) ("Details of a defendant's financial history are often relevant to the motive of a defendant to commit a crime, especially if that crime involves pecuniary gain."); *see generally United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012); Sand et al., *Modern Federal Jury Instructions*, Instr. 6-18.

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Robert Menendez's failure to disclose as income on his individual federal tax returns things of value received from co-defendants and/or other conspirators during the course of the charged offenses, as evidence of consciousness of guilt (and it is also intertwined with evidence regarding his failure to report things of value on his Senate disclosure forms).  *See, e.g.*, *United States v. Deutsch*, 451 F.2d 98, 116 (2d Cir. 1975); *United States v. Black*, No. 13 Cr. 316 (DLI), 2014 WL 5783067, at *4-5 (E.D.N.Y. Nov. 5, 2014); *United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010).

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Fusion Diagnostics Inc. ("Fusion") paying Nadine Menendez, through her company Strategic International Business Consulting ("SIBC"), and Robert Menendez and Nadine Menendez receiving things of value, including household services and gifts, in exchange for Robert Menendez acting on Fusion's behalf, including by seeking to influence municipal authorities in various New Jersey cities to grant Fusion contracts and/or other authorization to perform COVID-19 testing.  As the Court found, the owner of Fusion was among the "alleged beneficiaries of the bribery scheme."  *United States v. Menendez*, S2 23 Cr. 490 (SHS), 2024 WL 912210, at *7 (S.D.N.Y. Mar. 4, 2024).  Such evidence is accordingly inextricably intertwined with evidence regarding the charged offenses.  *See, e.g.*, *Carboni*, 204 F.3d at 44.  In addition, this evidence is admissible to show, among other things, motive and intent (*i.e.*, acting for their personal financial interest), common scheme or plan (*i.e.*, use of SIBC as a conduit for bribes), and absence of mistake or accident (*i.e.*, actions corresponding with payments) with respect to Robert Menendez's and Nadine's Menendez's actions as charged.  *See* Fed. R. Evid. 404(b)(2).

The Government does not presently intend to present evidence regarding *United States v. Menendez, et ano.*, No. 15 Cr. 155 (WDW) (D.N.J.), but—if Robert Menendez opens the door—the Government reserves the right to introduce evidence of the prosecution or the underlying conduct to respond as warranted, including to show Robert Menendez's knowledge of the relevant criminal laws and absence of mistake or accident. The Government does not believe that notice of its reservation of such rights is required, nor should this notice be read as limiting the Government's ability to respond to arguments or evidence that the defendants may present on these or other matters.

<u>As to Nadine Menendez</u>

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Nadine Menendez's financial needs and desires, and those of her boyfriend and then-husband, co-defendant Robert Menendez, prior to and during the time of the charged offenses, including communications with co-defendants and other conspirators regarding the same, as evidence of motive and/or evidence that is inextricably intertwined with evidence regarding the charged offenses. This evidence includes: (1) Robert Menendez's preference for expensive, luxury items, such as Bombay Sapphire Gin, cigars, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction; (2) Robert Menendez's limited salary; (3) Nadine Menendez's preference for expensive, luxury items, such as handbags, jewelry, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction; (4) Nadine Menendez's lack of consistent remunerative work or other forms of meaningful income; (5) Nadine Menendez's desire for a new car, and in particular, a Mercedes-Benz; and (6) Nadine Menendez's residential mortgage being in arrears and her residence accordingly being subject to at least potential foreclosure. We refer you to the authorities cited above.

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Nadine Menendez's failure to disclose as income on her individual federal tax returns things of value received from co-defendants and/or conspirators during the course of the charged offenses, as evidence of consciousness of guilt. We refer you to the authorities cited above.

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Fusion paying Nadine Menendez, through her company SIBC, and Robert Menendez and Nadine Menendez receiving things of value, including household services and gifts, in exchange for Robert Menendez acting on Fusion's behalf, including by seeking to influence municipal authorities in various New Jersey cities to grant Fusion contracts and/or other authorization to perform COVID-19 testing. We refer you to the information and authorities cited above.

<u>As to Wael Hana</u>

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Hana's financial needs and desires, prior to and during the time of the charged offenses, including communications with co-defendants and other conspirators regarding the same, as evidence of motive and/or evidence that is inextricably intertwined with evidence regarding the

3

charged offenses. This evidence includes: (1) Hana's preference for expensive, luxury items, such as watches, jewelry, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction; and (2) prior to the success of IS EG Halal, Hana did not pay his debts as they were coming due, Hana's residence was foreclosed upon, and he had limited business success and limited funds.

Although we do not believe that it falls within Rule 404(b), we may offer evidence that, for years predating the charged offenses, Hana offered to and did work with the Government of Egypt, including to seek to obtain goods for potential military use, as evidence that is inextricably intertwined with evidence regarding the charged offenses and/or is background to the charged offenses and relationships between relevant persons. *See, e.g.*, *Carboni*, 204 F.3d at 44; *United States v. Gonzalez*, 110 F.3d 936, 941-42 (2d Cir. 1997); *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994); *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992). In addition, this evidence is admissible to show, among other things, Hana's motive (*i.e.*, to curry favor with the Government of Egypt), opportunity (*i.e.*, relationships with the Government of Egypt), knowledge (*i.e.*, of Egyptian Government officials and government structure), and absence of mistake or lack of accident (*i.e.*, *inter alia*, he acted knowingly and with an intent to seek to advance the perceived interests of the Government of Egypt). *See* Fed. R. Evid. 404(b)(2).

### As to Fred Daibes

Although we do not believe that it falls within Rule 404(b), we may offer evidence regarding Daibes's failure to disclose in connection with his individual federal tax returns that, during the time of the charged offenses, he provided certain things of value, exceeding the annual gift tax exclusion, to co-defendants Robert Menendez and/or Nadine Menendez, as direct evidence that these items were not gifts and as evidence of consciousness of guilt. We refer you to the authorities cited above.

While the Government intends to present certain facts regarding the federal prosecution of Daibes referenced in the S4 Indictment, including that Daibes was on pretrial release at the time of the commission of the charged offenses, *see* 18 U.S.C. § 3147(1), it does not presently intend to seek to prove Daibes's commission of the conduct underlying that prosecution. However, if Daibes opens the door, the Government reserves the right to present evidence of such conduct to respond as warranted, including to show Daibes's motive, intent, and absence of mistake or accident. The Government does not believe that notice of its reservation of such rights is required, nor should this notice be read as limiting the Government's ability to respond to arguments or evidence that the defendants may present on these or other matters.

5

        Very truly yours,

        DAMIAN WILLIAMS
        United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
        Eli J. Mark
        Paul M. Monteleoni
        Lara Pomerantz
        Daniel C. Richenthal
        Assistant United States Attorneys
        (212) 637-2431/2219/2343/2109