UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

ROBERT MENENDEZ et al.,

   Defendants.

Case No. S4 23 Cr. 490 (SHS)

# SENATOR ROBERT MENENDEZ'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE*

**PAUL HASTINGS LLP**

Adam Fee
Avi Weitzman
Robert D. Luskin
200 Park Avenue
New York, N.Y. 10166
(212) 318-6000

**JONES DAY**

Yaakov M. Roth (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939

*Attorneys for Defendant Robert Menendez*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    GOVERNMENT'S MOTION II
        (ARGUMENT CONCERNING WHETHER SENATOR MENENDEZ'S
        CONDUCT SHOULD HAVE BEEN HANDLED THROUGH THE
        POLITICAL PROCESS) ...................................................................................... 2

    GOVERNMENT'S MOTION IV
        (SENATOR MENENDEZ'S PRIOR CRIMINAL PROSECUTION).................. 5

    GOVERNMENT'S MOTION VIII
        (EVIDENCE OF OTHERS ENGAGING IN SIMILAR CONDUCT) ................. 6

    GOVERNMENT'S MOTION IX
        (EVIDENCE OF WHETHER THE CHARGED ACTS WERE GOOD
        FOR THE PUBLIC) ............................................................................................. 8

    GOVERNMENT'S MOTION X
        (EVIDENCE OF PRIOR GOOD ACTS TAKEN AS A SENATOR) .................. 9

    GOVERNMENT'S MOTION XI
        (EVIDENCE OF PERSONAL CHARACTERISTICS)...................................... 10

CONCLUSION.............................................................................................................................. 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chambers v. Mississippi*,
   410 U.S. 284 (1973) ................................................................................................................ 8

*Medlin v. Tedford*,
   No. 18-CV-5928 (ER), 2023 WL 3080664 (S.D.N.Y. Apr. 25, 2023) ..................................... 3

*United States v. Adelekan*,
   567 F. Supp. 3d 459 (S.D.N.Y. 2021) ................................................................................... 11

*United States v. Bankman-Fried*,
   No. S6 22-CR-0673 (LAK), 2023 WL 6283509 (S.D.N.Y. Sept. 26, 2023) ............................ 6

*United States v. Battaglia*,
   No. S9 05-CR-774 (KMW), 2008 WL 144826 (S.D.N.Y. Jan. 15, 2008) ............................. 11

*United States v. Benedetto*,
   571 F.2d 1246 (2d Cir. 1978) ................................................................................................ 10

*United States v. Berg*,
   710 F. Supp. 438 (E.D.N.Y. 1989) .......................................................................................... 7

*United States v. Blackwell*,
   853 F.2d 86 (2d Cir. 1988) ........................................................................................... 2, 10, 11

*United States v. Brandt*,
   196 F.2d 653 (2d Cir. 1952) ................................................................................................ 2, 8

*United States v. Collorafi*,
   876 F.2d 303 (2d Cir. 1989) ................................................................................................ 4, 8

*United States v. Daugerdas*,
   No. S3 09-CR-581 (WHP), 2011 WL 573587 (S.D.N.Y. Feb. 16, 2011) ............................... 5

*United States v. Fazio*,
   No. S2 11-CR-873 (KBF), 2012 WL 1203943 (S.D.N.Y. Apr. 11, 2012) ............................ 10

*United States v. Gatto*,
   986 F.3d 104 (2d Cir. 2021) ................................................................................................ 7, 8

*United States v. Harris*,
   491 F.3d 440 (D.C. Cir. 2007) ............................................................................................... 11

*United States v. Kaplan*,
    490 F.3d 110 (2d Cir. 2007)..................................................................................................7

*United States v. Knox*,
    687 F. App'x 51 (2d Cir. 2017) ............................................................................................5

*United States v. Kurland*,
    No. S1 20-CR-306 (NGG), 2022 WL 2669897 (E.D.N.Y. July 11, 2022) .............................6

*United States v. Litvak*,
    808 F.3d 160 (2d Cir. 2015).......................................................................................1, 6, 7, 8

*United States v. Oldbear*,
    568 F.3d 814 (10th Cir. 2009) .............................................................................................7

*United States v. Paccione*,
    949 F.2d 1183 (2d Cir. 1991)..............................................................................................11

*United States v. Reynoso-Hiciano*,
    No. 22-1044-CR, 2024 WL 461706 (2d Cir. Feb. 7, 2024).........................................................3

*United States v. Rivera*,
    No. 13-CR-149 (KAM), 2015 WL 1725991, (E.D.N.Y. Apr. 15, 2015) .................................10

*United States v. Saldarriaga*,
    204 F.3d 50 (2d Cir. 2000)....................................................................................................5

*United States v. Sittenfeld*,
    No. 1:20-CR-142 (DRC), 2022 WL 2192955 (S.D. Ohio June 17, 2022) ..........................9, 10

*United States v. St. Rose*,
    No. 11-CR-349 (SJ), 2012 WL 1107659 (E.D.N.Y. Apr. 2, 2012) ........................................11

*United States v. Washington*,
    No. 21-CR-603 (VEC), 2023 WL 6219203 (S.D.N.Y. Sept. 22, 2023) .................................11

*United States v. Whitehead*,
    No. 22-CR-692 (LGS), 2024 WL 659940 (S.D.N.Y. Feb. 16, 2024).......................................1

**Other Authorities**

Fed. R. Evid. 404 ...............................................................................................................10

Fed. R. Evid. 404(b).............................................................................................................5

## INTRODUCTION

Senator Robert Menendez is innocent and the government will not be able to prove otherwise.  In light of his actual innocence, the Senator will have no need to resort to irrelevant evidence and argument.  He therefore does not oppose the majority of the government's boilerplate motions *in limine* – most of which seek to preclude evidence and argument that is improper in any event.[1]

However, to the extent government's motions seek to improperly limit Senator Menendez's ability to defend himself, they must be denied.  *First*, the government tries to preclude critical evidence undermining its proof of the Senator's state of mind in engaging in the conduct alleged in the Indictment.  For instance, the government wants to bar Senator Menendez from presenting evidence that his alleged conduct was undertaken for the purpose of serving his constituents and the American people, as opposed to personal financial gain or for the benefit of Egypt.  *See* Government's Motions ("Gov. Mots.", ECF No. 291) VIII - X.  Excluding such evidence, though, would run afoul of the Second Circuit's strong admonition that "no events or actions which bear even remotely on [a defendant's lack of criminal intent] should be withdrawn from the jury unless the tangential and confusing elements interjected by such evidence clearly outweigh its relevance."  *United States v. Litvak*, 808 F.3d 160, 190 (2d Cir. 2015) (emphasis

---

[1] Specifically, Senator Menendez does not oppose the government's motions *in limine* numbered I, III, V, VI, and VII in any way, and only submits partial challenges to motions II, IV, and VIII.  It is disappointing that the government did not even attempt to confer with the defense prior to submitting these generic motions; undoubtedly, the parties could have reached agreement as to least some of them and saved the parties and court valuable time in the period directly leading up to trial.  In any case, Senator Menendez respectfully requests that the Court deny the government's motions I, III, V, VI, and VII as moot, and do the same with respect to the portions of motions II, IV, and VIII not expressly challenged herein.  *See, e.g.*, *United States v. Whitehead*, No. 22-CR-692 (LGS), 2024 WL 659940, at *2 (S.D.N.Y. Feb. 16, 2024) (denying unopposed motions *in limine* as moot).

1

added) (quoting *United States v. Brandt*, 196 F.2d 653, 657 (2d Cir. 1952)).  Here, the government has not shown that the relevance of this evidence would be "clearly" outweighed by the risk of confusion; indeed, the only "confusion" that may result is the search for the government's contrary evidence establishing the requisite scienter and the government's efforts to muzzle the Senator's ability to explain his conduct.

*Second*, the government aims to prevent the Senator from presenting evidence about his life, background, and experience as a U.S. Senator, *see* Gov. Mots. XI, even though "[s]uch evidence is routinely admitted without objection" as it "tells the jury something about the defendant as a person, and his experience in life" and is probative of a defendant's credibility, among other things.  *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988).  Here, the government has not provided sufficient basis to override the well-established practice of permitting a defendant to introduce limited evidence of his background, and so motions directed to such evidence should be denied as well.[2]

## ARGUMENT

The reasons why certain of the government's motions must be denied, on the merits, in full or in part, are set forth below.

**<u>Government's Motion II</u> (argument concerning whether Senator Menendez's conduct should have been handled through the political process):** Senator Menendez does not intend to argue to the jury that the charges against him should be adjudicated through the political process (as opposed to the legal process), and so does not oppose that portion of the

---

[2] Of course, by denying the challenged motions *in limine*, the Court would nonetheless have the discretion to make evidentiary rulings on a case-by-case basis as needed.  The government's motions, on the other hand, seek exclusion of entire categories of evidence writ large, irrespective of context.  For the reasons stated herein, the government has not shown that it is entitled to such drastic relief.

government's motion, which should be denied as moot. But the government goes too far with its companion request to preclude evidence and argument that "the Government or one of its law enforcement partners should have warned [Senator Menendez]" that Egypt was recruiting him as a foreign agent, or that the government should have "somehow intervened" to prevent the Senator's alleged service to Egypt. ECF No. 291 at 7.

The absence of a warning from counter-intelligence officials to Senator Menendez that he was potentially compromised by the Egyptian government (or an attempt to intervene to prevent the same) undercuts the plausibility of the government's theory that Senator Menendez acted as an Egyptian agent in two ways. First, the notion that counter-intelligence agencies would sit idly by *for five years* while the Chair of the Senate Foreign Relations Committee acted as an agent of a foreign power defies common sense and exposes the lack of evidence supporting the government's belated allegations to the contrary. Senator Menendez should be permitted to so-argue to the jury. *See United States v. Reynoso-Hiciano*, No. 22-1044-CR, 2024 WL 461706, at *3 (2d Cir. Feb. 7, 2024) (the "prosecutor's rebuttal summation permissibly appealed to the jury's common sense"); *Medlin v. Tedford*, No. 18-CV-5928 (ER), 2023 WL 3080664, at *17 (S.D.N.Y. Apr. 25, 2023) ("the actual strategy adopted by the defense at trial—to appeal to the jury's common sense . . . was part of a coherent and legitimate overall defense strategy").

Second, the absence of such warnings or intervention attempts is probative of the Senator's scienter. Indeed, the fact that Senator Menendez received no such warning tends to show that he had no reason to suspect that his routine diplomatic interactions with Egyptian officials were improper, undermining the inference the government will argue regarding Senator Menendez's intent. Conversely, if Senator Menendez had been warned that he was being targeted as a foreign agent and ignored such warnings, that fact would clearly be relevant and

3

central to the government's case. *See United States v. Collorafi*, 876 F.2d 303, 306 (2d Cir. 1989) ("[e]vidence of warnings by government agents, followed by continued activity of the same character, is certainly relevant" to intent). The absence of such a warning is evidentiary for the same reason. It also undermines the Senator's alleged knowledge that others in the United States may have been acting as agents of a foreign principal, as the government alleges. *See* S4 Indict. ¶ 15 (alleging that Defendant Wael Hana was obligated to register as a foreign agent).

The government's claim that introduction of this narrow category of evidence and argument will "likely require a trial within a trial" (ECF No. 291 at 7) is a red herring. Senator Menendez has no intention of presenting detailed argument or evidence about the structure of the U.S. counter-intelligence apparatus, for example. The lack of a warning from counter-intelligence officials will be undisputed.[3] He may simply argue that common sense tells you that, were the U.S. government in possession of actual evidence that a foreign power had infiltrated the U.S. Senate, they would have done something about it long before filing the charges in this case. He will ask the jury to consider that the conceded lack of intervention undermines any inference that the Senator acted as a foreign agent in the first place, and demonstrates that he lacked warning and knowledge to suspect that others were undertaking efforts to manipulate or compromise him. Such argument is decidedly admissible, and the government's authorities—which merely concern the non-analogous issue of the admissibility of

---

[3] On March 18, 2024, the defense demanded production from the government of communications "where the subject of potentially contacting [Senator] Menendez prior to his arrest in this case regarding the purported foreign influence schemes alleged in the indictment, or any other foreign influence schemes being investigated in connection with [Senator] Menendez." The government has refused to produce any relevant documents. *See* **Exhibit 1** attached hereto. While we reserve our rights to seek such documents, the government's refusal to produce any documents proves no detailed factual development is needed on this issue, and that there will be no "trial within a trial" as the government contends.

4

evidence of wrongful governmental failure to act – are not to the contrary.[4] Senator Menendez is not planning to argue that the government did something *wrong* in failing to intervene in his interactions with Egyptian officials; he just reserves the right to argue that the lack of any such warning reflects the true facts that he was not an agent for any foreign principal and the intelligence agencies did not believe or act otherwise.

**Government's Motion IV (Senator Menendez's prior criminal prosecution):** Senator Menendez welcomes the government's apparent concession to the *Senator's* motion *in limine* to bar evidence of the government's prior (unsuccessful) criminal prosecution of him. *See* ECF No. 293 at 3-5. Given this motion, the parties now seemingly agree that any prior charge against the Senator has "no place at trial," ECF No. 291 at 10, and so this motion should largely be denied as moot.

That said, the government's concluding assertion that, "if [Senator] Menendez *were to choose to testify*" the government "might" cross him on his prior case, Gov. Mots. at 10-11 (emphasis added), must be rejected both because it represents a significant and untimely expansion of the government's Rule 404(b) Notice and because such evidence is inadmissible (for the reasons detailed in Senator Menendez's motion *in limine*). In its 404(b) Notice, the government stated that it would only seek to examine the Senator on his prior criminal case "if Robert Menendez opens the door," but said nothing about offering such evidence based solely on Senator Menendez's choice to testify. ECF No. 293-1 at 3. The Court should not permit the government to belatedly expand its intended submission of 404(b) evidence in this way. *See United States v. Daugerdas*, No. S3 09-CR-581 (WHP), 2011 WL 573587, at *2 (S.D.N.Y. Feb.

---

[4] See ECF No. 291 at 7 (citing *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000)).

5

16, 2011) (precluding untimely noticed 404(b) evidence). This motion – to the extent it seeks an Order broadening the government's license to introduce 404(b) evidence beyond that identified in the 404(b) Notice – should be denied. And such evidence would be inadmissible anyway, as it impermissibly seeks to argue that failed accusations of prior criminal conduct are somehow relevant to the charges at issue here.

**Government's Motion VIII (evidence of others engaging in similar conduct):** Like the two motions above, Senator Menendez has no challenge to the core concern of this motion and no plan to argue that he should be acquitted because other people broke the law, too, but were not prosecuted. *See* ECF No. 291 at 15 (seeking to preclude evidence that "others engaged in similar conduct and were not prosecuted"). That portion of the motion should be denied as moot.

Senator Menendez should be permitted, however, to present evidence that his charged conduct is routine or typical for a U.S. Senator and argue that this fact tends to undermine any inference of corrupt intent. Evidence of a defendant acting in accordance with common practice in his industry or field is admissible to defend against allegations of scienter. *See Litvak*, 808 F.3d at 190 (2d Cir. 2015) (evidence of "supervisor's approval of [defendant's] colleagues substantially similar behavior" admissible to show defendant's "honest belief that his conduct was not improper or unlawful"); *United States v. Kurland*, No. S1 20-CR-306 (NGG), 2022 WL 2669897, at *17 (E.D.N.Y. July 11, 2022) (admitting evidence that defendant "didn't think he needed to hide his interests in various investment entities, and as a result, lacked culpable intent"); *cf. United States v. Bankman-Fried*, No. S6 22-CR-0673 (LAK), 2023 WL 6283509, at *4 (S.D.N.Y. Sept. 26, 2023) (deferring decision on government's motion in limine to exclude "evidence that others in comparable businesses were engaging in practices such as those for which defendant is charged" and finding that, depending on the facts presented at trial, such

6

evidence "may be relevant to whether defendant had a good faith belief in the permissibility of his conduct").

Senator Menendez should be permitted to present evidence that other members of the Senate regularly meet with foreign officials, engage with such officials on position statements, and perform acts of advocacy for constituents and their businesses; and that he knew about such conduct on the part of other Senators at the relevant time. Such evidence would undermine the government's suggestion that the Senator acted improperly by meeting with foreign officials in his office or in foreign countries, as the government has alleged in its Indictment. S4 Indict. ¶¶ 19-21. The jury must be in a position to place the Senator's conduct in context. To the extent Senator Menendez took the meetings alleged in the Indictment, he had an "honest belief that his conduct was not improper or unlawful." *Litvak*, 808 F.3d at 190.

The cases the government cites are inapposite because Senator Menendez does not intend to argue that others engaged in unlawful activity (*see United States v. Gatto*, 986 F.3d 104, 129 (2d Cir. 2021); *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009)) (precluding an "everybody-is-doing-it defense"); *United States v. Berg*, 710 F. Supp. 438, 445 (E.D.N.Y. 1989)), or that others knew that the Senator was behaving unlawfully but did not intervene (*see United States v. Kaplan*, 490 F.3d 110, 121-22 (2d Cir. 2007)). Rather, he intends only to argue that he lacked criminal intent, and evidence that many other Senators lawfully took the same actions as Senator Menendez—meeting with foreign governments and then advocating for the same position the foreign government urged—may make an inference of no criminal intent "more plausible" to the jury. *Litvak*, 808 F.3d at 190.

**Government's Motion IX (evidence of whether the charged acts were good for the public):**

The government's opening concession—that evidence that Senator Menendez "did not contemporaneously have the requisite mental state" to be guilty of the charged crimes is "admissible" (Gov. Mots. at 17)— should dispose of this motion.  While the government is correct that a defendant accused of bribery cannot avoid liability by arguing in *hindsight* that the acts for which he agreed to take bribes should or would have been undertaken anyway, Senator Menendez has no intention of so-arguing.

Instead, Senator Menendez may present evidence and argument regarding his contemporaneous beliefs about his actions; namely, that they were good for the American people and the people of New Jersey and were undertaken by the Senator for those salutary purposes, not the ulterior purposes alleged in the Indictment.  Put another way, Senator Menendez does not intend to argue that it is lawful to accept bribes so long as the official would have taken the same acts anyway; rather, he intends to argue that he *did not* accept bribes because he acted in the best interests of the public and his constituents, not as a result of a corrupt agreement.

That evidence is plainly admissible.  See *Litvak*, 808 F.3d at 190 ("no events or actions which bear <u>even remotely</u> on [a defendant's lack of criminal intent] should be withdrawn from the jury"); *Collorafi*, 876 F.2d at 305 (same); *Brandt*, 196 F.2d at 657 (same).  Indeed, we would certainly expect the parties to agree on an instruction that if Senator Menendez acted for entirely legitimate reasons, that would be a complete defense to liability, and, accordingly, the Senator should be able to put on evidence in support of that defense.  See *Gatto*, 986 F.3d at 129 (affirming a jury instruction that good faith is a "complete defense" to fraudulent intent). Any effort to circumscribe such evidence would constitute reversible error and deprive the Senator of his right to defend against the charges in this case. *Chambers v. Mississippi*, 410 U.S. 284, 294

8

(1973) ("A person's right . . . to be heard in his defense—a right to his day in court—[is] basic in our system of jurisprudence").

**Government's Motion X (evidence of prior good acts taken as a Senator):** Senator Menendez should be permitted to introduce evidence of his record as a Senator on issues relevant to the charged conduct in this case.  For example, the Senator should be permitted to present evidence that his stances did not materially change over the years (despite the government's allegations to the contrary) or that he routinely and lawfully takes action to advocate for business and other interests of his constituents (and has never required a bribe to do so), and likewise to argue that these actions – like the actions alleged in the Indictment – were done with the best interests of the Senator's constituents and the American people at heart.

Analysis of this issue from a recent case charging a former city councilman with corruptly directing development contracts to campaign donors is instructive.  There, while the court excluded general testimony regarding good acts unrelated to the charged conduct, the court allowed testimony concerning the councilman's prior conduct as it relates to development.  *See United States v. Sittenfeld*, No. 1:20-CR-142 (DRC), 2022 WL 2192955, at *13 (S.D. Ohio June 17, 2022).  As the court explained:

> "Imagine, for example, that [the councilman] had never before promoted any development project, but instead had always lobbied his colleagues against them. And then further imagine that, after accepting a campaign contribution from a particular donor, he proceeded to promote only that donor's project, but no other. That could support an inference that [the councilman] had agreed to provide such support in exchange for the contribution. <u>If, on the other hand,</u> <u>he had always supported such development projects, that could tend to negate any inference that might otherwise arise that [the councilman] intent was to exchange support for the project for campaign contributions as part of a quid pro quo</u>."

*Id.* at *13 (emphasis added).

The reasoning in *Sittenfeld* fits this case like a glove and is consistent with case law in this Circuit holding that courts should liberally admit evidence bearing on a defendant's intent. If the evidence shows that Senator Menendez's acted consistently throughout the relevant period, routinely advocated for constituent-owned businesses before federal regulators, and otherwise took acts consistent with the acts charged in the indictment for the benefit of his constituents, "that could tend to negate any inference that might otherwise arise" that the Senator took the charged conduct as part of a corrupt quid pro quo, an indisputably proper purpose. *Id*.

The cases cited by the government all concern evidence proffered under an exception to Federal Rule Evidence 404 and otherwise wholly divorced from the charged conduct and are thus inapposite. *See United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978) (excluding evidence merely from witnesses merely stating that "defendant had not taken bribes at their respective plants"); *United States v. Rivera*, No. 13-CR-149 (KAM), 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015) (precluding evidence of charitable giving); *United States v. Fazio*, No. S2 11-CR-873 (KBF), 2012 WL 1203943, at *5 (S.D.N.Y. Apr. 11, 2012) (precluding evidence of "good deeds"). Here, Senator Menendez is not seeking to submit generalized character evidence, but rather specific evidence of his intent based on conduct closely related to the matters alleged in the Indictment.

**<u>Government's Motion XI</u> (evidence of personal characteristics):** It is well-established that a defendant may present "evidence concerning his background, such as information about his education and employment" and that "[s]uch evidence is routinely admitted without objection." *Blackwell*, 853 F.2d at 88 (admitting evidence of a defendant's military service); *see also*

*United States v. Washington*, No. 21-CR-603 (VEC), 2023 WL 6219203, at *10 (S.D.N.Y. Sept. 22, 2023) (evidence of a defendant's background is admissible "if a defendant chooses to testify"); *United States v. Adelekan*, 567 F. Supp. 3d 459, 471 (S.D.N.Y. 2021) (evidence of background "is universally offered and admitted as an aid to understanding" a defendant's life story and conduct).

The reason for this rule is that background evidence tells "the jury something about the defendant as a person, and his experience in life" which is "of some value to the jury in assessing [the defendant's] credibility" especially where the defense "primarily consist[s] of an exculpatory story." *Blackwell*, 853 F.2d at 88.  To be sure, Senator Menendez does not intend to elicit gratuitous sympathy through stories of irrelevant personal hardship (as in the authorities the government cites[5]).  But if he were to testify, Senator Menendez should be permitted to introduce himself to the jury, including through evidence of his background, education, and employment history, such that the jury can make the most reliable judgment about the Senator's credibility, motive, intent, and (ultimately) guilt or innocence.

---

[5] *United States v. Paccione,* 949 F.2d 1183, 1201 (2d Cir. 1991) (excluding evidence of a defendant's child's serious disability); *United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (excluding "testimony whose purpose was, in the court's judgment, purely or mainly to cast [defendant] the sympathetic light"); *United States v. Battaglia*, No. S9 05-CR-774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (barring evidence of family and personal status that "appears not to be relevant to the issue of whether Defendant committed the crimes charged"); *United States v. St. Rose*, No. 11-CR-349 (SJ), 2012 WL 1107659, at *1 (E.D.N.Y. Apr. 2, 2012) (defendant shall not argue that she should be acquitted out of sympathy for her, her family, or her immigration status).

## CONCLUSION

For the reasons set forth herein, the Government's motions in limine – to the extent challenged – should be denied on the merits. To the extent not challenged, the government's motions should be denied as moot.

Respectfully submitted,

  /s/ Adam Fee

**PAUL HASTINGS LLP**

Adam Fee
Avi Weitzman
Robert D. Luskin
200 Park Avenue
New York, N.Y. 10166
(212) 318-6000


**JONES DAY**

Yaakov M. Roth (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939


*Attorneys for Defendant Robert Menendez*