

April 16, 2024

<u>VIA ECF</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)

Dear Judge Stein,

We respectfully submit this letter on behalf of Defendants Robert Menendez, Wael Hana and Fred Daibes to update the Court, in response to yesterday's order, regarding the parties' "attempt to negotiate a stipulation of simply the necessary facts." Dkt. No. 322. Earlier this morning, all defendants informed the government they were prepared to sign the attached stipulation. We believe this stipulation addresses the "necessary facts" detailed in Paragraph 53(c) of the Indictment. We have not yet heard back from the government as to its position regarding the attached stipulation, despite our request for the government's position by 12 pm today so that we may timely comply with Your Honor's order.

To be sure, the government's prior version of the stipulation, which the government sent to defense counsel at 12:22 am this morning, included several statements regarding, among other things, details of the plea discussions between Daibes and the government. We believe that those details are inadmissible under Fed. R. Civ. P. 11 and FRE 410, and in any event are not "necessary facts" given the government's acknowledgement in the Indictment that the plea discussions were not influenced by any communications with Senator Menendez. *See* S4 Indict. ¶ 54 ("Official-3 and Official-4 did not pass on to the prosecution team the fact that ROBERT MENENDEZ, the defendant, had contacted them as described in the above paragraphs, and they did not treat the case differently as a result of the above-described contacts."). To date, the prosecution team has not articulated to undersigned counsel why they believe the details of any plea discussion (*e.g.*, felony vs. misdemeanor) are relevant to this case, or why it requires Mr. Lustberg's testimony to establish those facts.[1] Because the substance of any plea discussions are irrelevant to the case, inadmissible, and unfairly prejudicial to the defendants, they should not be included in any stipulation beyond the neutral summary in Paragraph 1(h), (i), (r) in the attached

---

[1] To the extent that the government believes that the details of the plea discussions are somehow relevant, it can call other witnesses, such as the government prosecutors handling the Daibes N.J. Prosecution, to testify regarding the plea discussions.

**PAUL HASTINGS**

stipulation. Accordingly, the attached stipulation, which we have sent to the government, should obviate the need for the government to call Mr. Lustberg as a witness at trial.[2]

Finally, because the attached stipulation covers all "necessary facts," the government's refusal to accept this stipulation is a pretext for attempting to disqualify Mr. Lustberg and delay the trial, contrary to the Court's repeated rulings.  The Court should reject the government's tactic and order production of its 3500 material, exhibits, and witness list today, so that the parties can promptly proceed to trial.  The government manufactured this delay, which is prejudicing defendants disproportionately.

Respectfully submitted,


*/s/ Adam Fee*
Adam Fee
Avi Weitzman

---

[2] Given the Court's guidance that the stipulation should concern only "the necessary facts," defendants have not included facts in here that they would otherwise attempt to establish through an examination of Mr. Lustberg.