

April 26, 2024

VIA ECF

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   United States v. Menendez, et al., No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

On behalf of Senator Robert Menendez, we respectfully submit this letter to request an order directing the government to comply with the Court's prior order requiring pretrial disclosure of the government's exhibit list. To date, the government has failed to disclose the actual exhibits it intends to offer at trial. It has instead provided a purported "exhibit list" identifying over 38,000 possible exhibits, nearly all of which it concededly does not intend to seek admission of at trial. As discussed below, the government's continued refusal, after extensive meet and confers, to identify its "true" trial exhibits now requires the Court's intervention.

The Court originally ordered the government to produce all Section 3500 materials and its exhibit list by April 15, 2024. See ECF No. 247. The government sought extensions of that deadline twice, and ultimately agreed to produce the materials on April 19, 2024. See ECF No. 341; see also April 19, 2024 Transcript at 12. At each point, the government represented that it had its trial exhibits ready for production to the defense. See ECF 318 at 4 (April 14 letter from government stating "the Government is ready to produce 18 U.S.C. § 3500 material and trial exhibits tomorrow"); see also ECF 336.

On April 19, the government produced an "exhibit list" that purported to contain 1,435 numbered "exhibits." However, upon further review, we discovered that the government's exhibit list actually included *38,000 separate exhibits*. Put simply, the government's exhibit list was not a list of exhibits to be offered at trial at all. Instead, the government's list grouped together hundreds, and sometimes thousands, of standalone exhibits, only some of which it actually intends to offer at trial, and listed these collectively as a single exhibit, without identifying which documents in this morass it actually intends to offer as a trial exhibit.



Hon. Sidney H. Stein
April 26, 2024
Page 2

The litany of problems with the government's April 19 exhibit list (attached as Exhibit A under seal) are too long to detail fully here. A few examples, though, make the abuses clear.

*First*, the government has obscured its exhibit list by marking massive documents containing years-long correspondence as proposed exhibits without identifying which communications the government actually intends to offer as evidence. For example, GX A-101 is a 4,579 page document of text messages between Senator Menendez and Nadine Menendez over the course of five years. "GX E108" is a 3,661 page document containing four years' worth of text messages between two individuals (Jose Uribe and Associate-2 in the Indictment). Exhibit B-105 is a 753 page exhibit containing all text messages sent between two Indicted Defendants over a 2.5 year time span. Exhibit B-209 is a 306 page document consisting of all text messages between two other Indicted individuals over the course of three years. The April 19 exhibit list, however, did not identify which of these communications the government actually intends to offer as evidence. It is beyond dispute that the government cannot simply litter the record with thousands of pages of irrelevant communications.

*Second*, the government has obscured which physical evidence, photographs, documents, and videos it intends to offer at trial. For example, the government has included on its exhibit list dozens of exhibits identified solely as "Physical Evidence seized from search of Englewood Cliffs Residence," without any further description. *See* GX 19-67. There is no way for us to know which physical evidence these exhibits refer to, and the government did not disclose additional details upon request. Similarly, "GX E108-AF" is a "folder of attachments" containing 115 photographs, screenshots, and videos attached to messages during the four-year text exchange between Jose Uribe and Associate-2. To our knowledge, almost none of the exhibits in these "folder[s] of attachments" have any relevance to this case or the government's allegations. The Defense should not be left guessing which physical evidence and other materials the government intends to offer at trial.

Indeed, over 80 times on its purported exhibit list, the government has marked "folders" as a single exhibit, when, in fact, they contain hundreds or thousands of documents, images and videos, without identifying which of these the government will actually offer at trial. To take just a handful of additional examples, "B104-AF" is a folder of 2,089 standalone exhibits; "F101-AF" is a folder of 422 standalone exhibits; "A110-AF" is a folder of 222 standalone exhibits; and "A113-PH" is a folder of 484 standalone exhibits. Similarly, exhibits "GX C102-AF" and "GX B202-AF" are marked as single exhibits on the government's list, but consist of thousands of items, including, for example, pictures of a soup can, a cartoon duck, and a turkey. The government, however, still refuses to disclose, as it must, which of these materials it will offer at trial.

We have attempted to meet and confer with the government, to no avail. We asked the government to identify which particular text messages and other documentary, photographic, or



video evidence they intend to offer within these large aggregate exhibits they've marked as single line items, but the government's response on April 24 failed to cure the deficiencies. While the government claimed that it will be marking these large folders of material for identification purposes only, it acknowledged that it intends to offer a portion of the marked exhibits at trial. The government, however, was not prepared to identify which text messages, photographs, or other pieces of evidence within these large "folders" it plans to offer. Instead, the government said that it will identify all "sub-exhibits" at some unidentified future date. Those "sub-exhibits"—which the government has explained are "exhibits that are subparts of larger exhibits"—are precisely what the government should have produced on April 19 to comply with the Court-ordered deadline, but failed to do so.

Two nights ago, the government provided Defendants with an "updated exhibit index" that did not cure the deficiencies described above, although it did identify 1,397 new exhibits. Some of those new exhibits surely are "sub-exhibits" that the government said they would produce on a rolling basis without any deadline. Even still, the exhibit list continues to suffer from the same deficiencies identified above because the government has not yet identified all the text messages, photographs, videos, and documents it actually intends to offer at trial and has not produced all the "sub-exhibits" that should have been disclosed on April 19. Nor has the government offered any estimate of when it will actually identify its genuine exhibit list, instead stating that it will produce "summary charts" at some point before or during the trial that, for the first time, will tell the Defense what the government will actually offer at trial.[1] Most recently, earlier today, the government stated "we will share our first draft summary exhibits when they are ready, which we expect to be soon," but again provided no date certain for the production of all of its summary charts.

In short, the government has failed to meet the court-ordered deadline, and has instead treated it as a process of narrowing—barely—the scope of discovery that could potentially be offered at trial. The government's interpretation of the Court's deadlines as indeterminate, rolling deadlines is the sort of "trial by ambush" that pretrial deadlines are designed to prevent. Trial starts in two weeks. After five years of investigation and seven months since indictment, the government surely knows what evidence it will seek to introduce at trial. And it is not the 38,000 exhibits included on its so-called "exhibit list." Each additional day the government fails to provide an exhibit list results in potential trial delay, which is exactly what the Senator has sought to avoid in insisting on a prompt trial.

---

[1] In an effort to expedite the delivery of the government's summary charts, undersigned counsel executed a summary chart stipulation one hour after receiving the draft that the government first circulated on April 24. The government has yet to provide a single summary chart to counsel.



Hon. Sidney H. Stein
April 26, 2024
Page 4

      Accordingly, we ask that the Court "so order" this letter directing the government to produce no later than 5:00 p.m. on Monday, April 29 (1) an exhibit list that identifies each text message, document, photograph, video, and piece of physical evidence the government actually intends to offer at trial (rather than just mark for identification), with the corresponding bates range for each individual exhibit;[2] and (2) the summary charts that it intends to show the jury. The government has delayed complying with its pretrial obligations for far too long, and it must remedy its failure quickly in order to permit the defendants to be ready for trial by May 13.

      Respectfully submitted,

*/s/ Adam Fee*

Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*

---

[2] The government should be required to identify the particular bates number for each exhibit, rather than vast bates ranges for large conglomerates of exhibits, in order to permit the defense to identify where the evidence was in the government's productions. This is important for multiple reasons, including the fact that the government has recently produced documents that it should have produced months ago but inexplicably failed to do so. Indeed, the government production of its potential exhibits oddly omitted the Bates stamping for many exhibits, and failed to provide any metadata associated with each exhibit, thereby obscuring important information that Defendants need to evaluate the admissibility of the evidence.