

May 2, 2024

<u>**VIA ECF**</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>*United States v. Menendez et al.*</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We respectfully submit this letter to advise the Court of the prosecutors' breach of the Court's order, and to seek the Court's intervention.

Yesterday, at 11:34 p.m., the government filed a motion *in limine* seeking to preclude the testimony of the defense expert, Dr. Karen Rosenbaum.  ECF No. 367.  In connection with that motion, the government – without warning to or contact with the defense – publicly revealed deeply private and sensitive details about Senator Menendez's personal history and mental health diagnoses.[1]

Among other disclosures, the government's submissions revealed publicly (<u>for the first time ever</u>) that (i) early in his life, Senator Menendez experienced "traumatic events" which led to a "fear of scarcity" and the development of seemingly unusual "coping mechanisms"; and (ii) among those traumatic events was the death "of Senator Menendez's father, a compulsive gambler, [who] died by suicide after Senator Menendez eventually decided to discontinue paying off his father's gambling debts." *E.g.*, ECF No. 367 at 11.  Within hours, as the government surely anticipated, major news publications including the *New York Times,* the *New York Post,* Newsmax, and other major outlets, broadcast this sensitive medical and personal information, likely infecting the pool of potential jurors.[2]

---

[1] We have filed this letter publicly because the information in the government's submissions has already become widespread.

[2] *See* Menendez Lawyers Cite 'Traumatic' History to Explain His Cash Stockpile, *New York Times*, May 2, 2024 (available at https://www.nytimes.com/2024/05/02/nyregion/menendez-psychiatrist-cash-stockpile.html); Feds reject 'Gold Bar' Bob Menendez move to call shrink for testimony that he stashes cash at home due to past trauma, *New York Post*, My 2, 2024 (available at https://nypost.com/2024/05/02/us-news/feds-reject-gold-bar-bob-menendezs-move-to-call-shrink-for-testimony-he-stashes-cash-at-home-due-to-past-trauma/); Sen. Menendez Defense:



Hon. Sidney H. Stein
May 2, 2024
Page 2

The government's conduct violated the Court's directive that the parties meet and confer regarding redactions to the government's *Daubert* filings. Specifically, at a conference held on April 29, 2024, the parties and the Court had a lengthy colloquy about Senator Menendez's position that the expert notice is covered by the protective order and cannot be filed publicly. The government stated that it disagrees with that position, and proposed to file the expert notice publicly, only redacting personal identifying information such as the expert's phone number. *See* Ex. A (April 29, 2024 Conf. Transcript) at 9:17-10:3. Counsel for Senator Menendez objected, stating that the entire notice has "terribly sensitive information relating to mental examinations of a public figure" and therefore must "not [be] filed publicly." *Id.* at 10:4-8. Counsel specifically noted the risks facing the defense if the notice was filed publicly and the Court ultimately decided to exclude the testimony. *Id.* at 10:11-22.

After hearing Defendant's concerns regarding public disclosure, the Court and parties engaged in the following discussion:

> **The Court**: . . .is there a diagnosis that you're presenting in court in these papers?
>
> **Mr. Fee**: Yes, that is exactly what is referenced in the papers.
>
> **The Court**: All right. You can redact the diagnosis itself. Everything else is publicly filed.
>
> **Mr. Richenthal**: I'm sorry, your Honor. This may be difficult to do without the document in front of you. There's no diagnosis. It asserts a purported –
>  . . .
>
> **Mr. Fee**: May I suggest that we have a back and forth with the government, and then if we need to, as a last-ditch effort, we could come to the Court with a letter?
>
> **The Court**: All right. If need be. . . .

*See* Ex. A (April 29, 2024 Conf. Transcript) at 11:16-12:6.

So, while the Court *initially* directed that the Senator's diagnosis be redacted from the government's submissions, the *government* objected that the Senator's expert notice could not be redacted so cleanly. In response, Senator's Menendez's counsel suggested that the parties meet

---

'Trauma' Behind Gold, Cash Stash, *Newsmax*, May 2, 2024 (available at: https://www.newsmax.com/us/bob-menendez-gold-bars-bribery/2024/05/02/id/1163294/).



Hon. Sidney H. Stein
May 2, 2024
Page 3

and confer regarding this issue and, if the parties could not reach agreement, seek the Court's intervention.

The Court endorsed that meet-and-confer suggestion by concluding the conversation with "[a]ll right" and noting a letter should be filed with the Court if the meet-and-confer failed to produce an agreement ("If need be"). The government ignored that instruction and filed its motion, in almost entirely unredacted form, without a single call or email to the defense in advance.

Importantly, the Court's directive that the parties meet and confer regarding redactions prior to filing is consistent with authority holding that an individual's privacy interests in information relating to health or personal history trumps any First Amendment or common law presumption of access, and thus courts routinely order redaction of such sensitive information from public filings. *See United States v. Satta*r, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (ordering redaction of sentences that "concern highly personal family matters relating to defendant Stewart"); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"); *United States v. Gotti*, 2017 WL 5027990, at *1 (E.D.N.Y. Oct. 30, 2017) ("individuals have a 'considerable privacy interest' in medical information, like the information that the parties seek to redact here, 'which surely are among an individual's most private matters'").

There is thus no excuse or justification for the government's conduct. Even though the government redacted the name of the specific DSM condition, the other details the government shared without redaction effectively disclosed the expert's diagnosis. Specifically, by revealing the expert's discussion of the symptoms and causes of the diagnosis, the government has revealed the diagnosis itself, without any effort to meet and confer, as ordered by the Court. The government did so knowing that the defense objected precisely to what the government did unilaterally.

Nor is this a harmless violation of the Court's order. Due to the government's conduct, much of the jury pool has likely learned about an important aspect of the Senator's defense that the government is now trying to *preclude*. If the government were to succeed in preclusion, the prejudice to Senator Menendez could hardly be greater: jurors who may have read or heard about the defense might anticipate exculpatory evidence that the Senator is no longer able to offer.

And even if the Senator is permitted to put on his expert witness, he has no obligation to do so, but the government's filing now forces the defense's hands. The government has conditioned the jury to *expect* testimony from an expert concerning Senator Menendez's mental health diagnosis, thus creating questions, confusion and skepticism if that testimony is not permitted or



Hon. Sidney H. Stein
May 2, 2024
Page 4

offered.  None of this had to happen, if the government had just met and conferred, as the Court ordered.

Pursuant to its inherent authority, this Court can, and should, order a remedy to attempt to mitigate the damage caused by the government's conduct.  *See United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) (district court has "inherent power to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").  However, the exact nature of the appropriate remedy will turn on the extent to which the government's disregard of the Court's order was intentional. *See United States v. Nejad*, 487 F. Supp. 3d 206, 224 (S.D.N.Y. 2020) (determining appropriate sanction based on whether government's misconduct was intentional).

Accordingly, we ask that the Court direct the government to submit a sworn declaration explaining the circumstances underlying the government's decision to publicly disclose the Senator's private health information without first consulting with the defense, as directed.  The government should also be required to produce any internal correspondence discussing whether to file the expert notice under seal or with additional redactions, so that the Court and defense may assess the appropriate remedy or sanction.

Very truly yours,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*