

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 3, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Robert Menendez, et al.*,
              S4 23 Cr. 490 (SHS)

Dear Judge Stein:

    The Government respectfully writes in the above-captioned matter in response to the letter of defendant Robert Menendez of yesterday (Dkt. 368). In his letter, Menendez alleges that the Government breached the Court's April 29, 2024 oral order regarding what should and should not be redacted in the Government's then-forthcoming motion *in limine* seeking to preclude the testimony of Dr. Karen Rosenbaum, which was filed on May 1, 2024 (Dkt. 367). This is a serious allegation, and the Government takes it seriously. For the reasons set forth below, there was no such breach.

    The April 29, 2024 Conference

    At the April 29, 2024 conference, the Government raised the question of the scope of redaction of its then-forthcoming motion, in light of the First Amendment and common law rights of access to judicial documents. (Apr. 29, 2024 Tr. (enclosed as Exhibit A to the defendant's letter) at 9-10).) The Government raised this question because it is mindful that while there are appropriate bases to redact from a public filing certain otherwise-private information, the First Amendment and common law rights of access to judicial documents cabin the scope of redactions, particularly where the information concerns a defendant who is a public figure and is related to the charges. *See, e.g.*, *United States v. Silver*, No. 15 Cr. 93 (VEC), 2016 WL 1572993, *6-7 (S.D.N.Y. Apr. 14, 2016). The Government was also mindful that (1) the defendant's counsel had previously described in a proceeding, with a public transcript, the alleged condition as a "component of the DSM" based on "tragic personal history with the senator and his family" (Apr. 23, 2024 Tr. at 16), and (2) the defendant himself, as described below, had publicly linked and described certain aspects of that alleged history to his storage of cash.

    After the defendant's counsel objected to the Government's proposal that there be no redactions except to expert contact information, but confirmed that the defendant sought to

Honorable Sidney H. Stein
May 3, 2024
Page 2

introduce these same alleged facts at trial, the Court ruled: "You can redact the diagnosis itself. Everything else is publicly filed." (Apr. 29, 2024 Tr. at 11.)

The Government then stated that, in its view, the expert notice it received did not have a diagnosis but rather "purported" to contain one. (*Id.*) The defendant's counsel disagreed, and suggested that the parties confer, and "then if we need to," one or the other of the parties "could come to the Court with a letter." (*Id.* at 12.) The Court responded: "All right. If need be." (*Id.*)

The Government accordingly understood the Court to have (a) rejected the defendant's argument, and (b) ordered that no more than the alleged diagnosis be redacted, with the parties to confer if the Government took the position that there was no such diagnosis to be redacted.

### The Government's Motion *in Limine*

In preparing to file its motion *in limine*, consistent with its understanding of the Court's order, the Government redacted every mention of the alleged diagnosis in both its memorandum of law and the exhibits thereto. Taking a cautious approach, the Government also redacted, in full, a case citation and quotations thereto that related to the particular alleged diagnosis so as to prevent indirectly disclosing the alleged diagnosis through this citation. In other words, the Government did not in preparing its redactions take the position that there was no diagnosis to be redacted, and thus understood the only issue on which the Court to have endorsed conferring to be moot. At no point in the multiple days following the conference had the defendant sought to confer with the Government, and the Government did not believe that there was anything to confer with the defendant about provided that the Government made such redactions, as it did. Prior to filing, the case team also conferred with a supervisor, who was both present for the April 29 conference and reviewed the transcript, to confirm this understanding of the Court's order.

### What was Unredacted and Prior Public Statements and Information

For the foregoing reasons, there was no breach of the Court's April 29 order (much less an intentional one, as the defendant appears to suggest). The Court accordingly need not consider the defendant's arguments that he has been unfairly prejudiced by what was not redacted. However, to the extent that the Court chooses to consider these arguments, it should reject them, for two reasons.

First, contrary to the defendant's suggestion that the unredacted information may have biased the potential jury pool against him, if anything, the opposite is the case, because the unredacted alleged facts are precisely the type of alleged facts that the Government has consistently taken the position are irrelevant and improper to be presented to the jury. (*See* Gov't Mots. *in Limine* (Dkt. 291), at 20.) Moreover, as the Court noted at the April 29 conference, these are the same alleged facts that the defendant *wants* to present to the jury, and appeared to want to do so long before he gave expert notice (*see id.* and *infra*). In any event, any concern about bias within the jury pool—for or against either side—can and should be handled through voir dire.

Second, the statements that the defendant now claims should have been redacted contain information that has already been publicly reported separately from the record in this case. Indeed, the defendant himself, after being charged in this case, publicly stated that he kept cash in his home, *not* because he took bribes as charged, but because of what happened to his family in Cuba. *See* Menendez Statement, https://www.youtube.com/watch?v=d9E9-dfgk4A (discussing, among

Honorable Sidney H. Stein
May 3, 2024
Page 3

other things, being a "son of Cuban refugees" and saying, as to the cash found in his home, "For 30 years, I have withdrawn thousands of dollars in cash from my personal savings accounts, which I have kept for emergencies and because of the history of my family facing confiscation in Cuba."); *see also, e.g., Menendez: $480K in cash seized at home was for 'emergencies'*, The Hill (Sept. 25, 2023), https://thehill.com/homenews/senate/4221725-menendez-indictment-480k-cash-seized-emergencies/; *Menendez says the cash found in his home was from his 'personal savings account' which he kept for 'emergencies' due to his family 'facing confiscation in Cuba'*, Business Insider (Sept. 25, 2023); https://www.businessinsider.com/bob-menendez-federal-agents-cash-confiscation-cuba-family-2023-9.

Similarly, the defendant's father's unfortunate suicide and gambling problem has also long been public. *See For Robert Menendez, a senator set apart, closeness to rich donor draws scrutiny*, Wash. Post (Mar. 16, 2016) ("His father was a carpenter with a terrible gambling problem who committed suicide when Menendez was in his early 20s."); https://www.washingtonpost.com/politics/for-robert-menendez-a-senator-set-apart-closeness-to-rich-donor-draws-scrutiny/2013/03/16/a4218746-87f6-11e2-9d71-f0feafdd1394_story.html; *Robert Menendez, a Politician Even at 20*, N.Y. Times (Dec. 10, 2005 ("Mr. Menendez was born [in] 1954 in New York City. His father, who committed suicide when Mr. Menendez was 23, was a struggling carpenter."); https://www.nytimes.com/2005/12/10/nyregion/robert-menendez-a-politician-even-at-20.html.

Given the public reporting of these matters predating the Government's motion, there was no reason for the Government to believe that those same details required redaction, and there was no basis under First Amendment and common law principles to apply such redactions.

***

For the foregoing reasons, the defendant's allegation is serious, and the Government takes the allegation seriously, but the allegation is not correct. And, although the Court need not

Honorable Sidney H. Stein
May 3, 2024
Page 4

decide more, even if the allegation were correct, the defendant's arguments that he has been unfairly prejudiced are without merit.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By:   <u>s/ Daniel C. Richenthal</u>
      Eli J. Mark
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine E. Ghosh
      Assistant United States Attorneys
      (212) 637-2431/2109/2219/2343/1114

cc:    (by ECF)

      Counsel of Record