

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 14, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Robert Menendez, et al.*,
               **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in response to defendant Robert Menendez's letter of yesterday, June 13, 2024 (Dkt. 461 ("Menendez Ltr.")), which concerns certain additional information that Menendez claims should inform the Court's consideration of testimony the Government presently intends to elicit from a witness regarding the Foreign Agents Registration Act ("FARA"). The Government set forth its position regarding this testimony witness in response to a letter from defendant Wael Hana (Dkt. 424) on May 29, 2024 (Dkt. 426), and again during oral argument on June 13, 2024 (Trial Tr. 3686-3711). The Government writes only to respond to the assertions in the Menendez's letter, which are misleading at best.

      Menendez first raises a disclaimer on the Department of Justice's FARA website regarding a "limited number of FARA documents" that "may only be accessed at the FARA public office" due to potential privacy concerns. (Menendez Ltr. 1.) Without describing what that means, Menendez argues that, in light of this disclaimer, it would be "misleading to the jury" to suggest that Menendez could have searched the FARA database to determine if Wael Hana or IS EG Halal (or any other individual or entity) had registered as a foreign agent. (*Id.*) However, it is Menendez's assertion that is misleading.

      The Government understands that *all* FARA registration statements—including the name of each individual or entity who is registering—are publicly visible on FARA.gov as soon as 24 hours after being submitted electronically via the FARA Unit's online portal. Indeed, the statute

itself requires registrations be available for public inspection. See 22 U.S.C. § 616(a). At times, however, short form registrants—*i.e.*, individual partners, officers, directors, associates, or employees of a registrant who are providing services in the interest of a foreign principal, *see* 28 C.F.R. § 5.202—elect not to list their residential addresses in their registration statement, but instead to submit them to the FARA Unit under separate cover. Since a separate home address submission is not contained within the registration statement itself, the FARA Unit maintains the address as a separate filing, which is available upon request. That is the "privacy" issue that Menendez references, and it is irrelevant here because, in all cases, registration statements and other required filings are published on FARA.gov and are searchable by name or foreign principal (*i.e.*, country). In short, notwithstanding whether Hana had an obligation to register or whether Menendez would have been inclined to search the FARA database for Hana or any other individual or entity, the privacy language Menendez references would have had no impact—whatsoever—on his ability to search online and identify any registered individual or entity. Thus, contrary to Menendez's argument, there is nothing "misleading" to suggest that Menendez could have so searched, and Menendez is simply wrong that elected officials do not have the "full and complete" ability to search the FARA website for registrants, should they so choose. They have that ability.

Menendez's second argument is similarly misleading. Without citing any authority in the statute itself, Menendez asserts that "[m]any lobbyists are . . . exempted from FARA registration even when they are representing the interests of a foreign government or official so long as the foreign principal is a secondary, not 'primary,' beneficiary of the lobbying activities." (Menendez Ltr. 1.) The Government can only assume that Menendez is referring to 28 C.F.R. § 5.307, which states, in pertinent part, "In no case where a foreign government or foreign political party is the *principal beneficiary* will [FARA's lobbying exemption] be recognized" (emphasis added). However, this regulation—which clarifies under what circumstances someone may register under the Lobbying Disclosure Act ("LDA") rather than FARA—is a red herring. There is no question in this case whether a registration under the LDA should instead have been made under FARA. In any event, there were no disclosures under either statute. Nor is there any question that Egypt was the principal beneficiary of the pertinent conduct. Menendez does not even attempt to argue otherwise. Moreover, as Menendez notes, anyone can search for and identify registered lobbyists on the *Senate's own public website*. (Menendez Ltr. 2.) In sum, contrary to Menendez's claim, there is no disclosure gap that would have prevented him from searching for or identifying registered foreign lobbyists, even assuming *arguendo* that there was a non-"primary" foreign principal in this case—which there was not.

As the Government has previously stated, the FARA witness's testimony is expected to be exceptionally limited and is intended only to orient the jury as to FARA's existence, Menendez's awareness of FARA, and the fact that the relevant individuals and entities were not registered, all of which counters the repeated arguments that Menendez has attempted to make, including through the cross-examination of Joshua Paul. For these reasons, and those the Government has previously set forth, the FARA witness's testimony should be permitted, as the Court ruled before trial (and the Government submits is thus law of the case).

Honorable Sidney H. Stein
June 14, 2024
Page 3

                                            Respectfully submitted,

                                            DAMIAN WILLIAMS
                                            United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114
        Christina A. Clark
        Special Assistant United States Attorney
        (202) 307-5191

cc:    (by ECF)

       Counsel of Record