UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT MENENDEZ, NADINE MENENDEZ, WAEL HANA, and FRED DAIBES,

Defendants.

23-Cr-490 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Robert Menendez objects pursuant to Rule 403 of the Federal Rules of Evidence to the Government's proposal that GX 4A-3—a redacted and excerpted version of a slide deck that Menendez's then-counsel Abbe Lowell provided to prosecutors on September 11, 2023—be offered through a government paralegal who lacks substantive knowledge of the exhibit. (*See* Menendez Motion, ECF No. 462; Govt. Opposition, ECF No. 468.)

Menendez urges that offering GX 4A-3 in this manner, rather than through Lowell himself, invites the dangers of unfair prejudice, confusing the issues, and misleading the jury by leaving an alleged misimpression that Menendez approved of the content in the slide deck and specifically authorized Lowell to present the slide deck to the prosecutors. The Government counters that while the jury may certainly draw the inference that Menendez authorized Lowell to present the statements in the slide deck in exactly the form in which those statements were written, such an inference is, far from being a "misimpression," instead perfectly proper. This is so because "[t]he relationship between a lawyer and client is one of agent and principal," *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 58 (2d Cir. 2016) (quoting *In re Artha Management, Inc.*, 91 F.3d 326, 328 (2d Cir. 1996)), and so when certain statements are made that "in all probability had to have been confirmed by the defendant," *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984), the jury is permitted to infer the client's role in an attorney's statement. That is the case with the redacted and excerpted slide deck, which identifies information of the kind that "in all probability had to have been confirmed" by Menendez, such as the date when "[t]he Senator learn[ed] of car payments made by Uribe." (ECF No. 468, Ex. 1 at 5.) In any event, it is for the jury to draw appropriate inferences from this evidence.

Pursuant to Rule 403, the Court finds that the probative value of GX 4A-3, presented through a government paralegal, is not substantially outweighed by a danger

of unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403. Menendez's objection to the introduction of GX 4A-3 pursuant to Rule 403 is overruled.

Dated: New York, New York
      June 17, 2024

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.