

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 22, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** ***United States v. Robert Menendez, et al.*****,**
**S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

The Government respectfully writes in the above-captioned matter to respond to defendant Robert Menendez's most recent objection to the expected direct testimony of a professional staffer with the Senate Foreign Relations Committee ("Staffer-1") regarding certain conversations that Staffer-1 had with Menendez (Dkt. 476 ("Def. Ltr.")). This objection is both belated and meritless.

## I. Menendez's Prior Objections Pertaining to Staffer-1's Expected Testimony

As the Court is aware, the Government initially intended to call Staffer-1 as early as Monday, June 3, 2024, nearly three weeks ago. (Dkt. 437.) In advance of that date, the Government received objections to certain exhibits that the Government had indicated it intended to introduce on direct examination, and conferred with counsel for Menendez on Sunday, June 2, 2024 for over an hour regarding their objections.[1] (*Id.* at 2.) During the course of what the Government believed was a productive call, the parties discussed multiple aspects of the expected direct testimony of Staffer-1, and whether that testimony might lead to any Speech or Debate Clause objections by Menendez. After that call, the Government understood there were no outstanding Speech or Debate Clause objections (apart from any already preserved through motion practice) to Staffer-1's expected direct testimony.

More specifically, during the June 2 call, in response to Menendez's counsel's questions, the Government explained it did *not* intend to elicit testimony regarding any holds (or approvals) of foreign military sales or foreign military financing. (*See* Trial Tr. 4339 ("We've talked with the defense at length about this. . . . [Staffer-1] is expected to testify about conversations with Mr.

[1] The Government had disclosed the exhibits it was planning to offer with Staffer-1 on Tuesday May 23, 2024, although counsel for Menendez did not provide any objections until Saturday, June 1, 2024, which was less than one business day before Staffer-1 was to testify. The parties conferred the next day.

Menendez regarding his work as a senator, but not holds, not legislation. We're steering far clear of that."); *see also id.* at 3593 (Government representing that it would not elicit testimony regarding the legislative development of S. 1102 or votes).) In an effort to avoid any potential Speech or Debate Clause objections regarding testimony, the Government also affirmatively raised that it intended to elicit certain limited testimony regarding the March 2018 meeting at Menendez's Senate office attended by Nadine Menendez and Wael Hana. (*See* Indictment ¶ [19(a).) After a detailed discussion of the Court's pretrial ruling on the Speech or Debate Clause, *United States v. Menendez*, No. 23 Cr. 490 (SHS), --- F. Supp. 3d ----, 2024 WL 1120182 (S.D.N.Y. Mar. 14, 2024), including as to meetings, *see id.* at *6, and testimony regarding the March 2018 meeting and other meetings, Menendez's counsel emailed the Government, later that day (*i.e*., June 2):

> while we [counsel for Menendez] continue to believe that testimony about these meetings violate the Speech or Debate clause, our position is adequately preserved and we do not intend to object to this testimony, other than to note that any cross examination on this subject is without waiver of our client's Speech or Debate objections and protections.

Accordingly, as a result of what the Government believed were good faith and productive negotiations on both exhibits and testimony, the Government submitted a letter to the Court later that day on the few matters that remained (Dkt. 437), which the Court has since ruled on. (Trial Tr. 2684, 2689.)

## II. Menendez's Most Recent Objection to Staffer-1's Testimony is Both Belated and Meritless

Yesterday evening, after the end of the business day, and before the parties had an opportunity to confer, Menendez filed a letter motion seeking to preclude certain anticipated testimony of Staffer-1 on Monday, notwithstanding both that the parties had not yet conferred, and Menendez's counsel previously stating, as noted above, that they did not seek to relitigate matters that were covered by the Court's prior rulings. This latest motion could have been filed weeks ago, if not months ago. There was no need whatsoever for Menendez to file his motion on a Friday night with respect to expected Monday testimony. Nor was there a need for Menendez to file a motion at all to preserve his broad asserted view of the Speech or Debate Clause. (*See* Trial Tr. 564-66 ("If the defense is going to raise this issue time and time and time again, the trial is going to be completely bogged down.").)

In any event, Menendez's objection is meritless. If this objection were accepted, it would result in the very thing that the Supreme Court has strongly cautioned against: turning "Members of Congress" into "super-citizens, immune from criminal responsibility." *United States v. Brewster*, 408 U.S. 501, 516 (1972) (upholding prosecution of a U.S. Senator); *see also, e.g.*, *United States v. Renzi*, 769 F.3d 731, 736 (9th Cir. 2014) ("Congressmen may write the law, but they are not above the law."). Indeed, Menendez's apparent contention, that *any* conversation with Staffer-1 (or anyone else) regarding Egypt is, without more, itself a protected legislative act, because any such conversation "necessarily underpins his decisions on legislative acts" regarding Egypt (Def. Ltr. 2) is a truly radical position. It is not—and cannot be—the law.

As an initial matter, Menendez ignores that it is his burden to demonstrate that certain conduct, which does not on its face involve a legislative act, nevertheless should be considered one. *See, e.g.*, *United States v. Rostenkowski*, 59 F.3d 1291, 1302-03 (D.C. Cir. 1995); *Gov't of Virgin Islands v. Lee*, 775 F.2d 514, 524 (3d Cir. 1985). Menendez does not even attempt to meet his burden as to facially non-legislative conversations. His objection may be overruled on that ground alone.

Moreover, his objection is irreconcilable with this Court's thorough published opinion, after extensive briefing, rejecting substantially the same argument. The Court explained:

> "While the Speech or Debate Clause recognizes speech, voting, and other legislative acts as exempt from liability that might otherwise attach, *it does not privilege either Senator or aide to violate an otherwise valid criminal law in preparing for or implementing legislative acts.*" *United States v. Renzi*, 651 F.3d 1012, 1026 (9th Cir. 2011) (quoting *Gravel* [*v. United States*], 408 U.S. [606,] 626 [1972]) (emphasis in original). Thus, when a Member of Congress "is alleged to have done just that,"—i.e., to have violated a criminal law in the preparation for or implementation of legislative acts—that Member's meetings cannot be regarded as legislative acts. *Renzi*, 651 F.3d at 1026. This is because those meetings, in implementing a corrupt bargain, are not legislative factfinding or information gathering meriting the Speech or Debate Clause's protection.

*Menendez*, 2024 WL 1120182, at *6. Menendez does not acknowledge this ruling—which is law of the case—much less explain how his latest objection is reconcilable with this ruling (or why he waited months to effectively challenge one of the ruling's principal holdings, upon which the Government has relied).

In any event, contrary to Menendez's latest expansive claim, the law does not permit an official to preclude evidence on the ground that it has a subject-matter or temporal relationship to allegedly protected conduct. *See Brewster*, 408 U.S. at 528 ("The Speech or Debate Clause does not prohibit inquiry into illegal conduct simply because it has some nexus to legislative functions."); *see also id.* at 517 (the Speech or Debate Clause's "shield does not extend beyond what is necessary to preserve the integrity of the legislative process"); *Forrester v. White*, 484 U.S. 219, 224 (1988) ("the Court has been careful not to extend the scope of [the Clause] further than its purposes require"). As the Eleventh Circuit has explained, the reason for this long-standing principle "is obvious": "'there are few activities in which a legislator engages that he would be unable somehow to 'relate' to the legislative process.'" *Fulton Cnty. Special Purpose Grand Jury v. Graham*, No. 22-12696-DD, 2022 WL 13682659, at *1 (11th Cir. Oct. 20, 2022) (per curiam) (quoting *Brewster*, 408 U.S. at 516).

Rather, to be protected, the evidence must be *of* current or past protected conduct. *See Brewster*, 408 U.S. at 526 ("The question is whether it is necessary to inquire into how appellee spoke, how he debated, how he voted, or anything he did in the chamber or in committee in order

to make out a violation of this statute."); *Gravel*, 408 U.S. at 626 ("While the Speech or Debate Clause recognizes speech, voting, and other legislative acts as exempt from liability that might otherwise attach, it does not privilege either Senator or aide to violate an otherwise valid criminal law in preparing for or implementing legislative acts."); *cf.*, *e.g.*, *United States v. Williams*, 644 F.2d 950, 952 (2d Cir. 1981) (rejecting argument that the Clause barred introduction of a video of a defendant's "discussion of a proposed immigration bill with the undercover agent").

Here, as the Government explained to defense counsel weeks ago, and also put on the record before Menendez filed his latest motion, the Government does not intend to ask Staffer-1 about any then-current or past protected legislative conduct, such as holds and/or clearances, or votes or actions on any legislation. Staffer-1's expected testimony is thus readily distinguishable from the particular communications that the D.C. Circuit deemed protected in *In re Sealed Case*, 80 F.4th 355 (D.C. Cir. 2023), to which Menendez points (Def. Ltr. 2). *See In re Sealed Case*, 80 F.4th at 371 ("[C]ommunications with Members and staff about legislation, votes, committee assignments, and caucus affairs were squarely 'legislative acts' within the meaning of *Gravel*."). To the contrary, the D.C. Circuit's decision undermines Menendez's expansive reading of the Speech or Debate Clause, insofar as the court rejected Representative Scott Perry's argument that all alleged informal factfinding is categorically protected, and rather explained that a fact-specific inquiry must be undertaken. *Id.* at 370 ("Not all communications that may influence a vote are privileged."); *id.* at 371 ("Not everything under the informal factfinding umbrella is protected. Representative Perry's attempt to shoehorn a novel and broad category into *Gravel* would pull the Supreme Court's doctrinal framework out of joint.").

For all of these reasons, Menendez's belated and wide-ranging objection should be overruled, and trial should proceed without delay. But it is also worth noting that to the extent that Menendez's objection appears, at least in part, to be focused on a spring 2019 conversation that Menendez had with Staffer-1—in connection with which Menendez told Staffer-1 that he would not sign a draft letter Staffer-1 had helped prepare that was critical of Egypt and that Menendez was going to change his "approach" to Egypt (*see* Def. Ltr. 3)—Menendez's belated objection, if accepted, would be deeply unfair to the Government. In his opening statement, Menendez argued that he had a "consistent position" with respect to Egypt. (Trial Tr. 94-95 ("The evidence will show that both before 2018, when the government alleges that the senator was on the take from Egypt, and after 2018, Senator Menendez had a consistent position, and it was a nuanced position."); *id.* at 96-97 ("But he hasn't changed his position, not one inch, since the military dictatorship started in the early 2010s.").) Yet Menendez now asks this Court effectively to reconsider its prior ruling, and preclude the Government from demonstrating that, in fact, his approach did change (or at last that he said he would change his approach). Even more problematically, Menendez makes this request while also seeking, it appears, to cross-examine Staffer-1 on the same subject, and to introduce evidence, such as other press releases and public letters, purporting to demonstrate that Menendez did not change his approach. Menendez cannot reasonably have it both ways. Accordingly, should the Court grant Menendez's motion, Menendez should be precluded under Rule 403 from cross-examining Staffer-1 concerning Menendez allegedly not changing his approach and from introducing press releases or other documents in aid of such an argument. In short, even if Menendez were correct about the Speech or Debate Clause—and he is not—he is not entitled to present a misleading and unfair presentation of alleged facts to the jury.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/ Eli J. Mark
Eli J. Mark
Daniel C. Richenthal
Paul M. Monteleoni
Lara Pomerantz
Catherine E. Ghosh
Assistant United States Attorneys
(212) 637-2431/2109/2219/2343/1114
Christina A. Clark
Special Assistant United States Attorney
(202) 307-5191

cc: (by ECF)

Counsel of Record