

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 30, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
               S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to identify for the Court and seek the resolution of the Government's objection to a proposed summary chart, Defense Exhibit 2500, which defendant Robert Menendez has indicated he plans to offer through a paralegal witness. As explained below, the proposed exhibit is argumentative, misleading, not appropriately offered as a summary chart, and cumulative. As such, it should be precluded.

      The proposed Defense Exhibit 2500, attached as Exhibit A, is a defense modification of Government Exhibit 1335C, a portion of a summary chart verified and entered into evidence by Staff Operations Specialist Isabella Fuchs on June 26, 2024.[1] Defense Exhibit 2500 adds two columns to Government Exhibit 1335C, labeled "Amount Reviewed by Agent [*sic*] Fuchs" and "Amount Not Provided to Agent [*sic*] Fuchs." The first of these columns appears to set forth the dollar amount of the bills from each 1B for which Ms. Fuchs verified the serial numbers, and the percentage that amount was of the overall amount of cash in that 1B. The second of these columns appears to set forth the remaining amount (in dollar amount and percentage) from that 1B. At the end of the chart, two boxes are added that calculate the total of the above figures, and which are labeled "Total Amount Reviewed by Agent [*sic*] Fuchs" and "Total Amount Not Provided to Agent [*sic*] Fuchs."

      There are numerous, serious deficiencies with proposed Defense Exhibit 2500, any of which should lead to its preclusion.

---

[1] Government Exhibits 1335A, 1335B, and 1335C, which are printouts of three tabs of a spreadsheet, were entered into evidence along with Government Exhibit 1335-EX, the native Excel version of the spreadsheet.

Honorable Sidney H. Stein
June 30, 2024
Page 2

*First*, the exhibit is argumentative.  Particularly given the column titles, there is no point to Defense Exhibit 2500 but to suggest that the Government did something improper in asking Ms. Fuchs to verify only the serial numbers of bills released into circulation in 2018 or later.  But, as the Court has already reminded the jury in response to the defendant's cross-examination of multiple witnesses, the Government is not on trial and its investigative techniques are not an issue for the jury's consideration.  (*See* Trial Tr. 5547:15-18 ("there is no legal requirement that the government use any specific investigative technique to prove its case.  The government is not on trial here. Law enforcement techniques are not your concern.")); *see also, e.g.*, *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that "the government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged.").

*Second*, the argumentative nature of Defense Exhibit 2500 is particularly inappropriate because the exhibit is also highly misleading.  Although Government Exhibit 1335, the chart which Defense Exhibit 2500 modifies, includes only bills with post-2018 payout dates, Ms. Fuchs testified that the "payout dates" of additional bills *are available in the underlying source material cited in the chart* – Government Exhibit 5G-300 (the "Federal Reserve chart").  (*See, e.g.*, Trial Tr. 4984:25-4985:14 (testifying that the Federal Reserve chart contained more than just the 2,000 bills verified by Ms. Fuchs).)  The chart introduced by Ms. Fuchs simply verified that for bills with post-2018 payout dates – which, as is clear from other evidence introduced by the Government, are of heightened significance – the serial numbers in the Federal Reserve chart are the correct serial numbers for bills seized in evidence and do not contain any typos.  Ms. Fuchs then matched those correct serial numbers to the respective 1Bs and listed the latest payout date reflected in the Federal Reserve chart.  If the defense wanted to verify the serial numbers of other bills in the Federal Reserve chart or match the serial numbers of other bills to specific 1Bs, it had the ability to do so.  (*See* Defense Exhibit 2160, a stipulation describing how the defense team was given access to the seized bills and photographed some.)  Defense Exhibit 2500 ignores this limited purpose of Government Exhibit 1335 and also ignores the nearly 5,000-row Federal Reserve chart which is also in evidence by suggesting that the Government improperly withheld certain evidence from Ms. Fuchs and that therefore only a minor percentage of bills have been "reviewed."  That suggestion is not just improper, but also false.

*Third*, to the extent the defense wishes to argue that Ms. Fuchs's verification process or Government Exhibit 1335 was limited to only a certain subset of the total cash, it has already done so, and thus Defense Exhibit 2500, even if otherwise proper (and it is not), is cumulative.  As the Court no doubt recalls, the defense spent a substantial period of time during cross-examination filtering Government Exhibit 1335-EX to confirm the amounts of various 1Bs included in the chart compared to the total amount of cash in those 1Bs.  (*See, e.g.,* Trial Tr. 4955:25-4960:25 (six transcript pages doing so for 1B13); 4961:19-4963:10 (three transcript pages doing so for 1B19).)[2]

---

[2] Even this line of questioning was misleading as it also ignored the information available in the underlying source document, the Federal Reserve chart.  (*See, e.g.*, Trial Tr.. 4960:23-4961:1 (Q. "If the jury wanted to find out any information about when that roughly $66,000 was released into circulation, could they look anywhere ***in your chart*** for it?  A.  Not on ***this*** chart, no."

Honorable Sidney H. Stein
June 30, 2024
Page 3

Government Exhibit 1335 is in evidence, it is clear from the testimony on direct and cross-examination and from document itself that it does not contain the full amount of cash in each 1B, and any further argument about the relevance, if any, of that point can be made by the defense in summation. Rule 1006 permits the summary of voluminous evidence, not the re-packaging of a different summary chart into an argumentative and misleading form, much less to suggest that the party presenting the first chart did something untoward.

\* \* \*

For the reasons set forth above, Defense Exhibit 2500 should be precluded in its entirety.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Catherine Ghosh
      Eli J. Mark
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine E. Ghosh
      Assistant United States Attorneys
      (212) 637-2431/2109/2219/2343/1114
      Christina A. Clark
      Special Assistant United States Attorney
      (202) 307-5191

Enclosure

cc:   (by ECF)

      Counsel of Record

---

(emphasis added).) As Ms. Fuchs explained on re-direct examination, additional information *was* available in the Federal Reserve chart. (Trial Tr. 4984:25-4985:14.)