

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 7, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
                S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in advance of closing arguments to identify certain improper arguments or statements that the defendants previously made or attempted to make, including in their opening statements, which should not be made during the defendants' closings, namely; (1) telling personal stories, (2) attributing quotations or sayings to famous people, (3) referring to or making arguments about punishment or other consequences of conviction to the defendants or others, (4) arguing that inferences are improper, and (5) attacking the Government's decision to bring charges, its investigation, and/or investigative techniques. The jury's decision should be based on the evidence in this case and whether the Government has met its burden of proof. Accordingly, the Court should preclude the foregoing types of arguments and statements.

      **I.**    **Defense Counsel Should Be Precluded From Telling Personal Stories Or Vouching For Their Clients**

      In the defendants' opening statements, defense counsel made numerous statements to which the Court sustained objections, including:

> "[L]et me tell you a short personal story about my own life because I think it's relevant and might help you answer this question. You see, I'm an identical twin." (Menendez Opening, Trial Tr. 76.)

> "[W]e as humans, are shaped by the experiences, the narratives, and the events that have unfold in our parents', our grandparents' lives. I'm the grandson of Holocaust survivors." (Menendez Opening, Trial Tr. 86.)

As the Court recognized, these statements were improper for multiple reasons. Not only did they refer to alleged facts that defense counsel could not in good faith have expected to come into evidence, but they also constituted a form of vouching. *See United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998) (attorney "vouching" is improper because it suggests "the existence of extraneous proof" (internal quotation marks omitted)). Nothing like this should be said in closings.

## II. Defense Counsel Should Be Precluded From Attributing Quotations To Famous People

Prior to opening statements, the Court precluded Menendez's counsel from using quotations attributed to various famous people, including Dr. Martin Luther King, Jr. (Trial Tr. 29-31.) That ruling was manifestly correct. Again, defense counsel could not in good faith have expected those quotations to come into evidence, and there was and is no proper basis to suggest that quotations from or beliefs of famous and honored figures somehow bear on the jury's task. Such quotations should again be precluded.

## III. Defense Counsel Should Be Precluded From Arguing About The Consequences Of Conviction Or Whether Conviction Would Be "Unfair" Or Not Consistent With American Values

Multiple times in their opening statements, defense counsel suggested that the jury should consider punishment or other consequences of conviction, whether with respect to the defendants themselves, or society more generally, including:

> "After you leave this courtroom, this case will be behind you. You won't forget about it, but you also won't be living with the weight of your judgment day in and day out." (Menendez Opening, Trial Tr. 113.)

> "You have a man's lifetime of public service in your hands. This case has and will affect him for the rest of his life." (Menendez Opening, Trial Tr. 113.)

> "[Y]ou have a man's lifetime of hard work in your hands." (Menendez Opening, Trial Tr. 114.)

> The Government's "position . . . is not only not supported, but it is unfair. Indeed, it is contrary to our American values where we celebrate people who pick themselves up by their bootstraps, as Will did, and achieve success, even when they're coming from difficult circumstances, which is what he did." (Hana Opening, Trial Tr. 145.)

These arguments—which appeared to invite the jury to consider matters beyond its purview, including punishment, or more generally whether the prosecution is "unfair" and "contrary to our American values" and thus acquittal is warranted—were improper. *See, e.g., United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury

to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged."). The Court should preclude any similar arguments or statements from being made in closings.

### IV. Defense Counsel Should Be Precluded From Arguing That Inferences Are Not Evidence Or Otherwise Wrong to Draw

Multiple times in Daibes's opening statement, his counsel argued that inferences are not evidence and should not be made, including: "And that brings me back to where I started. Which is assumptions, presumptions, guesses, hunches, suppositions, inferences, suspicions are not evidence." (Daibes Opening, Trial Tr. 169.) So frequent and so problematic were these arguments that the Court subsequently issued a curative instruction. (Trial Tr. 172.) Defense counsel should not be permitted to repeat such legally incorrect and prejudicial statements in closings.

### V. Defense Counsel Should Be Precluded From Attacking The Government's Decision To Bring Charges, Its Investigation, Its Counsel, Or Investigative Techniques

In their opening statements, counsel to Menendez and counsel to Daibes each argued that the Government had done or would do something improper in bringing or prosecuting this case or how it would argue this case, including:

> "I suspect they'll have to bring a table out here because they're going to want to display [evidence] to you in the most prejudicial way possible." (Daibes Opening, Trial Tr. 161.)

As the Court is aware, counsel for Menendez has also suggested, throughout this trial, that the Government has hidden evidence or failed to use investigative techniques or analyses that would purportedly show that Menendez is not guilty. Indeed, this type of suggestion has been made so frequently that the Court has had to repeat its instruction to the jury, more than once, that investigative techniques are not its concern. (*See, e.g.*, Trial Tr. 5547.) None of Menendez's suggestions was proper, particularly because he could have chosen to do much or all of the very analyses that he has baselessly suggested the Government nefariously did not do. Neither Menendez nor any other defendant should be permitted to make such arguments in closings. *See, e.g.*, *Saldarriaga*, 204 F.3d at 52 ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged."); *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that the "government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (granting motion to preclude defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting [the defendant]").

Honorable Sidney H. Stein
July 7, 2024
Page 4

                                                       Respectfully submitted,

                                                       DAMIAN WILLIAMS
                                                     United States Attorney

By:      <u>s/ Eli J. Mark</u>
          Eli J. Mark
          Daniel C. Richenthal
          Paul M. Monteleoni
          Lara Pomerantz
          Catherine E. Ghosh
          Assistant United States Attorneys
          (212) 637-2431/2109/2219/2343/1114
          Christina A. Clark
          Special Assistant United States Attorney
          (202) 307-5191

cc:      (by ECF)

          Counsel of Record