the indictment unless one of the conspiracies proved happens to be the conspiracy charged in the indictment.  For the purposes of this instruction, I instruct you that the conspiracy charged in the indictment is a narcotics conspiracy centered in or around Decatur Avenue in the Bronx between approximately 194th and 195th Streets, which included, among other people, Rene Ruiz, Wilfredo Gonzalez, also known as "Freddy," Domingo Ramos, also known as "Mingo," Amar Ahmed, also known as "Omar," Zaie Escribano, also known as "Zaieto," Christopher Correa, also known as "Chris," Joshua Kemp, as known as "Drop," Joseph Thristino, also known as "Joey," and the defendant, Jason Polanco.

A single conspiracy is not transformed into multiple conspiracies, however, merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance. Changes in the membership or differences in time periods do not necessarily require a finding of multiple conspiracies.  A finding of a master conspiracy that includes other subschemes does not constitute a finding of multiple unrelated conspiracies.  Even when there are multiple groups within an alleged conspiracy, a single conspiracy exists where the groups share a common goal and depend on or assist each other, and where it can reasonably be inferred that each actor was aware of his part in a larger organization where others performed

1    similar roles.

2           In determining whether a series of events constitutes
3    a single conspiracy or a separate and unrelated conspiracy, you
4    should consider whether there's a common goal among the alleged
5    conspirators, whether there existed common or similar methods,
6    whether and to what extent alleged participants overlapped in
7    their various dealings, whether and to what extent the
8    activities of the alleged conspirators were related and
9    interdependent, how helpful each alleged conspirator's
10   contributions were to the goal of the others, and whether the
11   scheme contemplated a continuing objective that anticipating
12   ongoing contributions from the conspirators.

13           A single conspiracy may exist even if all the members
14   did not know each other or of each other's involvement or did
15   not know what role all the other members would play.  You may
16   find that there was a single conspiracy even if there were
17   changes in personnel, addition or subtraction of members, or
18   evolution of the activities undertaken by conspirators, so long
19   as you find that some core members continued to act to
20   accomplish one or more of the purposes charged in the
21   indictment through its existence.  The fact that members of a
22   conspiracy are not always constant does not necessarily imply
23   that separate conspiracies exist.

24           Turning to C2, first element, the objects of the
25   conspiracy.  I'm now going to turn to the objects of the

1   conspiracy.  The objects of the conspiracy are the illegal
2   goals that the conspirators agree or hoped to achieve.  Here
3   the indictment allege two objects related to the distribution
4   of heroin and marijuana.  In order to find the defendant guilty
5   of the conspiracy charged in the indictment, you must find that
6   an objective of the conspiracy was to distribute or to possess
7   with the intent to distribute a controlled substance.  Heroin
8   and marijuana are both controlled substances.
9              The government need not prove both of the objects
10  charged beyond a reasonable doubt.  In other words, an
11  agreement to accomplish either of the objects of the conspiracy
12  is sufficient.  Nevertheless, if you don't find beyond a
13  reasonable doubt that both of those objects were proven, you
14  must be unanimous as to the object you do find.  That is, in
15  order to find the defendant guilty of this count, you must all
16  be in agreement with respect to at least one of the alleged
17  objects of conspiracy.
18             If the government fails to prove beyond a reasonable
19  doubt that at least one of the objects charged in the
20  indictment was in fact an object of the conspiracy, then you
21  must find the defendant not guilty.  If, on the other hand, you
22  find that the government has proved beyond a reasonable doubt
23  that there is a conspiracy with one or more of the objects
24  charged, then the illegal object element is satisfied.
25             Turning now to the meaning of "distribution" and