O5D3MEN1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                            23 Cr. 490 (SHS)

ROBERT MENENDEZ, WAEL HANA,
FRED DAIBES,

              Defendants.
                                         Trial
------------------------------x

                                         New York, N.Y.
                                         May 13, 2024
                                         9:30 a.m.
```

Before:

                    HON. SIDNEY H. STEIN,

                                         District Judge
                                         -and a Jury-

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  PAUL M. MONTELEONI
     DANIEL C. RICHENTHAL
     ELI J. MARK
     LARA E. POMERANTZ
     CATHERINE E. GHOSH
     Assistant United States Attorneys
     -and-
     CHRISTINA A. CLARK
     National Security Division

O5D3MEN1

APPEARANCES CONTINUED

PAUL HASTINGS LLP
    Attorneys for Defendant Menendez
BY:  ADAM FEE
     AVI WEITZMAN
     ROBERT D. LUSKIN
     RITA FISHMAN


GIBBONS, P.C.
    Attorneys for Defendant Hana
BY:  LAWRENCE S. LUSTBERG
     ANNE M. COLLART
     CHRISTINA LaBRUNO
     RICARDO SOLANO, Jr.
     ANDREW J. MARINO
     ELENA CICOGNANI
     JESSICA L. GUARRACINO


CESAR DE CASTRO
SETH H. AGATA
SHANNON M. McMANUS
    Attorneys for Defendant Daibes


Marwan Abdel-Raman, Interpreter (Arabic)
Bachar Alhalabi, Interpreter (Arabic)
Rachel Wechsler, Paralegal Specialist (USAO)
Conor Hamill, Paralegal Specialist (USAO)
Braden Florczyk, Paralegal Specialist (USAO)
Justin Kelly, DOAR

1            THE DEPUTY CLERK:  United States v. Robert Menendez,
2    Wael Hana, and Fred Daibes.
3            MS. POMERANTZ:  Good morning.  Lara Pomerantz for the
4    government.  I'm joined by Eli Mark, Daniel Richenthal,
5    Christina Clark, Paul Monteleoni, and Catherine Ghosh, as well
6    as Connor Hamill, a paralegal specialist in our office.
7            MR. FEE:  Good morning.
8            THE COURT:  Good morning.
9            MR. FEE:  Good morning, your Honor.  For Senator
10   Menendez, Adam Fee.  With me is Avi Weitzman, and to the left
11   of Senator Menendez, Rita Fishman.
12           THE COURT:  Thank you, good morning.  Welcome.
13           MR. LUSTBERG:  Good morning.  Lawrence S. Lustberg on
14   behalf of defendant Will Hana.  We me at counsel table is Annie
15   Collart and Ricardo Solano.
16           THE COURT:  Thank you, good morning.  Please be
17   seated.
18           MR. DE CASTRO:  For Mr. Daibes, Cesar De Castro, Seth
19   Agata, and Shannon McManus.
20           THE COURT:  All of the defendants are present.
21           MR. FEE:  I'm sorry.  I forgot to introduce Mr. Justin
22   Kelly from DOAR who will be assisting all of the defense with
23   hot seat, meaning the tech, and putting up evidence, your
24   Honor.
25           THE COURT:  Good morning, sir.  I have the agreed

1  statement of the case.  I also received a statement of joint
2  statement of names as well as places and entities that I am
3  going to read to the jurors.
4         I've changed my mind in one respect.  Rather than send
5  out those to another courtroom, those who say they can sit, I'm
6  going to do the sidebars in the jury deliberation room.  So,
7  the defendants can be there, two lawyers from each side can be
8  there, and we'll have a pool reporter there as well.  I think
9  that's best, because then I can question people who have
10 problems in a more private setting.  That's what we're going to
11 do.
12        The jurors that come up have already been randomized
13 below in the jury assembly room, and they will come up and they
14 will have cards, 1 through at this point 102.  We will sit them
15 and I will refer to them by numbers.  That's how, for their
16 privacy, that's how it will be.
17        MR. RICHENTHAL:  Your Honor.
18        THE COURT:  Sir.
19        MR. RICHENTHAL:  We certainly don't intend to bring
20 our whole team.  Can we bring three lawyers rather than two?
21 We had been dividing and conquering, and we intend to bring
22 three.
23        THE COURT:  Then I have to allow three for each of the
24 defendants.  You can switch off.  Two.
25        I see the parties have not arrived at a stipulation on

1    the Rule 15 motion.  You'll get a decision on the Rule 15
2    motion tomorrow.  You also will get a decision on the experts.
3    I can't promise that tomorrow, but it will come within the next
4    few days.
5             Is there still a dispute about documents being turned
6    over?  I received letters on Thursday and Friday.  Has that
7    been resolved by the parties?
8             MR. RICHENTHAL:  Is your Honor referring to documents
9    with respect to speech or debate or something broader?
10            THE COURT:  Yes.
11            MR. RICHENTHAL:  We have not received any notice or
12   documents with respect to speech or debate.  We continue to
13   make that request.  We think that, absent some form of
14   identification, that it would be highly disruptive to the
15   trial.
16            I also want to make very clear because I think that
17   the defense's letter, at least in my reading, may have
18   suggested we were asking for something that we're not asking
19   for.
20            We're not asking the senator to waive speech or debate
21   at this time.  What we're asking for is notice of what
22   materials if he were to waive he would use, so we can prepare.
23   We think we're entitled to notice.
24            THE COURT:  Wait.  You want documents that implicate
25   the speech and debate clause that he intends to use during his

1  case in chief?

2        MR. RICHENTHAL:  Correct.  Or through our witnesses
3  during our case.

4        And I want to be clear, we already have, we believe --

5        THE COURT:  No.  Wait.  He's already presumably turned
6  over -- let me get the second phrasing here.

7        He's already turned over defendant's non-impeachment
8  exhibits intended for use in the government's case in chief,
9  correct?

10       MR. RICHENTHAL:  Starting a few days ago,
11 unfortunately, long after the April 26 deadline, we started to
12 get materials.  We've gotten materials on a near daily basis
13 since then.  We don't know if that production is complete.

14       THE COURT:  Mr. Fee, have you turned over defendant's
15 non-impeachment exhibits intended for use in the government's
16 case in chief?  Yes or no?

17       MR. FEE:  Yes, your Honor.

18       THE COURT:  Next.  Go ahead, sir.

19       MR. RICHENTHAL:  If --

20       THE COURT:  That's their obligation under the
21 agreement of the parties.  Witness list Rule 26(2) disclosures,
22 defense exhibits to be used in a defense case to be produced 10
23 days before the start of the defendant's case.  Correct?

24       MR. RICHENTHAL:  That's correct.

25       THE COURT:  What else are you asking for?

1        MR. RICHENTHAL:  If the representations that the
2   materials we've received are a complete set, then I suppose I'm
3   not asking for anything else.  Those materials did include some
4   materials that appear on their face to implicate speech and
5   debate.  It included some materials concerning a resolution.
6        THE COURT:  Whatever they involve.
7        MR. RICHENTHAL:  Okay.
8        THE COURT:  My concern is that the parties are living
9   up to the agreement they agreed to, that was put on the record
10  I believe first by Mr. De Castro, if I'm not mistaken, and then
11  restated by me and set forth in a minute order.
12       Mr. Fee has said defendant's non-impeachment exhibits
13  intended in the government's case in chief have been disclosed.
14       What more do you want?  It sounds like you're not
15  accepting "yes."  I don't know.
16       MR. RICHENTHAL:  If that's --
17       THE COURT:  There has been too much gamesmanship here.
18  And I want it to end now.  So, I understand where you may be a
19  little leery of the representation, but you have a firm
20  representation.
21       MR. RICHENTHAL:  I have a firm representation and I
22  accept it, and I'm very pleased to have that.
23       The only outstanding materials we are aware of, and we
24  don't know what we don't know, would be any additional
25  Rule 17(c) materials that the defense may have obtained and not

1   turned over.  They did turn over 17(c) material last week and
2   told us it was complete as of that date.  We asked can you turn
3   others over as you receive them, and we were told that was not
4   something they were willing to do.
5           THE COURT:  Mr. Fee.
6           MR. FEE:  They have everything.
7           THE COURT:  Everybody has to operate in good faith
8   here.  In a trial there are always things that come up that
9   need adjustment, but there has been a good faith basis for the
10  parties working together.  I am not sure I've seen that.
11          Mr. Fee.
12          MR. FEE:  They have everything, your Honor.
13          THE COURT:  Okay.  They have everything.
14          MR. RICHENTHAL:  As long as we have everything as it
15  comes in, meaning forward looking as well, that's great.
16  That's the thing they declined to commit to.
17          THE COURT:  Adam, as materials come in, you'll turn
18  them over, correct?
19          MR. FEE:  Yes, your Honor.
20          THE COURT:  Let's proceed.
21          Were the parties able to work out authenticity
22  stipulations?  Sir.
23          MR. MONTELEONI:  Your Honor, we've had a very
24  productive week in that regard.
25          THE COURT:  Have the parties been able to work out

1    stipulations in regard to authenticity?  Yes?  No?  In part?

2              MR. MONTELEONI:  In part.  And what I was trying to

3    say is that it has been very productive, and a large number

4    have been.  There are one or two outstanding items that still

5    could have a substantial impact on the length of trial.

6              THE COURT:  Continue working.

7              MR. MONTELEONI:  We are.

8              THE COURT:  What's the current estimate of the

9    government's case?  It was four to six.  Presumably it's still

10   the same.

11             MR. MONTELEONI:  Well, I think that if there had been

12   no progress on the stipulations, we would have said more like

13   five to seven.  It is now more like four to six.  Maybe

14   four-and-a-half to six-and-a-half.

15             THE COURT:  Thank you.  I think we'll proceed.

16             The jury department has their current estimate is --

17   we're about to find out when the panel will come up.  I'm told

18   they're on their way up.  It will take a while for my deputy to

19   call the names.  I want to make sure -- I'm sorry.  The

20   numbers.  I want to make sure they're sitting in the places

21   that they're called.

22             I'm going to step off the bench while that happens.

23   Thank you.

24             (Jury selection ensued)

25             (Adjourned to May 14, 2024, at 9:45 a.m.)