

November 18, 2024

*VIA ECF*

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:    *United States v. Robert Menendez, et al.,* S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

We represent Senator Robert Menendez in the above-referenced matter.  We write on behalf of all defendants to respectfully request a briefing schedule in connection with the government's November 13, 2024 (ECF No. 630) submission disclosing that the jury was provided versions of exhibits containing material that the Court ruled inadmissible, unfairly prejudicial, and violative of Senator Menendez's constitutional Speech or Debate rights (the "Unredacted Documents").  The government's letter, unsupported by any declaration from a competent witness, was an effort to prevent further inquiry and briefing into this matter but was based on a misleading recitation of the facts and misstatements of law.  Full supplemental briefing on this issue is required for several reasons.

*First*, the government's letter omits several critical pieces of information regarding the discovery of the tainted exhibits provided to the jury.  The government's letter does not state when the government first discovered that the Unredacted Documents had been provided to the jury.  The government only alerted defense counsel to the issue on November 13, 2024, approximately 15 minutes before the government filed its 11-page single-spaced letter.  Upon further inquiry from defense counsel, the government acknowledged that it discovered the error about two weeks earlier on October 31, 2024, but then sat on this information and failed to disclose it to defense counsel until it was ready to file its letter attempting to prevent further inquiry.  This is not the transparency and candor one would expect from prosecutors upon making this troubling discovery.  Defendants will therefore need several weeks—just as the government did—to prepare their submissions, which could have been avoided had the government timely disclosed its discovery.

*Second*, although unmentioned in the government letter, the prosecutors have now acknowledged—again, only after defense counsel's inquiry—that the prosecutors have not, even after the discovery of this issue, conducted a quality control check of the 3,000 government exhibits that the prosecutors assembled for the jury.  The government said it had "not conducted a document-by-document review of each file in our copy of the set of exhibits loaded onto the jury laptop" because, for undisclosed reasons, they "have no reason to think" any other

inadmissible exhibits were provided to the jury. That assumption is bewildering given the errors already acknowledged by the government. A fulsome review of the exhibits is now necessary. Defense counsel has asked the government to provide access to the set of exhibits loaded on to the jury laptop. We expect it will take at least one week to review the exhibits, document by document, to determine whether any other inadmissible exhibits were provided to the jury.[1]

*Third*, the government's effort to downplay its recent discovery raises more questions about the government's conduct than it answers. For example, with respect to the government's argument that defendants waived their right to object to the government's transmission of inadmissible exhibits to the jury, the government suggests that the burden was on defendants to catch the government's error. But it is simply untrue that defense counsel was provided the laptop for 48 hours to double check that each of the 3,000 exhibits the government loaded onto the jury's laptop contained the version of the exhibits admitted by the Court. That would have been an impossible task *within* 48 hours, let alone in the far fewer hours in which the defendants actually had access to the laptop.

In any event, the task at hand during the brief review period was to double check that the exhibit *numbers* contained on the laptop were in fact offered and admitted. No defendant conducted or was asked to conduct a line-by-line review of the tens of thousands of pages of exhibits on the laptop. Nor would any reasonable person expect such a review to be necessary – why would the government have loaded on the "jury laptop" any version of the exhibit *other than* the version the government actually offered and the Court actually admitted at trial? Indeed, the government necessarily acknowledges that even it did not conduct a document-by-document review of the laptop exhibits—if it had, then the inclusion of the Unredacted Exhibits could be deemed intentional.

Under these circumstances, there was neither a knowing and intentional waiver of Defendants' objections to inadmissible evidence being supplied to the jury nor the "explicit and unequivocal renunciation" of the privilege, as this Court has held is required to waive the protections of the Speech or Debate Clause. *See United States v. Menendez*, No. 23-CR-490 (SHS), 2024 WL 3014205, at *2 n.1 (S.D.N.Y. June 14, 2024) (quoting *United States v. Helstoski*, 442 U.S. 477, 49 (1979)). Any contrary rule would create perverse incentives for the government to load extra-record documents onto a laptop for the jury's review with impunity (or, at minimum, to limit efforts to control for errors in such materials provided to the jury) given that the failure of defendants to catch the government's misconduct would result in a waiver. That is not and

---

[1] The government has also acknowledged, only after defense counsel's inquiry, that it did not preserve the exhibits in the form provided to the jury. The government admitted that it has **erased** the laptop on which the exhibits were loaded and provided to the jury. The government has informed us that it conducted its review from what it has characterized as a copy of the data sent to the jury but not provided any detail concerning when or how that copy was created. Accordingly, Defendants will need to submit briefing on the consequences of this deletion, including whether it constitutes spoliation or other improper conduct.

cannot be the law, as the Second Circuit has long held.  *See United States v. Camporeale*, 515 F.2d 184, 188 (2d Cir. 1975) (finding *no waiver* of objection to extra-record evidence inadvertently provided to the jury – and ordering a new trial – where (as here) during trial, "[defendant's] counsel had put the court, prosecutor, and clerk on notice that [defendant] did not intend to waive objection to the jury's consideration" of such material).

Additionally, the government misstates the significance of the Unredacted Exhibits provided during jury deliberations.  While the government now claims that those documents could not "plausibly have affected the decision of any hypothetical average juror" (ECF No. 630 at 7), the government said exactly the ***opposite*** at trial when it argued vigorously in favor of the admission of this series of documents. The government told the Court that no "gratuity charge could ever be proven if Menendez were correct" that such evidence were barred, and that the documents the government sought to admit are "highly probative evidence of the corrupt understanding [Menendez's co-conspirators] shared with him" because the jury must be informed that Senator Menendez "was trusted to, and did, receive and respond to inquiries regarding U.S. military aid to Egypt." (ECF No. 421 at 3). Indeed, over and over, the government argued for admission of the Unredacted Exhibits and other similar documents, because it believed these documents were a critical chain in the link of evidence showing Senator Menendez's alleged corrupt intent and that he took direction from Egyptian officials.[2]  On this record, the Court must not merely accept the government's belated change-of-heart about the supposed lack of importance of the Unredacted Documents.

In short, the government's disclosure that the jury was given inadmissible evidence in violation of this Court's rulings on Senator Menendez's Speech or Debate rights is deeply troubling and requires further briefing.  Defendants therefore respectfully request that the Court permit Defendants to file opening briefs on this issue by November 27, with any government opposition due December 6, and any reply briefs due December 13.

Respectfully submitted,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*

---

[2] The government emphasizes that no party discussed these Unredacted Exhibits in summations, but that is no surprise, given that the portions of the documents which the government sought to admit and rely upon were *not*, in the end, admitted into evidence.  Of course, the parties did not discuss evidence that was *precluded* from being shown to the jury.