UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> -against- <br><br> ROBERT MENENDEZ et al., <br><br> Defendants. | Case No. S4 23-cr-490 (SHS) |

# DECLARATION OF AVI WEITZMAN IN SUPPORT OF SENATOR ROBERT MENENDEZ'S SUPPLEMENTAL MOTION FOR VACATUR AND A NEW TRIAL PURUSANT TO RULE 33

I, Avi Weitzman, declare as follows:

1. I am an attorney licensed to practice law before this Court. I am a Partner in the law firm of Paul Hastings LLP, counsel for Defendant Senator Robert Menendez in this matter. I make this Declaration in Support of Senator Robert Menendez's Supplemental Motion for Vacatur and a New Trial Pursuant to Rule 33. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. On July 10, 2024 at 5:39pm EST, a Department of Justice ("DOJ") paralegal sent via secure file transfer to myself and other counsel for Senator Menendez, Mr. Daibes, and Mr. Hana ("Defendants") the "full set of all GX we have marked as admitted." **Exhibit A** at 2-3. The DOJ paralegal also circulated an Excel spreadsheet containing a list of what the DOJ believed were the exhibits that had been admitted on behalf of the government and each defendant. *Id.*, **Exhibit B**. Defense counsel no longer has access to the exhibits circulated by the government on July 10, 2024, and the associated secure file transfer link has expired. We therefore cannot confirm whether these exhibits match the exhibits that the government claims were placed on the jury laptop.

1

3. On July 11, 2024 at 11:09am EST, a Paul Hastings associate replied to the DOJ paralegal informing her that counsel for Senator Menendez was continuing to review the government's exhibit list. **Exhibit A** at 2. Given the government's exhibit list contained over 2,800 exhibits, **Exhibit B**, counsel for Senator Menendez reviewed file names to determine whether any non-admitted exhibits were included in the set of exhibits to be provided to the jury ("Jury Exhibit Set").

4. During this time, defense counsel similarly collected and shared its set of admitted exhibits with the government for the government's review prior to their upload to the laptop containing the Jury Exhibit Set ("Jury Laptop"). Throughout the government's review of defense counsel's admitted exhibit sets, the government never suggested that it engaged in a line by line review to confirm the contents of each defense exhibit.

5. On July 11, 2024 at 5:12pm EST, the DOJ paralegal circulated an updated "final version of the Admitted Exhibit List that will be given to the jury." **Exhibits A** at 1-2; **Exhibit C**. The DOJ paralegal also asked whether there was "a time (later today, or tomorrow morning) where we can meet to review the laptop that goes to the jury." **Exhibit A** at 1. I understand that this is the first time counsel for Defendants were provided access to the Jury Laptop.

6. On July 11, 2024 at 7:31pm EST, a Paul Hastings associate asked the DOJ paralegal whether they could "meet in the morning around 9:30" to review the Jury Laptop. **Exhibit A** at 1. The parties had agreed to review the Jury Laptop together in the courthouse; at this time, counsel for Defendants were no longer in the courthouse and the Jury Laptop was in the prosecutors' possession.

7. I am informed that, on the morning of Friday, July 12, 2024, while Judge Stein read the jury charge to the jury, a Paul Hastings associate reviewed the Jury Laptop in the unused jury

room across from Judge Stein's courtroom in the presence of two DOJ paralegals. The associate spent approximately two and a half hours reviewing the contents of the Jury Laptop, checking the file names contained in the Jury Laptop against the file names contained in the parties' agreed-upon admitted exhibit list to confirm that only those exhibits that had been admitted were loaded onto the Jury Laptop. The associate conducted a spot check of the government exhibits by reviewing the contents of a select number of exhibits loaded onto the Jury Laptop. Because the laptop contained more than 2,800 admitted government exhibits, the Paul Hastings associate did not have time to review the contents of all the exhibits on the Jury Laptop to confirm that they accurately matched the contents of the admitted exhibits. Instead, defense counsel relied on the government to provide an accurate copy of the admitted government exhibits.

8. The jury received the Jury Laptop on July 12, 2024 at approximately 2:00 pm EST, approximately four and a half hours after counsel for Senator Menendez first gained access to the Jury Laptop. Trial Tr. at 7164:3-8.

9. On November 13, 2024 at 1:47pm EST, one of the prosecutors informed defense counsel via e-mail that "incorrect versions of certain Government Exhibits" were loaded onto the Jury Laptop. **Exhibit D**. At 1:58pm EST, 11 minutes after receiving this email, the government filed an 11-page, single spaced letter with the Court. Defense counsel subsequently asked the prosecutors, via e-mail, when they had learned of the contamination of the Jury Laptop with unadmitted exhibits, and whether the prosecutors had conducted a further review of the Jury Laptop to confirm that "no other improper exhibits were erroneously provided to the jury." **Exhibit E** at 1-2. In response, the prosecutor informed defense counsel that (1) the prosecutors had learned of the error on October 31, 2024, nearly two weeks before informing defense counsel; and (2) they "have not identified any other exhibits on the jury laptop as containing extraneous

material" and "have not conducted a document-by-document review of each file in our copy of the set of exhibits loaded onto the jury laptop." *Id.* at 1. The prosecutor further informed defense counsel that "the data is no longer on the laptop itself." *Id.* The prosecutor has not explained when, why, or how the data was wiped from the Jury Laptop, and at who's instructions the data was deleted.

10.     Attached hereto as **Exhibit F** is a true and correct excerpted copy of the admitted version of GX 1302.

11.     On November 15, 2024, a DOJ prosecutor shared with defense counsel via USAfx secure file transfer a copy of the exhibits that the government claims was uploaded to the Jury Laptop. As noted above, the government had earlier confirmed that it no longer has the actual Jury Laptop with the Jury Exhibits, as that Laptop had been wiped at some unidentified point in time.

12.     Defense counsel compared the Jury Exhibits against the set of exhibits admitted during trial, which defense counsel maintained and preserved following the conclusion of the trial.

13.     During defense counsel's review in the period following the government's disclosure of its erroneous provision of the unredacted exhibits to the jury, defense counsel identified at least two additional Jury Exhibits that deviated from the admitted versions.

14.     Attached hereto as **Exhibit G-1** is a true and correct copy of the admitted version of GX C207-10 bearing redactions over certain Arabic text on pages SDNY_00012146 and SDNY_00012147. A DOJ prosecutor sent to Defendants' eDiscovery vendor the admitted version of GX C207-10 on May 18, 2024.

15.     Attached hereto as **Exhibit G-2** is a true and correct copy of the version of GX C207-10 loaded onto the Jury Laptop. This version did not redact the Arabic text. Based on a

review of Google Translate, I understand the Arabic text of this exhibit states: "Washington or New Jersey?"

16.     Attached hereto as **Exhibit H-1** is a true and correct copy of the admitted version of GX 3D-1 redacting the word "Hitler" from a text on page DAIBES_045519. A DOJ prosecutor circulated the admitted version of GX 3D-1 (referred to as a "replacement" version) to defense counsel on July 6, 2024 at 8:06pm EST. Defense counsel's eDiscovery vendor confirmed receipt of this replacement version a few hours later. A true and correct copy of the aforementioned correspondence is attached hereto as **Exhibit I.**

17.     Attached hereto as **Exhibit H-2** is a true and correct copy of the version of GX 3D-1 loaded onto the Jury Laptop. That version of the exhibit that was provided to the jury did not redact Daibes's use of the word "Hitler."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this Declaration on November 27, 2024.

By: */s/ Avi Weitzman*
     Avi Weitzman