# PAUL HASTINGS

*Handwritten annotation:* 12/30/24 Request to adjourn Mr. Menendez's sentencing date is denied. So ordered. Sidney H. Stein, U.S.D.J.

December 26, 2024

**_VIA ECF_**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *United States v. Robert Menendez, et al.,* S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write on behalf of Senator Menendez, with his wife Nadine's consent, to respectfully request a brief adjournment of Senator Menendez's January 29, 2025 sentencing date. As you know, Nadine's trial is scheduled to commence eight days earlier, on January 21, 2025. We make this request both to permit Senator Menendez to be present without distraction throughout the trial for his wife's emotional and physical support, and to avoid inevitable, inflammatory, and unfairly prejudicial press coverage of Senator Menendez's sentencing in the midst of Nadine's upcoming trial. This is Senator Menendez's first request for an adjournment of his sentencing.[1]

It is inevitable that Senator Menendez's sentencing will be covered by every major (and minor) news organization, with particularly intense focus among media in New York and New Jersey. To require his sentencing to proceed *during* Nadine's trial would pose an incurable risk of prejudice to Nadine. In the modern age of social media and wall-to-wall news coverage, it is simply not realistic to expect that the jurors — even if instructed to avoid media coverage of the case or "related cases" — could miss the news of a sentence actually being imposed on Nadine's husband and co-defendant. Put simply, the current timeline poses an unnecessary and overwhelming risk of poisoning the proceedings against Nadine.

---

[1] We requested the government's consent to this request, but the government consented only to moving up the sentencing to a date before Nadine's trial and objected to any delay to the sentencing. This is obviously tactical and not based on principled consideration of the interests of justice. Given many days of inefficient, trial-lengthening summary witness presentation during the government's case in chief, as the Court acknowledged (Trial Tr. 3540-42), expediency was not a value the government previously elevated above the interests of justice. And in light of the newfound disclosures of the provision to the jury of extra-record evidence that violated the Senator's Speech or Debate rights, ensuring that justice is done in a principled, unbiased, and transparent manner is a goal equally worthy of the government's consideration.

The only solution that avoids this risk is to adjourn the Senator's sentencing to a date immediately after Nadine's trial concludes. It would not cure the risk of prejudice to move the Senator's sentencing *earlier* to precede Nadine's trial, as the government has suggested in discussions with the defense. First, the defense will not be ready to proceed earlier than January 21. And second, a sentencing on the near-eve of Nadine's trial would pose the very same risk of tainting the jury through an onslaught of media coverage focusing on Senator Menendez's conviction and sentencing in this case.

Given Nadine's medical situation, Senator Menendez often tends to his wife's physical and emotional needs. Sentencing him during his wife's trial will of course take a tremendous emotional toll on both Senator Menendez and his family. We submit that the need for our system to reflect compassion for those charged and convicted of crimes weighs in favor of adjourning the Senator's sentencing until after Nadine's trial concludes. Senator Menendez has been convicted, but he is still a man deserving of decency and kindness. To ask him to face sentencing *during* the criminal trial of his wife, who is also in the midst of an ongoing battle against a life-threatening disease, is too much to ask of any man.

The requested adjournment would not prejudice the government or be contrary to the public interest. The government will be able to present all the very same arguments during a sentencing proceeding involving the Senator that occurs within days of the conclusion of Nadine's trial – likely in March 2025. And the length between conviction and sentencing should the adjournment be granted would be approximately six months — far from unusual for a case of this complexity, let alone one where the intervening months involved a trial of the defendant's *spouse* on related charges. And the public interest is *served* by mitigating the risk of unfair prejudice to criminal defendants, which very well could result in a mistrial.

Nadine Menendez's counsel, Barry Coburn, has authorized us to state that he shares the concern set forth in this letter concerning prejudice to his client relating to the timing of Mr. Menendez's sentencing. He will write separately to the Court about this issue after this letter is filed.

We submit that the fair and appropriate response to these unique circumstances is to adjourn the current sentencing date to the earliest available date following the conclusion of Nadine's trial.

Very truly yours,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*