UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x

UNITED STATES OF AMERICA

- v. -

ROBERT MENENDEZ,

        Defendant.

------------------------------- x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S4 23 Cr. 490 (SHS)

WHEREAS, on or about March 5, 2024, ROBERT MENENDEZ, (the "Defendant"), among others, was charged in sixteen counts of an eighteen-count Superseding Indictment, S4 23 Cr. 490 (SHS), (the "Indictment"), with conspiracy to commit bribery, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit honest services fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); conspiracy to commit extortion under color of official right, in violation of Title 18, United States Code, Section 1951 (Count Three); conspiracy to commit obstruction of justice, in violation of Title 18, United States Code, Section 371 (Counts Four and Seventeen); bribery, in violation of Title 18, United States Code, Sections 201(b)(2)(A) and (C), and 2 (Counts Five and Eleven); honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 2 (Counts Seven, Nine and Thirteen); extortion under color of official right, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Eight, Ten and Fourteen); conspiracy for a public official to act as a foreign agent, in violation of Title 18, United States Code, Section 371 (Count Fifteen); public official acting as foreign agent, in violation of Title 18, United States Code, Sections 219 and 2 (Count Sixteen); and obstruction of justice, in violation of Title 18, United States Code, Sections 1503 and 2 (Count Eighteen);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and Eighteen of the Indictment seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and/or Eighteen of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and/or Eighteen of the Indictment that the Defendant personally obtained and, *inter alia*, the following specific property:

a. The residence of Menendez and Nadine Menendez in Englewood Cliffs, New Jersey (the "Englewood Cliffs Premises");

b. A 2019 Mercedes-Benz-C-Class C300 automobile, vehicle identification number WDDWK8EB7KF873859 (the "Mercedes");

c. A sum of $486,461 in United States currency seized from the Englewood Cliffs Premises on or about June 16, 2022;

d. A sum of $79,760 in U.S. currency seized from safe deposit box no.13 at Chase bank located at 50 Grand Avenue, Englewood, New Jersey 07631 (the "Safe Deposit Box") on or about June 16, 2022;

e. Two one-kilogram gold bars seized from the Englewood Cliffs Premises on or about June 16, 2022 (the "Kilogram Bars");

f. Eleven one-ounce gold bars seized from Englewood Cliffs Premises on or about June 16, 2022 (the "One Ounce Bars"); and

g. A Vision Fitness Elliptical (the "Elliptical");

2

WHEREAS, on or about July 16, 2024, following a jury trial, the Defendant was found guilty of Counts One through Five, Seven through Eleven, and Thirteen through Eighteen of the Indictment;

WHEREAS, the Government asserts that $922,188.10 in United States currency represents property constituting, or derived from proceeds traceable to the commission of the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and Eighteen of the Indictment that the Defendant personally obtained, for which the Defendant is joint and severally liable with co-defendant Nadine Menendez, to the extent a forfeiture money judgment is entered against her in this case;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $922,188.10 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and Eighteen of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title and interest in the following property which constitutes proceeds traceable to the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and/or Eighteen of the Indictment, that the Defendant personally obtained:

    a.    The Mercedes;

    b.    The following seized currency from the Englewood Cliffs Premises on June 16, 2022:

        i.    $10,000 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B28 and 1B73;

3

ii. $9,100 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B34 and 1B78;

iii. $7,400 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B35 and 1B79;

iv. $5,300 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B49 and 1B84;

v. $9,500 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B44 and 1B86;

vi. $10,000 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B58 and 1B88;

vii. $1,200 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B64 and 1B90;

viii. $7,500 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B19 and 1B70;

ix. $700 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B64 and 1B90;

x. $1,350 in U.S. currency seized from an envelope and logged into the FBI's Evidence Management System under numbers 1B64 and 1B90;

xi. $95,000 in U.S. currency seized from a yellow plastic bag and logged into the FBI's Evidence Management System under number 1B43;

xii. $100,000 in U.S. currency seized from a paper bag and logged into the FBI's Evidence Management System under number 1B37;

4

  xiii. $5,350 in U.S. currency located in a right red shoe in the basement and logged into the FBI's Evidence Management System under number 1B23;

  xiv. $20,000 in U.S. currency seized located in a left red shoe in the basement and logged into the FBI's Evidence Management System under number 1B26;

  xv. $7,000 in U.S. currency located in a left brown boot in the basement and logged into the FBI's Evidence Management System under number 1B72 and 1B22;

  xvi. $11,000 in U.S. currency seized from a manila envelope and logged into the FBI's Evidence Management System under numbers 1B28 and 1B73;

  xvii. $6,000 in U.S. currency seized from an envelope found in a black leather jacket and logged into the FBI's Evidence Management System under numbers 1B29 and 1B74; and

  xviii. $4,300 in U.S. currency seized from an envelope located in a Congressional Hispanic Caucus jacket in the basement and logged into the FBI's Evidence Management System under numbers 1B30 and 1B75.

 c. The following currency seized from the Safe Deposit Box:

  i. $30,000 in U.S. currency seized from envelopes and logged into the FBI's Evidence Management System under numbers 1B13 and 1B94; and

  ii. $44,200 in U.S. currency seized from envelopes and logged into the FBI's Evidence Management System under numbers 1B13 and 1B94.

 d. The Kilogram Bars, more particularly described as follows:

  i. A one-kilogram Swiss Bank gold bar bearing serial number 590005; and

  ii. A one-kilogram Metaux Precieux SA Metalor gold bar bearing serial number 890581.

 e. The One Ounce Bars, more particularly described as follows:

  i. A one-ounce Asahi gold bar bearing serial number A124806;

      ii.    A one-ounce Asahi gold bar bearing serial number A124824;

      iii.   A one-ounce Credit Suisse gold bar bearing serial number 162424;

      iv.   A one-ounce Credit Suisse gold bar bearing serial number 938081;

      v.    A one-ounce Valcambi Suisse gold bar bearing serial number AA143952;

      vi.   A one-ounce Valcambi Suisse gold bar bearing serial number AA143957;

      vii.  A one-ounce Valcambi Suisse gold bar bearing serial number AA143959;

      viii. A one-ounce Valcambi Suisse gold bar bearing serial number AA143961;

      ix.   A one-ounce Valcambi Suisse gold bar bearing serial number AA143962;

      x.    A one-ounce Valcambi Suisse gold bar bearing serial number AA143963; and

      xi.   A one-ounce Valcambi Suisse gold bar bearing serial number AA143974

      xii.  A one-ounce Asahi gold bar bearing serial number A124818;

      xiii. A one-ounce Asahi gold bar bearing serial number A124819;

      xiv. A one-ounce Asahi gold bar bearing serial number A124820;

      xv.  A one-ounce Asahi gold bar bearing serial number A124825; and

      xvi. A one-ounce Asahi gold bar bearing serial number A125992.

f.    The Elliptical, more particularly described as: One Vision Fitness S7100HRT Suspension Trainer; and

g.    One Blueair Classic 605 air purifier;

(a. through g., collectively, the "Specific Property"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and Eighteen of the Indictment, of which the Defendant was found guilty, a money judgment in the amount of $922,188.10 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and Eighteen of the Indictment that the Defendant personally obtained for which the Defendant is jointly and severally liable with co-defendant Nadine Menendez, to the extent a forfeiture money judgment is entered against her in this case, shall be entered against the Defendant.

2.  As a result of the offenses charged in Counts One through Five, Seven through Eleven, Thirteen, Fourteen, Seventeen, and Eighteen of the Indictment, of which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant, ROBERT MENENDEZ, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

9

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

January 29, 2025
DATE